WILLIAM E. KOVACIC
General Counsel

BARBARA ANTHONY
Director, Northeast Region

CAROLE A. PAYNTER
ELVIA P. GASTELO
Federal Trade Commission
One Bowling Green, Suite 318
New York, New York 10004
(212) 607-2813; 2811
Attorneys for Plaintiff

*FILED IN CLERKS OFFICE*

*2004 NOV -2 P 1:57*

*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

RECEIPT #
AMOUNT $_____ N/A
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____ 11-2-04

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br><br>Plaintiff, )<br><br>v. )<br><br>BETTER BUDGET FINANCIAL SERVICES, INC., )<br>JOHN COLON, JR., and JULIE FABRIZIO-COLON, )<br><br>Defendants. ) | CIVIL ACTION NO.<br><br>**04  12326 WGY**<br><br>MAGISTRATE JUDGE *Cohen* |

### COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF

Plaintiff, the Federal Trade Commission ("FTC" or "the Commission"), for its complaint alleges:

1.     The FTC brings this action under Sections 5(a) and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 53(b), to obtain preliminary and permanent injunctive relief, rescission or reformation of contracts, restitution, disgorgement, appointment of a receiver, and other equitable relief for defendants' violations of Section 5(a) of the FTC Act, 15

U.S.C. § 45(a).

## JURISDICTION AND VENUE

2.      Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §§ 45(a),

53(b), and 28 U.S.C. §§ 1331, 1337(a) and 1345.

3.      Venue in the United States District Court for the District of Massachusetts is

proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

4.      **Plaintiff Federal Trade Commission** ("Commission" or "FTC"), is an

independent agency of the United States Government created by statute.  15 U.S.C. §§ 41 *et seq.*

The Commission enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair

or deceptive acts or practices in or affecting commerce.  The Commission may initiate federal

district court proceedings by its own attorneys to enjoin violations of the FTC Act and to secure

such equitable relief as is appropriate in each case, including restitution for injured consumers.

15 U.S.C. § 53(b).

5.      **Defendant Better Budget Financial Services, Inc.,** ("BBFS") is a Massachusetts

for-profit corporation.  BBFS has offices at  800 Cummings Center, Suite 152R, Beverly MA

01915.  BBFS  transacts or has transacted business in the District of Massachusetts and

throughout the United States.

6.      **Defendant John Colon, Jr.**  ("Colon") is the President of BBFS.  At all times

material to this complaint, acting alone or in concert with others, he has formulated, directed,

controlled, or participated in the acts and practices of BBFS, including the acts and practices set

forth in this complaint.  Colon transacts or has transacted business in the District of

Massachusetts and throughout the United States.

7. **Defendant Julie Fabrizio-Colon** ("Fabrizio-Colon") is the Treasurer, Clerk and a Director of BBFS. At all times material to this complaint, acting alone or in concert with others, she has formulated, directed, controlled, or participated in the acts and practices of BBFS, including the acts and practices set forth in this complaint. Fabrizio-Colon transacts or has transacted business in the District of Massachusetts and throughout the United States.

## COMMERCE

8. At all times relevant to this complaint, defendants have maintained a substantial course of business in the advertising, marketing, promoting, offering for sale and sale of debt negotiation services, in or affecting commerce, including the acts and practices alleged herein, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

9. Since at least August 2000, and continuing thereafter, defendants have offered debt negotiation services to consumers throughout the United States. Defendants have promoted their services to prospective purchasers through a variety of means, including their own Internet web sites, unsolicited e-mail, and Internet advertising.

10. Defendants promote BBFS's debt negotiation services on their Internet websites at www.betterbudget.net and www.termidebt.net. Defendants' websites encourage consumers to request a free analysis of their financial situation or to call the defendants' toll-free numbers to learn more about their debt negotiation services. On their websites and in the course of sales conversations, defendants tell consumers that defendants can negotiate with the consumer's creditors to reduce the amount of the consumer's debt by as much as 50% to 70%.

11.     Consumers who call defendants' toll-free telephone numbers are connected to defendants' telemarketers who represent to consumers that, in exchange for a non-refundable retainer fee, a monthly administrative fee of $29.95 or $39.95, and 25% of any savings realized by a settlement, defendants will negotiate with all of the consumers' unsecured creditors. Defendants do not reveal to consumers that the total amount of the fees to be paid to defendants typically amounts to hundreds and, sometimes, even thousands of dollars.

12.     According to defendants' telemarketers, through defendants' negotiating efforts with creditors, consumers will reduce the amount of the debt they owe to creditors by between 50% and 70%, will pay off their debts in a shortened period of time, and will ultimately improve consumers' financial status.

13.     Consumers who agree to purchase defendants' services are told to identify all of their unsecured creditors and the total amount of their debt along with their income.  Defendants then tell consumers that defendants will calculate an amount that consumers can afford to pay their creditors.  Consumers are required to deposit this amount monthly into a special bank account that they will establish, from which defendants will debit the monthly administrative fee, and leave the remainder available to ultimately pay the consumers' accounts with their creditors.

14.     Defendants tell the consumer that, once the consumer accumulates enough money to settle 50% of the account, the defendants will begin negotiating with the consumer's creditors in order to settle the account.  This process of the consumer accumulating money in a bank account rather than paying his creditors, and defendants then negotiating with the consumer's creditors when funds become available, is supposed to be repeated until all of the consumer's creditors have settled their accounts.

15.     During the sales conversation, consumers are instructed to immediately stop making any payments to their unsecured creditors. Defendants represent that by failing to fulfill their financial obligations to their creditors, consumers will be considered to be in a "hardship" condition, and only at that point will defendants be able to negotiate with consumers' creditors.

