advice or services, including but not limited to preparation of tax returns and investment advice, since January 1, 2001, and (2) the name, address and telephone number for each accountant, financial planner, investment advisor, stockbroker or other individual, corporation or partnership who was hired on behalf of the Defendants since January 1, 2001.

### XIII. RECORD KEEPING/BUSINESS OPERATIONS

**IT IS FURTHER ORDERED** that the Defendants are hereby temporarily restrained and enjoined from:

A.    Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of money;

B.    Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any contracts, accounting data, correspondence, advertisements, computer tapes, discs, or other computerized records, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and other documents or records of any kind that relate to the business practices or business or personal finances of the Defendants; and

C.    Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing counsel for the Commission with a written

19

statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities.

## XIV. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that the Defendants shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, agent, attorney, and representative of the Defendants and shall, within five (5) calendar days from the date of entry of this Order, provide counsel for the Commission and the Temporary Receiver with a sworn statement that each Defendant has complied with this provision of the Order, which statement shall include the names and addresses of each such person or entity who received a copy of the Order. The Temporary Receiver has no obligation under this Paragraph.

## XV. APPOINTMENT OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that _____, whose address is _____, is appointed Temporary Receiver for the Receivership Defendant, with the full power of an equity receiver for the Receivership Defendant, and all of the funds, properties, premises, accounts, and other assets directly owned by the Receivership Defendant. The Temporary Receiver shall be solely the agent of this Court in acting as Temporary Receiver under this Order. The Temporary Receiver shall be accountable directly to this Court. The Temporary Receiver shall comply with all Local Rules of this Court governing receivers.

20

## XVI. RECEIVERSHIP DUTIES AND AUTHORITY

**IT IS FURTHER ORDERED** that the Temporary Receiver is directed and authorized to accomplish the following:

A.    Assume full control of the Receivership Defendant by removing, as the Temporary Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendant, including any Defendant, from control of, management of, or participation in, the affairs of the business of the Receivership Defendant and manage and administer the business of the Receivership Defendant until such further Order of this Court by performing all incidental acts that the Temporary Receiver deems to be advisable or necessary, which includes retaining or hiring any employees, independent contractors or agents;

B.    Collect, marshal, and take exclusive custody, control and possession of all funds, property, books and records, accounts, mail, and other assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated, including but not limited to: 800 Cummings Center, Suites 152R and 260T, Beverly MA 01915 and 434 Rantoul Street, Beverly MA 01915. The Temporary Receiver's authority to collect any and all mail relating to the affairs of the Receivership Defendants in the possession, custody, or under the control of, the Defendants, shall extend to mail in the possession of any third parties. The Temporary Receiver shall have full power to change mailing addresses of the Receivership Defendants. The Temporary Receiver shall have

21

full power to change any locks on any real or personal property of the

Receivership Defendants. The Temporary Receiver shall have full power to divert

mail, sue for, collect, receive and take possession of all goods, chattels, rights,

credits, moneys, effects, land, leases, books, records, work papers, and records of

accounts, including computer-maintained information, and other papers and

documents of the Receivership Defendants, including documents related to

customers or clients whose interest are now held by or under the direction,

possession, custody or control of the Defendants or under the control of any third

party for the benefit of the Defendants. The Temporary Receiver shall assume

control over the income and profits therefrom and all sums of money now or

hereafter due or owing to the Receivership Defendants. *Provided, however,* the

Temporary Receiver shall not attempt to collect any amount from a consumer if

the Temporary Receiver believes the consumer was a victim of the deceptive acts

or practices alleged in the Complaint in this matter, without prior Court approval;

C.    Take all steps necessary to secure the business premises of the Receivership

Defendants, including but not limited to all such premises located at 800

Cummings Center, Suites 152R and 260, Beverly MA 01915 and 434 Rantoul

Street, Beverly MA 01915. Such steps may include, but are not limited to, the

following, as the Temporary Receiver deems necessary or advisable: (1) serving

and filing this Order; (2) completing a written inventory of all Receivership

assets; (3) obtaining pertinent information from all employees and other agents of

the Receivership Defendants, including, but not limited to, the name, home

22

address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing or videotaping all portions of the Receivership Defendants' business premises; (5) securing the Receivership Defendants' business premises by changing the locks on any real or personal property of the Receivership Defendants; (6) disconnecting any computer modems or other means of access to the computer or other records maintained at the Receivership Defendants' business premises; (7) requiring any persons present on the Receivership Defendants' business premises at the time this Order is served to vacate the premises, to provide the Temporary Receiver with proof of identification, or to demonstrate to the satisfaction of the Temporary Receiver that such persons are not removing from the premises documents or assets of the Defendants.  Law enforcement personnel, including but not limited to, local police or sheriffs, may assist the Temporary Receiver in implementing these provisions in order to keep the peace and maintain security;

