UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BETTER BUDGET FINANCIAL SERVICES,<br>INC., JOHN COLON, JR. and JULIE<br>FABRIZIO-COLON,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 04-12326 (WGY)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' EMERGENCY MOTION FOR LEAVE TO FILE AN OPPOSITION AND SUPPORTING DECLARATIONS OUTSIDE THE DEADLINES CONTAINED IN THE EX PARTE TEMPORARY RESTRAINING ORDER

NOW COME the defendants, Better Budget Financial Services, Inc., John Colon, Jr., and Julie Fabrizio-Colon (collectively "the Defendants"), and move for leave to file their Opposition to Plaintiff's Motion for Preliminary Injunction outside the deadlines contained in the Ex Parte Temporary Restraining Order. The requested leave is necessary on account of the fact that the Defendants have not been provided timely access to the business records critical to their defense in this matter.

As grounds for this motion, the Defendants state as follows:

1. On November 3, 2004, the Court (Young, J.) entered an Ex Parte Temporary Restraining Order in favor of the plaintiff. Pursuant to paragraph XXVI(A) of the Order, the Defendants were only given until Monday, November 8, 2004, to file an Opposition and any supporting declarations.

2. The TRO was not served on the Defendants until the afternoon of Thursday, November 4, 2004. At that time the receiver, Hernan Serrano, took exclusive possession of all of the Defendants' business premises including all business records and computer servers contained therein.

3. Between November 5 and November 8, 2004, the Defendants, through their counsel, repeatedly advised Mr. Serrano and his counsel that they would need immediate access to their business records and computer system in order to mount their defense to the plaintiff's motion in particular and the action in general. Mr. Serrano's counsel advised that the Defendants would have access to the information commencing at 11:00 a.m. on Monday, November 8, 2004.

4. On Sunday, November 7, 2004, counsel for the Defendants sent an email to Mr. Serrano's counsel clarifying the various categories of information that they would need to see on Monday (email attached hereto as Exhibit A). Included among the requests was a demand to review the computer files that are contained within a custom software package of the Defendants known as Credit Soft. The Credit Soft database, which contains approximately 10,000 customer records, is critical to the Defendants' defense in this matter inasmuch as it holds the information necessary to rebut the plaintiff's allegations; namely, the ability to generate reports and analysis which will reveal the defendants' debt settlement percentages and other data that will many prove that many consumers grossly misstated their purported damages to the plaintiff.[1]

---

[1] Specifically, a review of the chart included within Plaintiff's Index of Attachments at PX1, Exhibit J reveals that in many instances the consumers claimed their total consumer debt as opposed to the fees they actually paid the Defendants for their services.

5. On the morning of November 8, 2004, counsel for Mr. Serrano advised that certain business records would not be returned from the photocopier until later that afternoon. Mr. Serrano's counsel also advised that the Credit Soft files could not be accessed outside the presence of Mr. Serrano's computer expert who was not expected to fly in until Tuesday, November 9, 2004. Even then, the Defendants would still be subject to a protocol whereby they would have to tell the receiver's computer expert which files they wanted pulled while the computer expert physically searched the Defendants' computer database for the files.

6. It is now abundantly clear that the Defendants are not likely to receive much of the critical files before the hearing on Wednesday. First, simply printing out the complete files for the seventeen consumer declarants proved an impossible task. Nor was it possible to export those records and others for further review and analysis outside of the offices of BBFS. Second, the receiver's expert was unable to generate the reports and analyses from the customer records that were requested by the Defendants even after support was provided by both employees of the Defendant and another paid consultant from Credit Soft. In the end, Defendants were only left with a small handful of customer records and limited hardcopies of documents responsive to the requests that the Defendants sent to the receiver's counsel.

7. Emergency relief is required inasmuch as a preliminary injunction hearing is scheduled before this Court on Wednesday, November 10, 2004.

WHEREFORE, the Defendants request that this Court allow Defendants' Emergency Motion for Leave to File an Opposition and Supporting Declarations Outside the Deadlines Contained in the Ex Parte Temporary Restraining Order.

>Respectfully submitted,
>
>BETTER BUDGET FINANCIAL
>SERVICES, INC., JOHN COLON, JR.,
>and JULIE FABRIZIO-COLON
>
>By their attorney,
>
>_____
>Christian H. Pedersen (BBO #644016)
>METAXAS, NORMAN & PIDGEON, LLP
>900 Cummings Center, Suite 207T
>Beverly, MA 01915
>978-927-8000 (p)
>978-922-6464 (f)

Dated: November 10, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail by hand

Date: 11/10/04

4

Exhibit A

Christian H. Pedersen

**From:** Christian H. Pedersen [cpedersen@mnplaw.com]
**Sent:** Sunday, November 07, 2004 10:33 AM
**To:** Peter Zlotnick
**Cc:** Carole Paynter; John Colucci; Jeffrey Tenenbaum; Tammy Klein; Ted Atkinson; William Harris; Ian Volner
**Subject:** FTC v. Better Budget et al.

Peter:

Per your request, I have listed below the various categories of information we will need access to on Monday, November 8, 2004. In all likelihood, we will need access to further information as our review progresses. In short, the categories listed below are by no means exclusive and we reserve the right to request further documents before the hearing on Wednesday.

Definitions

"BBFS": means Better Budget Financial Services, Inc.
"DMS": means Debt Management Solutions, Inc.; and
"UniMark": means UniMark Solutions, Inc.

Requests

1. All corporate formality records for BBFS and DMS including but not limited to all certificates of incorporation, by-laws, shareholder agreements, and corporate minutes.
2. Any and all marketing materials for BBFS and DMS.
3. Any and all employee training manuals and materials for BBFS and DMS.
4. Any and all contracts BBFS and/or DMS entered into with any of its customers.
5. Any and all Credit Soft entries and reports pertaining to all customers of BBFS and DMS including but not limited to all information pertaining to any of the declarants.
6. All documents relating to current customer enrollments of BBFS and DMS.
7. Any and all communications by and between BBFS and any of its customers.
8. Any and all communications by and between DMS and any of its customers.
9. Records showing any and all payments to BBFS and DMS.
10. Records showing any payments made to the creditors of any customer of BBFS and DMS.
11. Any and files relating to complaints made to the Better Business Bureau and any other governmental or regulatory agency.
12. All payroll information for BBFS and DMS.
13. All employee contact information for BBFS and DMS.
14. Any all documents relating to the lease of 800 Cummings Center, Suite 152R, Beverly, MA and 800 Cummings Center 260T, Beverly, MA.
15. Any and all records related to the purchase of any assets by BBFS and/or DMS.
16. All documents related to loans or transfers of funds by and between BBFS/DMS and any other third party, including UniMark.
17. All corporate formality records for UniMark including but not limited to all certificates of incorporation, by-laws, shareholder agreements, and corporate minutes.
18. Any documents relating to the set-up and capitalization of UniMark.
19. All payroll information for UniMark.
20. All employee contact information for UniMark.
21. All any all records related to the purchase of any assets by UniMark.

I look forward to meeting with you on Monday at 11:00 a.m. If you have any questions before then, please do not hesitate to contact me. Thank you.

Christian H. Pedersen
METAXAS, NORMAN & PIDGEON, LLP
900 Cummings Center, Suite 207T
Beverly, MA 01915
(978) 927-8000 (p)
(978) 771-1896 (c)
(978) 922-6464 (f)

1