UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>　　　　Plaintiff<br><br>vs.<br><br>BETTER BUDGET FINANCIAL SERVICES, INC.,<br>JOHN COLON, JR. and JULIE FABRIZIO-COLON,<br>　　　　Defendants | )<br>)<br>)<br>)<br>) Civ. No. 04-12326 (WGY)<br>)<br>)<br>)<br>)<br>) |

**STIPULATION MODIFYING PLAINTIFF'S EX PARTE
TEMPORARY RESTRAINING ORDER**

Except as modified hereby, the *Ex Parte* Temporary Restraining Order entered on November 3, 2004, ("TRO") is hereby extended on consent of the parties, until trial in this matter may be held at a date to be set at the earliest convenience of the parties and availability of the Court.  The TRO is modified as follows:

1. The property owned by Defendants John and Julie Colon located at 405R Elliott Street, Beverly, MA 01915 is hereby released from the asset freeze of the TRO (Section VI) for the sole purpose of obtaining a second mortgage or home equity loan to pay living expenses and attorney's fees, except that the Defendants agree that they shall not transfer, convey or sell said property to any unrelated third party without permission of the Temporary Receiver.  The FTC retains its right to consider the reasonable market value of said property in its tabulation of the Defendants' assets to be considered in connection with restitution claims made against the individual Defendants or against either of them.

2. UniMark Solutions, Inc. ("UniMark") is hereby permitted to conduct its regular and customary business and shall not be subject to the control of the Temporary Receiver, with the following exceptions:

a. all accounts and assets frozen by the asset freeze of the TRO, shall remain in effect, except that UniMark is permitted full authority, dominion and control over the following accounts receivables:

   i. UniMark's customer orders generated prior to the asset freeze; and

   ii. UniMark's customer orders generated after the appointment of the Temporary Receiver.

b. Upon reasonable request from either the FTC or the Temporary Receiver, UniMark shall provide periodic reports with regard to assets of UniMark (including banks statements of account or other financial information). With regard to any UniMark accounts or any accounts created in the name of the Colons, jointly or individually, after November 3, 2004, UniMark and the Colons agree to provide the Temporary Receiver with prompt notice of any transaction related to any of those accounts in an amount that is equal to or greater than $2,500.00.

c. With regard to the logistical, mechanical, and practical issues arising in connection with separating the operation of UniMark and Better Budget Financial Services, Inc. ("Better Budget") the parties agree that:

   i. UniMark shall occupy a portion of office space currently leased to Better Budget, paying the Receivership Estate rent and usage fee until such time as that space is vacated by either Better Budget or UniMark;

   ii. The Temporary Receiver agrees to Unimark's use of the following equipment currently located in the leased space occupied by UniMark: a) telephone equipment, b) desks and chairs, and c) any BBFS computer that is necessary to the operation of UniMark, only after such computer has

2

          been properly imaged, backed up or the information thereon has been properly preserved to the satisfaction of the Temporary Receiver.

   iii.    UniMark and the Temporary Receiver shall cooperate regarding relocating the telephone server currently located in the office of John Colon, Jr. to another office on the premises at 800 Cummings Center, Suite 260T.

   iv.    UniMark and the Temporary Receiver shall cooperate in transferring any files belonging to UniMark that are located on Better Budget computers, to computers that brought in by UniMark.

   v.    UniMark and the Temporary Receiver shall cooperate regarding any inventory of assets located at 800 Cummings Center, Suite 260T,

   vi.    UniMark and the Temporary Receiver shall cooperate in regard to resolving such further logistical, mechanical, and practical issues that may arise.

Accepted and Agreed to by

| PLAINTIFF:<br>FEDERAL TRADE COMMISSION | DEFENDANTS:<br>BETTER BUDGET FINANCIAL<br>SERVICES, INC, JOHN COLON, JR. and<br>JULIE FABRIZO-COLON |
|---|---|
| By: _s/Carole A. Paynter_<br>    Carole A. Paynter<br>    Elvia P. Gastelo<br>    Federal Trade Commission<br>    One Bowling Green, Suite 318<br>    New York, NY 10004<br>    212-607-2813, 2811 (ph)<br>    212-607-2822 (fax) | By their attorneys,<br><br>s/Christian H. Pedersen<br>Christian H. Pedersen (BBO #644016)<br>METAXAS, NORMAN & PIDGEON, LLP<br>900 Cummings Center, Suite 207T<br>Beverly, MA  01915<br>978-927-800 (ph)<br>978-922-6464 (fax) |

|  |  |
|---|---|
|  | s/Theodore W. Atkinson |
|  | Ian D. Volner (*pro hac vice*) |
|  | Theodore W. Atkinson (*pro hac vice*) |
|  | VENABLE, LLP |
|  | 575 7th Street, N.W. |
|  | Washington, DC  20004-1601 |
|  | (202) 344-4814 (p) |
|  | (202) 344-8300 (f) |

Assented to:

s/Hernan Serrano, Jr.
Hernan Serrano, Jr., as Receiver

By his attorneys,

s/Suzanne Renaud
Suzanne Renaud (BBO #655558)
Breton Leone-Quick (BBO #655571)
MINTZ LEVIN COHN FERRIS
  GLOVSKY & POPEO
One Financial Center
Boston, MA 02111
(617) 542-6000 (p)
(617) 542-2241 (f)

s/Seth Goldman
Peter B. Zlotnick (*pro hac vice*)
Seth Goldman (*pro hac vice*)
Chrysler Center
666 Third Avenue
New York, NY  10017
 (212) 935-3000 (p)         SO ORDERED this _____ day of November 2004
(212) 983-3115 (f)

_____
William G. Young, U.S.D.J.

Dc1\188468