UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff,<br><br>      v.<br><br>BETTER BUDGET FINANCIAL SERVICES, INC.,<br>JOHN COLON, JR., and JULIE FABRIZIO-COLON,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **CIVIL ACTION NO.**<br>)  04-12326 (WGY) |

**PARTIES' JOINT STATEMENT CONTAINING
A PROPOSED PRETRIAL SCHEDULE**

Pursuant to the Court's November 17, 2004, Notice of Scheduling Conference and L.R. 16.1 (D), the parties submit their joint statement containing a proposed pretrial schedule for the Court's consideration. On November 22, 2004, the counsel for the parties conferred via the telephone as required by L.R. 16. 1 and addressed the following issues:

    a.    **Proposed agenda for the 12/13/04 Scheduling Conference**:

    **1. Settlement:**

The parties have preliminarily discussed a settlement in this case and would like to earnestly pursue settlement of this matter. Plaintiff provided Defendants with a draft of a stipulated preliminary injunction on December 3, 2004. Plaintiff has proposed entering into a stipulated preliminary injunction that reflects all but two provisions that Plaintiff expects to propose in a final order: a performance bond requirement and the amount of monetary relief to

be paid by Defendants.  The amount of monetary relief that Defendants would be required to pay as part of any settlement is a major issue for settlement.  Plaintiff is reviewing various financial disclosures received from Defendants to determine if the amount of consumer injury can be calculated from the disclosures.  Assuming that Plaintiff is able to calculate the amount of consumer injury with a substantial degree of confidence, it will convey a proposal to Defendants.  Defendants will respond to the FTC as soon as possible.  Plaintiff has informed counsel for Defendants that it may be able to discuss the issue of monetary relief by December 10, 2004.

**2. Discovery Schedule and Trial Date:**

The parties discussed what each side needs in discovery; however, the parties were unable to agree specific dates for discovery and for a trial.  Defendants are requesting that the Court set down an expedited date for trial.  Plaintiff understands that the Court is available for a trial on an expedited basis if settlement in this matter proves fruitless.  Sufficient time to conduct settlement has not occurred as Defendants have recently received a written proposal to which they must respond and Plaintiff is attempting to calculate an amount for monetary relief.  Accordingly, Plaintiff does not agree that an expedited discovery or trial schedule is required and is prepared to proceed expeditiously with this case.

The parties' proposals are as follows:

**a.        Plaintiff's Proposal**

1. *Written Discovery*

Plaintiff, prior to taking depositions, will serve at least one set of interrogatories on Defendants in order to ascertain information and additional documents regarding the business operations and may serve additional interrogatories as needed.

2. *Depositions*

Plaintiff intends to depose five (5) witnesses: John Colon, Julie Fabrizio-Colon, Kristin Gecoy, Paul Bartlett and Scott Moore, who were key employees of Defendant BBFS. Plaintiff proposes noticing depositions to be held throughout the month of January 2005 and February 2005, depending on the scheduling needs of the counsel and the witnesses.

3. *Motions*

Plaintiff proposes that any dispositive motion by filed by March 30, 2005.

4. *Pretrial Conference*

Plaintiff requests that the pretrial conference be scheduled in accordance with the Court's schedule pursuant to Local Rules.

5. *Trial Date*

Plaintiff respectfully requests that any trial date be set with sufficient time to afford Plaintiff the opportunity to take and respond to written discovery, and to take depositions as requested above.

      b.    **Defendants' Position**

Defendants have repeatedly informed Plaintiff that they will seek an expedited trial date. The Court's *Ex Parte* Temporary Restraining Order created a receivership over (1) the Defendant corporations, (2) the personal assets of the individual Defendants, and (3) the assets of a company, UniMark, that is partly owned by the individual Defendants, but which engages in business that is wholly unrelated to the activities alleged in the Complaint. Prior to the hearing on November 10, 2004, the parties agreed to stipulate to an extension of the TRO in exchange for, among other things, an expedited trial/preliminary injunction hearing date.

Because Defendants' businesses and assets are subject to asset freeze and receivership, and because Defendants believe they have a meritorious defense of the allegations of the Complaint, Defendants seek expedited trial/preliminary injunction hearing date according to the following pretrial schedule and trial ready date:

**December 17, 2005** -- **Parties Serve Written Discovery**

> Defendants anticipate serving one set of written discovery, containing a small number of interrogatories and document requests.

**January 7, 2005** -- **Deadline for Responding to Written Discovery**

**January 21, 2005** -- **Discovery Closes**

> Plaintiff has informed Defendants that it will not seek to introduce expert testimony at trial. Consequently, Defendants do not anticipate, at this time, deposing any witnesses, and Plaintiff anticipates deposing five (5) witnesses. Defendants have informed Plaintiff that they are prepared to respond to discovery on an expedited basis and to produce the above-identified witnesses for deposition immediately.

**February 11, 2005** -- **Final Pretrial Conference and Trial Ready Date**

> Defendants request that a pretrial conference be scheduled on an expedited basis, but otherwise pursuant to the Court's Local Rules. Defendants estimate that trial could be completed in **three days**.

Defendants' proposed schedule does not set a date for the filing of any dispositive motions because, in defendants' proposed schedule above, the proposed trial ready date is sufficiently early enough and the estimated trial time short enough that any party who would otherwise seek to file a dispositive motion could present the same evidence at trial, perhaps more expeditiously and with less expense than the filing of a dispositive motion.

3. **Budget/ADR:**

Plaintiff FTC cannot engage in ADR that would require plaintiff's counsel to have authority to settle the case at the end of ADR session. Pursuant to law, the FTC may only act on vote of the five Commissioners and counsel has no authority to bind the agency to an ADR ruling.

Dated: December 6, 2004

Respectfully submitted,

| | |
|---|---|
| PLAINTIFF:<br>FEDERAL TRADE COMMISSION | DEFENDANTS:<br>BETTER BUDGET FINANCIAL SERVICES, INC, JOHN COLON, JR. and JULIE FABRIZO-COLON |
| By: s:\Carole A. Paynter<br>    Carole A. Paynter<br>    Elvia P. Gastelo<br>    Federal Trade Commission<br>    One Bowling Green, Suite 318<br>    New York, NY 10004<br>    212-607-2813, 2811 (ph)<br>    212-607-2822 (fax) | By their attorneys,<br><br>s:\ Ian D. Volner<br>Ian D. Volner (*pro hac vice*)<br>Theodore W. Atkinson (*pro hac vice*)<br>VENABLE, LLP<br>575 7th Street, N.W.<br>Washington, D.C.  20004-1601<br>(202) 344-4814 (p)<br>(202) 344-8300 (f) |