UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION,           )<br>                                                              )<br>                         Plaintiff            )<br>                                                              )<br>v.                                                         )<br>                                                              )<br>BETTER BUDGET FINANCIAL          )<br>SERVICES, INC., JOHN COLON, JR. and   )<br>JULIE FABRIZIO-COLON,                    )<br>                                                              )<br>                         Defendants.      )<br>_____ ) | Civil Action No. 04-12326 (WGY) |

## ANSWER

Defendants Better Budget Financial Services, Inc. ("Better Budget"), John Colon, Jr., and Julie-Fabrizio Colon, by their undersigned counsel, hereby answer the Federal Trade Commission's ("Commission") Complaint for Injunctive and Other Equitable Relief as follows:

1. Defendants admit that Plaintiff purports to base this action on Sections 5(a) and 13(b) of the Federal Trade Commission Act.

2. Paragraph 2 of the Complaint asserts conclusions of law to which no response is required.

3. Paragraph 3 of the Complaint asserts conclusions of law to which no response is required.

4. Defendants admit the allegations of the first two sentences of Paragraph 4 of the Complaint. The remainder of Paragraph 4 asserts a legal conclusion to which no response is required.

5. Defendants admit the allegations of Paragraph 5 of the Complaint.

6.     Defendants admit that John Colon, Jr. is the President of Better Budget, and that as an officer he has, alone or with others, formulated, directed, controlled, or participated in acts and practices of Better Budget, and that he has transacted business in Massachusetts and the United States in connection with Better Budget.  Defendants deny any assertion or implication that Defendants have engaged in illegal practices as alleged by Plaintiff in the Complaint.

7.     Defendants admit that Julie Fabrizio-Colon is the Treasurer, Clerk and a Director of Better Budget, and that as an officer she has, alone or with others, formulated, directed, controlled, or participated in acts and practices of Better Budget, and that she has transacted business in Massachusetts and the United States in connection with Better Budget.  Defendants deny any assertion or implication that Defendants have engaged in illegal practices as alleged by Plaintiff in the Complaint.

8.     Defendants admit the allegations of Paragraph 8 of the Complaint, except that Defendants deny that they have engaged in any illegal activity as alleged by Plaintiff in the Complaint.

9.     Defendants admit the allegations of Paragraph 9 of the Complaint, except to deny that Better Budget ever advertised any services through unsolicited e-mail.

10.     Defendants admit the allegations of the first two sentences of Paragraph 10 of the Complaint.  Defendants deny that its websites or other advertising ever explicitly or impliedly promised that Better Budget clients would have their debts reduced by 50% to 70%.

11.     Defendants admit that consumers who contacted Better Budget were informed that they would be required to pay an initial fee, a monthly administrative fee of $29.95 per month (and later, $39.95 per month), and a settlement fee of 25% of the amount of any savings of any settlement reached with the client's creditors.  Defendants deny the remaining allegations of Paragraph 11, and aver that the fee structure was fully disclosed to Better Budget clients.

12. Defendants deny the allegations of Paragraph 12 of the Complaint.

13. Defendants deny the allegations of Paragraph 13 of the Complaint.

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

15. Defendants deny the allegations of Paragraph 15 of the Complaint.

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Defendants deny the allegations of Paragraph 17 of the Complaint.

18. Defendants deny the allegations of Paragraph 18 of the Complaint.

19. Defendants deny the allegations of Paragraph 19 of the Complaint.

20. Defendants deny the allegations of Paragraph 20 of the Complaint, and aver that in reviewing Better Budget's records, the opposite is true: Defendants typically negotiated settlements with customers' creditors.

21. Defendants lack information sufficient to admit or deny the allegations of Paragraph 21 and therefore deny those allegations.

22. Paragraph 22 of the Complaint asserts conclusions of law to which no response is required.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

24. Defendants deny the allegations of Paragraph 24 of the Complaint.

25. Defendants deny the allegations of Paragraph 25 of the Complaint.

26. Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Defendants deny the allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations of Paragraph 29 of the Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

32. Defendants deny the allegations of Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint asserts conclusions of law to which no response is required.

34. Paragraph 34 of the Complaint asserts conclusions of law to which no response is required.

To the extent the Complaint can be read to make any other specific allegations that were not admitted or denied above, those allegations are denied.

WHEREFORE, the premises considered, Defendants request that the Complaint be dismissed.

Respectfully submitted,

BETTER BUDGET FINANCIAL SERVICES, INC, JOHN COLON, JR. and JULIE FABRIZIO-COLON

By their attorneys,

s/Christian H. Pedersen
Christian H. Pedersen (BBO #644016)
METAXAS, NORMAN & PIDGEON, LLP
900 Cummings Center, Suite 207T
Beverly, MA  01915
978-927-8000 (p)
978-922-6464 (f)

s/Ian D. Volner
Ian D. Volner (*pro hac vice*)
Theodore W. Atkinson (*pro hac vice*)
VENABLE, LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4814 (p)
(202) 344-8300 (f)

Dated:  December 16, 2004

- 5 -

## CERTIFICATE OF SERVICE

    I, Christian H. Pedersen, attorney for the defendants, hereby certify that I have this day forwarded the above Answer to the parties in this case by mailing a copy of same, postage prepaid, first-class mail, to their attorneys, Carole A. Paynter, Esq., Elvia P. Gastelo, Esq., Peter B. Zlotnick, Esq., and Seth R. Goldman, Esq.

Dated: December 16, 2004                          s/Christian H. Pedersen