# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                 )

FEDERAL TRADE COMMISSION,     )
                                 )

          Plaintiff,           )
                                 )

          v.              )   Case No. 04-CV-12326 (WGY)
                                 )

BETTER BUDGET FINANCIAL SERVICES, INC.,  )
JOHN COLON, JR., and JULIE FABRIZIO-COLON,  )
                                 )

          Defendants.      )
_____)

_____

## PLAINTIFF FEDERAL TRADE COMMISSION 'S MEMORANDUM IN REPLY TO DEFENDANTS' OPPOSITION PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
_____

## I.    INTRODUCTION

Plaintiff, the Federal Trade Commission ("FTC or "Commission"), submits this reply to the Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment. Notably, the defendants admit to the FTC's assertions regarding the role that John Colon, Jr. and Julie Fabrizio-Colon ("Colon defendants") have played in operating the Better Budget Financial Services, Inc. ("BBFS").[1]  Thus, as a matter of law, the Colon defendants must be held individually liable if this Court finds that the corporate defendant violated the FTC Act in the promotion and sale of its debt negotiation services.

With respect to the liability of the corporate defendant, the FTC has presented overwhelming evidence demonstrating that the defendants materially misrepresented their services and induced consumers to enroll in their debt reduction program.  Specifically, the FTC has presented 18 consumer declarations attesting to defendants' misrepresentations; evidence of 200-plus consumer complaints filed with law enforcement and BBFS itself; the transcripts of recordings of undercover sales pitches given to FTC investigator Cindy Kapadia; defendants' own website advertising; and admissions of the Colon defendants regarding their business.  The defendants have failed to controvert the FTC's evidence of the defendants' deceptive conduct with anything other than the self-serving declarations of the Colon defendants and a former manager of BBFS, who benefitted financially from the deceptive scheme. The defendants do not even present declarations from consumers attesting to the fact that the defendants did not misrepresent their services as the FTC has alleged, which the defendants clearly had an opportunity to do.  The defendants' failure to demonstrate a genuine dispute here, justifies this Court granting the FTC summary judgment.

---

[1]See Defendants' Response to Statement of Facts ¶¶ 2-4.

## II.    LEGAL ARGUMENT

### A.    The Defendants' Opposition to Plaintiff's Motion for Summary Judgment Fails to Raise a Genuine Dispute of Material Fact.

To defeat a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure, the opposing party "must do more than simply show that there is a metaphysical doubt as to the material facts" to demonstrate that summary judgment is not warranted.[2]  Opposition to a summary judgment motion must set forth evidence that is significantly probative of any fact that is claimed to be disputed.[3]  As fully discussed below, defendants have failed to bring forth significantly probative evidence to dispute the FTC's the claims.

Defendants, rather than identifying probative evidence to controvert the FTC's claims, have resorted to simply accusing the FTC of misrepresenting the nature of their business.  The defendants then endeavor to paint a rosy picture of their operation.   The defendants further rely on their claimed practice of providing written disclaimers to the potential consumers prior to the consumers enrolling in the program.  The Court is required to disregard this evidence of written disclaimers, since it is well established that deceptive claims cannot be cured by subsequent written disclaimers.[4]  Moreover, even if these written disclaimers could lawfully cure defendants' misrepresentations, defendants' practice of sending these disclaimers only began in February 2004, more than four years since the operation began.[5]  Thus, consumers who enrolled during the three years of defendants' operation prior to February 2004, a substantial majority of defendants'

---

[2] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *B.F. Goodrich v. Betkoski*, 99 F.3d 505 (2d Cir. 1996)

[3] *SEC v. Murphy*, 626 F.2d 633, 640 (9th Cir. 1980).

[4] *See FTC v. Equifin International, Ind.*, 1997 U.S. Dist. LEXIS 10288 at *37 (C.D. Cal., Jul 3, 1997); *FTC v. Gill*, 71 F.Supp. 1030, 1046 (C.D. Calif. 1999).

[5] John Colon  John Colon Declaration, dated February 10, 2005, ¶ 12

customer base, did not receive any such written disclaimer. Because the defendants have failed to present any probative evidence to controvert the FTC's submissions, the FTC is entitled to judgment in this case as a matter of law.

> i.    **The Evidence is Clear that the Defendants Represented That They Would Settle All of a Consumer's Debts.**

Defendants attempt to controvert the FTC's assertion that the defendants promised consumers that they would take actions to help consumers pay off all of the unsecured debts, by flatly denying this assertion, without more.[6] The FTC has presented evidence that clearly shows that defendants made this representation to induce consumers to enroll in their program.

First, support for the FTC's position can be found in the defendants' promotional material on their website and which the defendants cite to in their in opposition. Specifically, the defendants' web sites:

> "When the client has accumulated enough money to cover the settlement and our fee, we contact one of the creditors and make them an offer. Offers are submitted until the client and the creditor both agree on the amount. We then get written or electronic approval on the total settlement (including fees). One this settlement is paid, the client will [draw down the] accumulation of funds in their program account **and the process will repeat as money becomes available for the next settlement. We continue in this way until all of the accounts are settled.** "[7]

Second, this representation was reported in the two separate sales presentations that FTC Investigator Cindy Kapadia received from the defendants' sales representatives, who both represented that the defendants would settle all of her accounts if she were enrolled in the

---

[6]Defendants' Response to Plaintiff's Statement of Material Facts, ¶ 18.

