UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------ X
FEDERAL TRADE COMMISSION,

                  Plaintiff,

v.

BETTER BUDGET FINANCIAL SERVICES,
INC., JOHN COLON, JR., and JULIE
FABRIZIO-COLON,

                  Defendants.
------------------------------------------------------------ X

**CIVIL ACTION NO.:**
04-12326 (WGY)

## MEMORANDUM OF LAW IN SUPPORT OF
## THE INITIAL INTERIM FEE APPLICATION OF THE
## RECEIVER, HERNAN SERRANO, JR., AND HIS PROFESSIONALS

### PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the Initial Interim Fee Application of the Receiver, Hernan Serrano, Jr. (the "Receiver"), and his Professionals, Weinick, Sanders Leventhal & Co. ("WSL"), the Receiver's forensic accounting firm, and Mintz Levin Cohn Ferris Glovsky & Popeo, P.C. ("Mintz Levin"), the Receiver's counsel, for an order authorizing the payment of reasonable compensation at their standard hourly rates and disbursements, for the period from November 1, 2004 through November 30, 2004 (the "Initial Application Period").

### FACTS

The relevant facts are set forth in the accompanying Initial Interim Application and the Affidavit of Hernan Serrano, Jr., sworn to March 1, 2005 (the "Serrano Affidavit") and are incorporated herein by specific reference.

NYC 309343v1

Briefly summarizing those, on November 3, 2004, this Court entered an *Ex Parte* Temporary Restraining Order with Asset Freeze, Appointment of Temporary Receiver, Immediate Access to Defendants' Business Premises, Expedited Discovery, and Order to Show Cause Why A Preliminary Injunction Should Not Issue (the "TRO"). Pursuant to the TRO, Hernan Serrano, Jr., was appointed the temporary Receiver of Better Budget Financial Services, Inc. ("Better Budget"), together with its subsidiaries, affiliates and any related business entities that are owned or controlled by John Colon, Jr., and Julie Fabrizio-Colon (the "Colons"). Collectively, Better Budget and the Colons shall be referred to herein as the "Defendants".

On November 18, 2004, this Court entered a Stipulation Modifying Plaintiff's *Ex* Parte Temporary Restraining Order (the "Stipulated Order"), which, among other things, continued Mr. Serrano's appointment until the trial of this action.

Section XXI of the TRO provides in pertinent part that the Receiver and his professionals shall be reasonably compensated at their standard hourly rates and are entitled to their actual out-of-pocket expenses incurred by them from the assets now held by or in the possession, custody or control of or which may be received by the Defendants. This Memorandum is submitted in support of the Receiver and his professionals' application for reasonable compensation and reimbursement of their out-of-pocket expenses during the Initial Application Period, consisting of $240,854.40 in hourly time charges and $59,886.13 in disbursements.

## ARGUMENT

## THE REQUEST FOR COMPENSATION IS REASONABLE

"[T]he amount of a receiver's compensation is within the sound discretion of the court. . . " 75 C.J.S., Receivers §388(a) 1059 (1996). Thus, this Court is free to make its own reasoned judgment as to the Receiver's compensation, based on the facts before it.

The Court exercised this discretion in a preliminary manner in Section XXI of the TRO. There, the Court directed that the Receiver and his professionals should be reasonably compensated at their standard rate for the hours they expend and also are entitled to be reimbursed for the cost of actual out-of-pocket expenses incurred by them from the assets now held by, or in the possession or control of, or which may be received by the Defendants. This provision in the TRO is in keeping with the general principle that a Receiver should be awarded "a fair and reasonable compensation for the work actually performed and the responsibility actually assumed." Coskery v. Roberts & Mander Corp., 200 F.2d 150, 153 (3d Cir. 1952).

The accompanying Serrano Affidavit establishes that the Receiver seeks compensation only for hours actually expended, sets forth the Receiver's standard hourly rate which was in effect in 2004 and has not been increased during this case; and explains how the hours worked were reasonably and necessarily related to the responsibility assumed.

Thus, the request for compensation is reasonable and proper.

## CONCLUSION

For the foregoing reasons, the Receiver respectfully submits that this Initial Interim Fee Application of Him and His Professionals should be granted in its entirety.

Dated: New York, New York
       March 1, 2005

                              Respectfully submitted,

                              MINTZ LEVIN COHN FERRIS
                              GLOVSKY and POPEO, P.C.

                              By: _____
                                  Peter B. Zlotnick (Pro Hac Vice)
                                  Seth R. Goldman (Pro Hac Vice)
                              The Chrysler Center
                              666 Third Avenue, 25th Floor
                              New York, New York 10017
                              (212) 935-3000

NYC 309343v1