16.     Consumers are also instructed to sign power of attorney forms that defendants represent will enable defendants to contact all of the consumer's creditors and inform them that defendants represent the consumer and that the creditors and debt collectors should cease all contact with the consumer. Defendants represent that this practice will immediately halt all calls the consumers may have been receiving from their creditors or debt collectors. Defendants tell consumers to refuse to speak with any creditors who might attempt to contact them.

17.     Defendants represent to consumers that negative information may appear on the consumer's credit report while they are working with defendants, but that the negative information is temporary and will be removed at the conclusion of the program, when defendants will refer the consumer to a credit repair organization.

18.     In reality, many of defendants' representations are false. Contrary to the representations that consumers' debts will be paid off in a shortened time at a reduced level and that consumers' financial situations will be improved, in numerous instances, consumers who have retained defendants' services, have, in fact, increased the amount of their debt by incurring late fees, finance charges and overdraft charges, causing their financial situation to worsen. In many cases, as a result of using defendants' services, consumers' credit reports include significant negative information such as late payments, charge-offs, collections and garnishments, all of which may appear on consumers' credit reports for a period of up to seven

years.

19.     In numerous instances, defendants have failed to contact consumers' creditors or debt collectors, and consumers have continued to be contacted by creditors and debt collectors about their debts.

20.     Typically, defendants fail to negotiate settlement with the consumers' creditors despite the fact that consumers have sufficient funds set aside to pay any settlement amount. When consumers contact defendants to let defendants know that their account has sufficient funds available, defendants still do not contact the consumers' creditors to negotiate a settlement.

21.     Often, the failure of consumers to make payments on their debts has resulted in litigation by the creditor or debt collection agency against the consumer.  In numerous instances, the litigation against the consumer by the creditor or debt collection agency has resulted in the consumer paying the cost of litigation plus a settlement fee to the defendants.  Many consumers who have retained defendants' services for the purpose of improving their financial situation have experienced such a substantial increase in their debt that they have filed for protection under the bankruptcy laws.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

22.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits unfair or deceptive acts and practices in or affecting commerce.

## COUNT I

23.     In numerous instances in the course of advertising, marketing, promoting, offering for sale and sale of their debt negotiation services, defendants or their employees or agents have represented, expressly or by implication, that actions taken by them, on behalf of consumers who

purchase their services, will enable consumers to pay off all of their unsecured debts for a reduced amount.

24.     In truth and in fact, in numerous instances, after retaining defendants' services, consumers are unable to pay off all of their unsecured debts for a reduced amount.

25.     Therefore, defendants' representation as set forth in Paragraph 22 is false and misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT II

26.     In numerous instances, in the course of advertising, marketing, promoting, offering for sale and sale of their debt negotiation services, defendants or their employees or agents have represented, expressly or by implication, that defendants will settle each creditor's account once the consumer accumulates one-half of the amount owed to the creditor.

27.     In truth and in fact, in numerous instances, defendants do not settle each creditor's account once the consumer accumulates one-half of the amount owed to the creditor.

28.     Therefore, defendants' representation as set forth in Paragraph 25 is false and misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S. C. § 45(a).

## COUNT III

29.     In numerous instances, in the course of advertising, marketing, promoting, offering for sale and sale of their debt negotiation services, defendants or their employees or agents have represented, expressly or by implication, that defendants will contact all of a consumer's unsecured creditors on the consumer's behalf to ensure that creditors do not call or

harass consumers about their payments that may be overdue.

30.    In truth and in fact, in numerous instances, after retaining defendants' services, defendants contact few, if any, of the consumer's unsecured creditors on the consumer's behalf to ensure that creditors do not call or harass consumers about their payments that may be overdue.

31.    Therefore, defendants' representation as set forth in Paragraph 28 is false and misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S. C. § 45(a).

## CONSUMER INJURY

32.    Consumers in many areas of the United States have suffered as a result of defendants' unlawful acts or practices.  Absent injunctive relief by this Court, defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

33.    Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary relief, including consumer redress, disgorgement, and restitution, to prevent and remedy any violations of any provision of law enforced by the Commission.

34.    This Court, in the exercise of its equitable jurisdiction, may award ancillary relief to remedy injury caused by the Defendants' law violations.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Federal Trade Commission pursuant to Section 13(b) of the FTC Act, 15 U.S.C. §53(b) and the Court's own equitable powers, requests that the Court:

a.    Award plaintiff such preliminary injunctive and ancillary relief, as may be
       necessary to avert the likelihood of consumer injury during the pendency of this

Page 8 of 9

action and to preserve the possibility of effective final relief;

b.    Permanently enjoin the defendants from violating the FTC Act as alleged herein;

c.    Award such relief as the Court finds necessary to redress injury to consumers

resulting from the defendants' violations of the FTC Act including, but not limited

to, the rescission or reformation of contracts, the refund of monies paid, and the

disgorgement of ill-gotten gains, and

d.    Award plaintiff the costs of bringing this action, as well as such other and

additional relief as the Court may determine to be just and proper.

Dated: November 1 , 2004

Respectfully submitted,

WILLIAM E. KOVACIC
General Counsel

BARBARA ANTHONY
Regional Director

Carole A. Paynter
Elvia Gastelo
Attorneys for Plaintiff
Federal Trade Commission
One Bowling Green, Suite 318
New York, New York 10004
(212) 607-2813 (phone)
(212) 607-2811 (phone)
(212) 607-2822 (facsimile)