D.    Conserve, hold, and manage all Receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Defendants, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets;

E.    Enter into contracts and purchase insurance as advisable or necessary, including, but not limited to, (1) the retention and employment of investigators, attorneys or

23

accountants of the Temporary Receiver's choice, including, without limitation, members and employees of the Temporary Receiver's firm, to assist, advise and represent the Temporary Receiver, and (2) the movement and storage of any equipment, furniture, records, files, or other physical property of the Defendants;

F.  Prevent the inequitable distribution of the Receivership assets, and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Defendants;

G.  Have the *sole* legal authority to hire legal counsel on behalf of the Receivership Defendants;

H.  Make payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Temporary Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by any Receivership Defendant prior to the date of entry of this Order, except payments that the Temporary Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments;

I.  Institute, prosecute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that the Temporary Receiver deems necessary and advisable to preserve or recover the assets of the Defendants or that the Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's mandate under this Order;

24

J.    Defend, compromise, adjust, or otherwise dispose of any or all actions or

proceedings instituted in the past or in the future against the Temporary Receiver

in his role as Temporary Receiver, or against the Defendants that the Receiver

deems necessary and advisable to preserve the assets of the Receivership

Defendants or that the Temporary Receiver deems necessary and advisable to

carry out the Temporary Receiver's mandate under this Order;

K.    Issue subpoenas to obtain documents and records pertaining to the Receivership,

and conduct discovery in this action on behalf of the Receivership estate;

L.    Open one or more bank accounts as designated depositories for funds of the

Receivership Defendants.  The Temporary Receiver shall deposit all funds of the

Receivership Defendants in such a designated account and shall make all

payments and disbursements from the Receivership estate from such an account;

M.    Maintain accurate records of all receipts and expenditures that he makes as

Temporary Receiver;

N.    Cooperate with reasonable requests for information or assistance from any state or

federal law enforcement agency; and

O.    Have the *sole* legal authority to file, or cause to be filed, any petition on behalf of

the Receivership Defendants for relief under the United States Bankruptcy Code,

11 U.S.C. § 101 *et seq.*, and only with prior written permission from this Court

after notice to counsel for the Commission.

P.    Prepare and submit a Report to this Court and to the parties, not less than three (3)

days prior to the scheduled Preliminary Injunction Hearing, describing the

25

Receiver's activities in connection with carrying out the Receiver's obligations and responsibilities under the Order, the Receivership Defendants' business activities, sales volume and/or number of purchasers, and assets and liabilities, to the extent such information is known to or has been provided to the Receiver, and any other information the Receiver believes is relevant to the Court.

## XVII. COOPERATION WITH THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Defendants shall fully cooperate with and assist the Temporary Receiver. The Defendants' cooperation and assistance shall include, but not be limited to, providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercising the authority and discharging the responsibilities of the Temporary Receiver under this Order; providing any password or entry code required to access any computer or electronic files of the Defendants in any medium; or advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Temporary Receiver. The Defendants are hereby restrained and enjoined from directly or indirectly:

A.    Transacting any of the business of the Receivership Defendants;

B.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Defendants, including, but not limited to, books, records, accounts, or any other papers of any kind or nature;

C.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Defendants or the Temporary Receiver;

26

D.    Excusing debts owed to the Defendants;

E.    Failing to notify the Temporary Receiver of any asset, including accounts, of a Receivership Defendant held in any name other than the name of the Receivership Defendant, or by any person or entity other than the Receivership Defendant, or failing to provide any assistance or information requested by the Temporary Receiver in connection with obtaining possession, custody, or control of such assets; or

F.    Doing any act or refraining from any act whatsoever to interfere with the Temporary Receiver taking custody, control, possession, or managing of Receivership Defendants' assets or documents; or to harass or interfere with the Temporary Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Temporary Receiver or the Temporary Receiver's duly authorized agents in the exercise of their duties or authority under this Order, including but not limited to the preparation of the lists, schedules and statements required by Fed. R. Bankr. P. 1007 in any bankruptcy case commenced by the Temporary Receiver on behalf of the Receivership Defendants, without first obtaining leave of this Court.