[7]Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, p. 5

program.[8]  As well, the Colon defendants both testified under oath at their depositions, that the

purpose and goal of their program was to settle all accounts that were enrolled.[9]

Finally, the sworn declarations of BBFS's customers completely bear out the fact that the

defendants represented that they would settle all of the consumers' accounts.  Tellingly, the

defendants make no attempt to refute the 19 consumer declarations that have been submitted in

support of the FTC's motion.  Those consumer declarations make clear that consumers were led

to believe that the defendants would settle all of the unsecured accounts that the consumers

enrolled in the program.  Given the very negative consequences that consumers experienced

when participating in the defendants' program, any conclusion other than that the defendants

claimed their program would settle all of the consumers' debts, defies logic.  No reasonable

consumer would agree to stop paying his or her creditors, solely on a promise that maybe one or

some of his or her accounts would be settled.  As the FTC's evidence clearly shows, the

defendants represented that all accounts would to be settled by their debt settlement program.  In

fact, the defendants' own records show that only 224 out of 9905 clients ever had all of their

debts settled.  The defendants have not presented any credible evidence to controvert the fact

that they made this misrepresentation to consumers.

> **ii) The FTC has Demonstrated Conclusively that the Defendants Misrepresented
> that they would Negotiate and Settle Debts When Consumers Had Saved One-Half
> of their Account, and that they Would Stop the Consumers' Creditors from Making
> Harassing Collection Phone Calls.**

Further, the FTC has demonstrated conclusively that defendants misrepresented that they

would settle each debts when consumers had saved enough money to pay one half of their debt,

---

[8]PX-E, p. __

[9]Colon Tr. p. 90:3-9 and Fabrizio Colon p. 31:4-18.

and that defendants could stop consumers' creditors from making harassing collection phone calls.

Defendants do admit that consumers' debts were supposed to be settled when consumers had saved enough money to pay one-half of the outstanding debt amount.[10]  Defendants also made this representation to the FTC's investigator during the two sales pitches made to her.[11]  As the consumer declarations offered by of the FTC's evidence, in numerous instances, the defendants failed in numerous instances to settle debts, even though consumers had saved the one-half of the debt owed to the creditor.[12]  Similar complaints were made to the defendants in consumer correspondence sent with the company and through telephonic contacts recorded on the defendants' complaint log form.[13]  There is no genuine dispute of fact as to this misrepresentation.

Similarly, despite the defendants' attempts to minimize the evidence presented, there is no question that the defendants represented that they could stop creditors from calling consumers.  The defendants' website contained this representation,[14] and both of the defendants' sales representatives told to the FTC investigator that the defendants had the tools to minimize and eliminate creditors from calling the consumers.[15]  As the consumer declarations and

---

[10]  Declaration of Julie Colon ¶ 13.

[11] PX-E, Tr. p. 11.

[12] See e.g., Alajoki Dec. ¶ 6.

[13] Kapadia Dec., Exh. E.

[14] Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, p. 5

[15] PX-1, Exh. F., p. 7.

consumer complaints setting out consumers' experience with BBFS demonstrate, this representation was likewise false.

### iii) There is no Factual Dispute as to the Amount of Consumer Injury

Though the defendants claim to have a factual dispute regarding the amount of consumer injury that occurred in this case, they in fact have a legal dispute. The defendants are requesting that the Court utilize a different legal standard than that put forth by the FTC. The FTC continues to assert that the proper measure of consumer injury is all fees paid by consumers less any refunds paid by defendants.[16] The defendants, conversely, argue that the Court should consider the fact that defendants settled some accounts, and deduct from any judgment amount, the value of this service. The law is well established that deduction for "value" should not be allowed.[17] If the Court were nevertheless to find that the defendants' requested standard was the appropriate measure of damages here then both sides should be given the opportunity to present evidence from the defendants' records that would establish a final amount of consumer injury. This is clearly a dispute over the proper legal standard and damages to employ in this case, and should not be a bar to the Court issuing a finding of summary judgment on liability in favor of the FTC.

## III. CONCLUSION

The defendants have failed to identify any genuine issue of material fact in this case that

---

[16]*FTC v. Febre,*128 F.3d 530, 534 (7th Cir. 1997).

[17]*FTC v. World Travel Vacation Brokers,* 761 F. Supp. 68, 69 (N.D. Ill. 1991) ( in determining damages, court is not required to ascertain whether every purchaser was deceived or dissatisfied); *FTC v. Windward Marketing,* 1:96-CV-615-FMH (N.D.Ga., 4/18/96) (proper measure of redress is price paid <u>not</u> price paid less value recovered.)

would prevent the Court from allowing the FTC's motion.  Accordingly, this Court should find

that the FTC is entitled to judgment as a matter of law.


Dated: New York, New York                    Respectfully submitted,
        February 18, 2005


                                             s/Carole A. Paynter
                                             Carole A. Paynter
                                             Elvia Gastelo
                                             Theodore Zang
                                             Attorneys for Federal Trade Commission
                                             One Bowling Green, Suite 318
                                             New York, New York 10004
                                             (212) 607-2829 (ph)
                                             (212) 607-2822 (fax)

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 18, 2005, she served a true and correct copy

of the of Plaintiff' Memorandum in Reply to Defendants' Memorandum in Opposition to

Plaintiff's Motion for Summary Judgment served via electronic mail on:

Theodore W. Atkinson (*pro hac vice*)
Venable, LLP
575 7th Street, N.W.
Washington, DC  20004-1601

Christian Pedersen
Metaxas Norman & Pidgeon
900 Cummings Center
Beverly MA.
(Counsel for Defendants)


Peter B. Zlotnick, Esq.
Seth Goldstein, Esq.
Mintz Levin Cohn Ferris
  Glovsky and Popeo, PC
666 Third Avenue
New York, NY 10017
(Counsel for Receiver)


_____
                                            s/Carole A. Paynter
                                            Carole A. Paynter