## XVIII. DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that:

A.    Immediately upon service of this Order upon them, or within a period permitted by the Temporary Receiver, the Defendants and any other person or entity served

27

with a copy of this Order shall forthwith or within such time as permitted by the Temporary Receiver in writing, transfer or deliver possession, custody, and control of the following to the Temporary Receiver:

1.    All assets, all property, owned beneficially or otherwise, wherever situated, of the Receivership Defendants;

2.    All documents of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

3.    All assets belonging to members of the public now held by the Receivership Defendants;

4.    All keys, computer passwords, entry codes and combination locks necessary to gain or to secure access to any assets or documents of the Receivership Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property;

5.    Information identifying the accounts, employees, properties or other assets or obligations of the Receivership Defendants.

B.    In the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Paragraph, the Temporary Receiver may file an Affidavit of Non-Compliance regarding such failure. Upon filing of the affidavit, the Court may

authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Temporary Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county (pursuant to Federal Rule of Civil Procedure 4(c)(2)) to seize the asset, document, or other thing and to deliver it to the Temporary Receiver.

## XIX. TRANSFER OF FUNDS TO THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, or other financial institutions shall cooperate with all reasonable requests of the Temporary Receiver relating to implementation of this Order, including transferring funds at his direction and producing records related to the assets of the Receivership Defendant.

## XX. STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

A.     Except by leave of this Court, during the pendency of the Receivership ordered herein, the Defendants and all vendors, principals, investors, creditors, stockholders, lessors, and all other persons and entities seeking to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, any of the Defendants, and all others acting for or on behalf of such persons, including attorneys, trustees, agents, sheriffs, constables, marshals, and other officers and their deputies, and their respective attorneys, servants, agents and employees, be and are hereby stayed from:

29

1.    Commencing, prosecuting, continuing, entering, or enforcing any suit or

proceeding against any of the Defendants, except that such actions may be

filed to toll any applicable statute of limitations;

2.    Commencing, prosecuting, continuing, or entering any suit or proceeding

in the name of or on behalf of any of the Defendants;

3.    Accelerating the due date of any obligation or claimed obligation; filing or

enforcing any lien; taking or attempting to take possession, custody, or

control of any asset of the Defendants; attempting to foreclose, forfeit,

alter, or terminate any of the Defendants' interest in any asset, including

without limitation, the establishment, granting, or perfection of any

security interest, whether such acts are part of a judicial proceeding, are

acts of self-help, or otherwise;

4.    Using self-help, executing, issuing, serving, or causing the execution,

issuance or service of, any legal process, including, but not limited to,

attachments, garnishments, subpoenas, writs of replevin, writs of

execution, or any other form of process whether specified in this Order or

not for the purpose of impounding or taking possession of or interfering

with, or creating or enforcing a lien upon, any assets of any of the

Defendants or the Temporary Receiver appointed by this Order or any

agent appointed by said Temporary Receiver; or

5.    Taking any action or doing anything whatsoever to interfere with the

Temporary Receiver taking custody, control, possession, or management

30

of the Receivership Defendants' assets or documents, or to interfere in any

way with the Temporary Receiver, or to harass or interfere with the duties

of the Temporary Receiver, or to interfere in any manner with the

exclusive jurisdiction of this Court over the assets or documents of the

Receivership Defendants, or their subsidiaries or affiliates.

B.    This Paragraph does not stay:

1.    The commencement or continuation of a criminal action or proceeding;

2.    The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

3.    The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power, including execution on any security interest in favor of the FTC;

4.    The commencement of any action by the Secretary of the United States Department of Housing and Urban Development to foreclose a mortgage or deed of trust in any case in which the mortgage or deed of trust held by the Secretary is insured or was formerly insured under the National Housing Act and covers  property, or combinations of property, consisting of five or more living units; or

5.    The issuance to a Defendant of a notice of tax deficiency.

31

C.     Except as otherwise provided in this Order, all persons and entities in need of
documentation from the Temporary Receiver shall in all instances first attempt to
secure such information by submitting a formal written request to the Temporary
Receiver, and, if such request has not been responded to within thirty (30) days of
receipt by the Temporary Receiver, any such person or entity may thereafter seek
an Order of this Court with regard to the relief requested.

### XXI. COMPENSATION OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Temporary Receiver and all personnel hired by
the Temporary Receiver as herein authorized, including counsel to the Temporary Receiver and
accountants, are entitled to reasonable compensation for the performance of duties pursuant to
this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets
now held by, or in the possession or control of, or which may be received by the Defendants.
Said fees and out-of-pocket expenses shall be paid prior to any monetary relief that may be
awarded by this Court to purchasers of the Defendants' debt negotiation services, including
Internet access, website design and other services. The Temporary Receiver shall file with the
Court and serve on the parties periodic requests for the payment of such reasonable
compensation, which shall exclude the costs of filing and service, with the first such request filed
no more than sixty (60) days after the date of this Order. The Temporary Receiver shall not
increase the hourly rates used as the bases for such fee applications without prior approval of the
Court and without prior notice to counsel for the Commission.

32

## XXII. WITHDRAWAL OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Temporary Receiver and any professional retained by the Temporary Receiver, including but not limited to his or her attorneys and accountants, be and are hereby authorized to withdraw from their respective appointments or representations at any time after the date of this Order, for any reason in their sole and absolute discretion, by sending written notice seven (7) days prior to the date the Temporary Receiver intends to withdraw to the Court and to the parties; and such Temporary Receiver and professionals shall be relieved of all liabilities and responsibilities seven (7) days from the date of such notice or withdrawal. The written notice shall include an interim report indicating the Temporary Receiver's actions and reflect its knowledge gained. The report shall also contain the Temporary Receiver's recommendations, if any.

## XXIII. TEMPORARY RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Temporary Receiver shall file with the Clerk of this Court within seven (7) days of entry of this Order, a bond in the sum of _____ with sureties to be approved by the Court, conditioned that the Temporary Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## XXIV. CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that the Commission may obtain credit reports concerning any Defendant pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), and that upon written request, any credit reporting agency from which such reports are requested shall provide them to the Commission.

33

## XXV.  USE OF ALIASES

**IT IS FURTHER ORDERED** that the Defendants are hereby enjoined from using any fictitious, false, or assumed title or name, other than their own proper name, or otherwise misrepresenting their true identities in the course of business dealings or in publicly filed documents.

## XXVI.  SERVICE OF PLEADINGS

**IT IS FURTHER ORDERED** that:

A.    The Defendants shall file with the Court and serve counsel for the Commission and the Temporary Receiver their response to the Order to Show Cause Why a Preliminary Injunction Should Not Issue, including all declarations, exhibits, memoranda, and other evidence, not less than seventy-two (72) hours prior to the hearing on such application.  The Defendants shall serve copies of all such materials on the Commission, by hand, by facsimile transmission, or by overnight delivery service to the attention of counsel for the Commission, Carole A. Paynter at Federal Trade Commission, Northeast Regional Office, 1 Bowling Green, Suite 318, New York, NY 10004 (facsimile transmission to (212) 607-2832). *Provided, however*, that if the Defendants choose to serve the Commission via overnight delivery, the documents shall be delivered so that they shall be received by the Commission at least seventy-two (72) hours prior to the hearing.

B.    Service on the Temporary Receiver shall be performed by delivery to the attention of _____

_____.

34

C.    The Commission shall file with the Court and serve on the Defendants and the Temporary Receiver any supplemental memoranda, declarations, materials, or other evidence not less than twenty-four (24) hours prior to the hearing on the Order to Show Cause Why a Preliminary Injunction Should Not Issue. The Commission shall serve copies of all such materials on counsel for each Defendant by hand, by facsimile transmission, or by overnight delivery service. *Provided, however*, that if the Commission chooses to serve any Defendant via overnight delivery, the documents shall be delivered so that they shall be received by such Defendant at least twenty-four (24) hours prior to the hearing. Consumer declarations previously filed as exhibits in support of this Order comply with the disclosure requirements of this Paragraph.

D.    Pursuant to Federal Rule of Civil Procedure 4(c)(2), the copies of this Order and the initial pleadings and papers filed in this matter, including the Complaint and summonses, may be served by employees and agents of the Commission, by employees of any state or other federal law enforcement agency, including but not limited to the United States Marshal's Office and the Federal Bureau of Investigation, and by agents of any process servers retained by the Commission, upon any office of the Defendants, any individual Defendant, any financial or brokerage institution, or any person or entity that may be in possession of any assets, property, or property rights of the Defendants.

E.    The issuance of a preliminary injunction shall be determined on the pleadings, declarations, memoranda, and other exhibits filed by the parties and on oral

35

argument, without live testimony. Any party who desires to present live testimony at the hearing shall file a motion requesting leave to present live testimony, and serve such motion on all opposing parties, not less than seventy-two (72) hours prior to the hearing on the Order to Show Cause Why a Preliminary Injunction Should Not Issue. The request shall set forth in detail the reasons why an evidentiary hearing is desired and how such hearing would be helpful to the Court. In addition, the request shall set forth a witness list that shall include the name, address, and telephone number of any such witness, and either a summary of the witness' expected testimony, or the witness' declaration revealing the substance of such witness' expected testimony. *Provided,* that if service is via overnight delivery, the documents shall be delivered so that they shall be received by all parties at least seventy-two (72) hours prior to the hearing.

Any party opposing a request to present live testimony shall file its written opposition, and serve such motion on all parties, not less than twenty-four (24) hours prior to the hearing on the Order to Show Cause Why a Preliminary Injunction Should Not Issue. Any party opposing a request to present live testimony also shall file its witness list, and serve such witness list on all parties, not less than twenty-four (24) hours prior to the hearing on the Order to Show Cause Why a Preliminary Injunction Should Not Issue. For purposes of this Subparagraph, service shall be by hand, by facsimile transmission, or by overnight delivery service. *Provided,* that if service is via overnight delivery, the documents shall be delivered so that they shall be received by all parties at least twenty-four (24) hours prior to the hearing.

36

## XXVII. DURATION OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein

shall expire on _Nov. 10_, 2004, at _9:00_ o'clock _p_.m., unless within such time,

the Order, for good cause shown, is extended for an additional period not to exceed ten (10) days,

or unless it is further extended pursuant to Federal Rule of Civil Procedure 65.

## XXVIII. ORDER TO SHOW CAUSE RE: PERMANENT RECEIVER AND PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65(b), that

each of the Defendants shall appear before this Court on the _10_ day of _November_,

2004, at _9_ o'clock _p_.m., at the United States courthouse located at

_US District Court_, Room _18_, to show cause, if there is any, why this

Court should not appoint a Permanent Receiver for the Receivership Defendants and enter a

preliminary injunction, pending final ruling on the Complaint against the Defendants, enjoining

the Defendants from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a),

continuing the freeze of their assets, and imposing such additional relief as may be appropriate.

## XXIV. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

all purposes.

**SO ORDERED**, this _3_ day of _November_, 2004, at _4_ .m.

_William G. Young_

UNITED STATES DISTRICT COURT JUDGE

37

### ATTACHMENT A

### Consent to Release of Financial Records

I, <u>John Colon Jr.</u>, do hereby direct any bank, trust company, or financial institution at which I have a bank account of any kind or at which a corporation or business entity (including, but not limited to, Better Budget Financial Services, Inc.) has an account of any kind upon which I am authorized to draw, and their officers, employees, and agents, to disclose all information and deliver all copies of documents of every nature in their possession or control that relate to the said accounts to Carole Paynter or any attorney of the Federal Trade Commission, and to give evidence relevant thereto, in the matter of the *Federal Trade Commission v. Better Budget Financial Services, Inc., John Colon, Jr., and Julie Fabrizio-Colon*, now pending in the United States District Court for the District of Massachusetts, and this shall be irrevocable authority for so doing.

This direction is intended to apply to the laws of countries other than the United States that restrict or prohibit the disclosure of financial information without the consent of the holder of the account, or its officers, and shall be construed as consent with respect thereto.

Dated: _____, 2004

_____
Name and Title

## ATTACHMENT A

### Consent to Release of Financial Records

I, <u>Julie Fabrizio-Colon,</u> do hereby direct any bank, trust company, or financial institution at which I have a bank account of any kind or at which a corporation or business entity (including, but not limited to, Better Budget Financial Services, Inc.) has an account of any kind upon which I am authorized to draw, and their officers, employees, and agents, to disclose all information and deliver all copies of documents of every nature in their possession or control that relate to the said accounts to Carole Paynter or any attorney of the Federal Trade Commission, and to give evidence relevant thereto, in the matter of the *Federal Trade Commission v. Better Budget Financial Services, Inc., John Colon, Jr., and Julie Fabrizio-Colon*, now pending in the United States District Court for the District of Massachusetts, and this shall be irrevocable authority for so doing.

This direction is intended to apply to the laws of countries other than the United States that restrict or prohibit the disclosure of financial information without the consent of the holder of the account, or its officers, and shall be construed as consent with respect thereto.

Dated: _____, 2004


_____
Name and Title

# FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Instructions**:

1.   Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2.   "Dependents" include your live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3.   "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

4.   Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5.   Type or print legibly.

6.   Initial each page in the space provided in the lower right corner.

7.   Sign and date the completed financial statement on the last page.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1)   "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2)   "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3)   "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

# BACKGROUND INFORMATION

### Item 1.        Information About You

Your Full Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____ Drivers License No. _____

Current Address _____ From (Date) _____

Rent or Own? _____ Telephone No. _____ Facsimile No. _____

E-Mail Address _____ Internet Home Page _____

Previous Addresses for past five years:

Address_____ Rent or Own?_____ From/Until_____

Address_____ Rent or Own?_____ From/Until_____

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they

were used_____

### Item 2.        Information About Your Spouse or Live-In Companion

Spouse/Companion's Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s)

during which they were used _____

Address (if different from yours) _____

From (Date) _____ Rent or Own?_____ Telephone No._____

Employer's Name and Address _____

Job Title _____ Years in Present Job _____ Annual Gross Salary/Wages $_____

### Item 3.        Information About Your Previous Spouse

Previous Spouse's Name & Address _____

_____ Social Security No. _____ Date of Birth _____

### Item 4.        Contact Information

Page 2

Initials _____

Name & Address of Nearest Living Relative or Friend _____

_____ Telephone No. _____

## Item 5.    Information About Dependents Who Live With You

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

## Item 6.    Information About Dependents Who Do Not Live With You

▸Name & Address _____

Date of Birth _____ Relationship _____ Social Security  No._____

▸Name Address _____

Date of Birth _____ Relationship _____ Social Security  No._____

▸Name & Address _____

Date of Birth _____ Relationship _____ Social Security  No._____

## Item 7.    Employment Information

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (*e.g.,* health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

## Item 7. continued

Initials _____

Income Received:  This year-to-date:  $_____          _____:  $_____

20_____ :  $_____          _____:  $_____

_____:  $_____          _____:  $_____

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date:  $_____          _____:  $_____

20_____ :  $_____          _____:  $_____

_____:  $_____          _____:  $_____

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date:  $_____          _____:  $_____

20_____ :  $_____          _____:  $_____

_____:  $_____          _____:  $_____

## Item 8.        Pending Lawsuits Filed by You or Your Spouse

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____   Relief Requested _____   Nature of Lawsuit _____

_____ Status _____

## Item 9.        Pending Lawsuits Filed Against You or Your Spouse

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency.  (List

lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

### Item 10.        Safe Deposit Boxes

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Item 11.    Business Interests

List all businesses for which you, your spouse, or your dependents are an officer or director.

▸Business' Name & Address _____

Business Format (*e.g., corporation*) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

▸Business' Name & Address _____

Business Format (*e.g., corporation*) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

▸Business' Name & Address _____

Business Format (*e.g., corporation*) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

Initials _____

## FINANCIAL INFORMATION:  ASSETS AND LIABILITIES

**REMINDER:  "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.**

<u>**Item 12.**</u>               **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.  The term "cash" includes currency and uncashed checks.

Cash on Hand  $_____     Cash Held For Your Benefit  $_____

| Name on Account | Name & Address of  Financial Institution | Account No. | Current Balance |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

<u>**Item 13.**</u>               **U.S. Government Securities**

List all U.S. Government securities, including but not limited to, savings bonds, treasury bills, and treasury notes, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Name on Account | Type of Obligation | Security Amount | Maturity Date |
|---|---|---|---|
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |

<u>**Item 14.**</u>        **Publicly Traded Securities and Loans Secured by Them**

Page  6

Initials  _____

List all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

## Item 15.    Other Business Interests

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

## Item 16.    Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents

List all monetary judgments or settlements owed to you, your spouse, or your dependents.

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

## Item 17.    Other Amounts Owed to You, Your Spouse, or Your Dependents

Initials _____