# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

FEDERAL TRADE COMMISSION,

               Plaintiff,

        v.

BETTER BUDGET FINANCIAL SERVICES, INC.,
JOHN COLON, JR., and JULIE FABRIZIO-COLON,

               Defendants.

_____

Civ. No. 04-CV-12326 (WGY)

**(Proposed) STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST ALL DEFENDANTS**

This matter comes before the Court on the stipulation of Plaintiff Federal Trade Commission ("FTC" or "Commission"), and Defendants Better Budget Financial Services, Inc., John Colon, Jr., and Julie Fabrizio-Colon.

On November 2, 2004, the Commission filed a Complaint for Injunctive and Other Equitable Relief, including redress, under Sections 5(a) and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 53(b). The Commission also moved for an *ex parte* Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure. On November 4, 2004, this Court entered a Temporary Restraining Order that included an asset freeze and appointment of a temporary receiver ("TRO"). On November 17, 2004, this Court entered a Stipulation Modifying Plaintiff's Ex Parte Temporary Restraining Order that, *inter alia*, extended the asset freeze and appointed the receiver for the duration of the case ("Stipulation Modifying TRO").

The Commission and the Defendants now offer the following Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief Against All Defendants (the "Order"). The parties consent to the entry of this Order as a final judgment in this action, and agree that entry of this Order shall constitute a full, complete and final settlement of all matters in dispute arising from the Complaint in this action to the date of entry of this Order. Upon the joint motion of Plaintiff and Defendants, the Court makes the following findings and enters final judgment in this action as follows:

## FINDINGS

1.    This Court has jurisdiction over the subject matter of this case and the parties hereto.

2.    Venue in the District of Massachusetts is proper under 28 U.S.C. § 1391(b) and (c) and 15 U.S.C. §53(b).

3.    The activities of Defendants are in or affecting commerce within the meaning of the FTC Act, 15 U.S.C. §§ 44, 45.

4.    The allegations of the Complaint state a claim upon which relief may be granted against Defendants under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 53(b).

5.    The FTC has the authority under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), to seek the relief it has requested.

6.    The Commission and Defendants have agreed to this Order to settle all matters in dispute arising from the Complaint in this action. Therefore, no provision of this

Order should be construed as an admission or denial that any Defendant engaged in unlawful or deceptive conduct alleged in the Complaint or that Defendants' conduct is subject to or violated the FTC Act, 15 U.S.C. § 45(a). The Defendants admit the allegations of the Complaint insofar as it alleges that this Court has subject matter jurisdiction and personal jurisdiction.

7.    Defendants acknowledge that they have read the provisions of this Order and have agreed to abide by them. Defendants consent freely and without coercion to entry of this Order in the interest of settling this litigation, and acknowledge that they understand the provisions of this Order and are prepared to abide by its terms. At all times, Defendants have been represented by counsel, including during the negotiations that led to this Order.

8.    Defendants waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order.

9.    Defendants waive and release any claim they may have against the FTC and its employees, representatives or agents.

10.    The parties shall each bear their own costs and attorney's fees incurred in this action and the Defendants waive all rights that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412, *amended by* Pub. L. 104-121, 110 Stat 847, 863-64 (1996).

11.    This Order is remedial in nature and should not be construed as payment of a fine, penalty, punitive assessment or forfeiture. The monetary liability and judgment provided by this Order is based on the amount of money collected from consumers

as a result of the conduct that the Complaint alleges was unlawful and, if the parties

had not stipulated to this Order, the FTC could have sought this amount as

restitution for consumers and disgorgement of ill-gotten gains.

12.     Entry of this Order is in the public interest.

## PERMANENT INJUNCTION

### DEFINITIONS

For the purpose of this Permanent Injunction, the following definitions shall apply:

A.     "Individual Defendants" means John Colon, Jr. and Julie Fabrizio-Colon,

individually, collectively, or in any combination, and whether acting directly or

through any heir, successor, assign, agent, entity, corporation, limited liability

company, partnership, subsidiary, division, or other device, unless specified

otherwise.

B.     "Corporate Defendant" means Better Budget Financial Services, Inc., and its

affiliates, subsidiaries, successors and assigns, and any other corporations or

businesses under its control or under common control with it.

C.     "Defendants" means all of the Individual Defendants and the Corporate Defendant,

individually, collectively, or in any combination.

D.     "Assets" means all real and personal property of any Defendant, or held for the

benefit of any Defendant, including but not limited to, "goods," "instruments,"

"equipment," "fixtures," "general intangibles," "inventory," "checks," "notes," or

"securities" (as these terms are defined in the Uniform Commercial Code), lines of credit and all cash, wherever located.

E.     "Assisting others" means providing any of the following goods or services to another person: (i) serving as an officer, director or consultant; (ii) performing customer service functions, including, but not limited to, receiving or responding to customer complaints; (iii) formulating or providing, or arranging for the formulation or provision of, any script or any other material for communicating with customers or potential customers; (iv) providing names of, or assisting in the generation of, potential customers, including, but not limited to, arranging for the automated delivery of messages to potential customers; (v) performing marketing services of any kind; or (vi) providing any other substantial help or aid, while knowing or consciously avoiding knowing that the person receiving assistance is engaged in an act or practice that is prohibited by this Order.

F.     "Consumer" means any person, including any individual, group, unincorporated association, limited or general partnership, corporation, limited liability company, or other business entity.

G.     "Consumer debt services" means debt negotiation, debt settlement, debt consolidation, debt management, credit counseling, or credit repair services; *provided,* however, that "consumer debt services" shall not include debt collection services as an agent of a creditor or the employee of the agent of a creditor for the

purpose of arranging or assisting a creditor to arrange for payment by the debtor to the creditor.

H.      "Credit counseling" means providing financial advice to a consumer about the consumer's finances or credit.

I.      "Credit repair" means any service that is sold, provided or performed (or promoted with representations that it is sold, provided or performed) for the express or implied purpose of: (i) improving any consumer's credit record, credit history, or credit rating; or (ii) providing advice or assistance to any consumer with regard to any activity or service that purports to improve any consumer's credit record, credit history, or credit rating.

J.      "Debt consolidation" means paying off a consumer's debts under a debt management plan, debt management program or "DMP".

K.      "Debt management" means: (i) receiving money from a consumer for the purpose of distributing one or more payments to or among one or more creditors of the consumer in full or partial payment of the consumer's obligation; (ii) arranging or assisting a consumer to arrange for the distribution of one or more payments to or among one or more creditors of the consumer in full or partial payment of the consumer's obligation; (iii) exercising direct or indirect control, or arranging for the exercise of such control, over funds of a consumer for the purpose of distributing payments to or among one or more creditors of the consumer in full or partial payment of the consumer's obligation; or (iv) acting or offering to act as an

intermediary between a consumer and one or more creditors of the consumer for the purpose of adjusting, settling, discharging, reaching a compromise on or otherwise altering the terms of payment of the consumer's obligation.

L.    "Debt management plan," "debt management program" or "DMP" means a program in which: (i) a consumer pays one consolidated periodic payment to the program to cover the debts that are included in the program; and (ii) the program disburses payments to the creditors of the consumer.

M.    "Debt negotiation" or "debt settlement" means: (i) the business or practice of receiving, in return for consideration, or the scheduled receipt of a debtor's monies, or evidences thereof, for the purpose of distribution among certain specified creditors in payment, or partial payment, of the debtor's obligations; or (ii) the business or practice of acting or offering or attempting to act as an intermediary between a debtor and his creditors for the purpose of settling, negotiating, or in any way altering the terms of payment of any debt of a debtor.

N.    "Debtor" means any consumer indebted to a creditor or creditors.

O.    "Defendants' Financial Statements" means the documents entitled "Financial Statement of Individual Defendant," dated November 8, 2004 and signed by John Colon, Jr.; the documents entitled "Financial Statement of Individual Defendant," dated November 8, 2004 and signed by Julie Fabrizio-Colon; and the document entitled "Financial Statements of Corporate Defendant," dated November 8, 2004 and signed by John Colon, Jr.; and all documents that reaffirm or are identified as

exhibits, addendums, supplements, or attachments to those Financial Statements, including, but not limited to: (1) their tax returns appended to the Financial Statements; (2) the sworn written accounting of the approximately $190,000 the Individual Defendants obtained through a refinancing of a mortgage on the house at 405R Elliott Street, Beverly, Massachusetts 01915; and (3) the sworn written statement, pursuant to Paragraph VI(C), concerning the approximately $41,000 held in the trust account for minor child Taylor Marie Colon, #41073460 at Century Bank.

P.    "Document" is equal in scope and synonymous in meaning to the usage of the term in Federal Rule Civil Procedure 34(a), and includes writings, drawings, charts, graphs, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained.  A draft or non-identical copy is a separate document within the meaning of the term "document."

Q.    "Internet" means a worldwide system of linked computer networks that use a common protocol to deliver and receive information.  The "Internet" includes, but is not limited to, the following forms of electronic communication: electronic mail and mailing lists, the World Wide Web ("Web"), bulletin boards and newsgroups, chat groups, remote computer access (telnet), and file transfer protocol (ftp).

R.    "Financial institution" means any institution the business of which is engaging in "financial activities" as described in 12 U.S.C. § 1843(k), and includes persons or entities that engage in the businesses described in 16 C.F.R. § 313.3(k)(2).

S.      "Person" means any individual, group, unincorporated association, limited or
general partnership, corporation, limited liability company, proprietorship, or other
business entity.  For purposes of this Order, a "consumer" is a person.

T.      "Receiver," means Hernan Serrano, in his capacity as the Receiver appointed in this
case.

U.      "URL" is an abbreviation for Uniform Resource Locator.  Each Web page and Web
site has a distinct URL, such as www.betterbudgetservices.net or
www.termidebt.com, that serves as a unique Internet address for that Web site or
Web page.

V.      A "Web page" is a single electronic document within a Web site, readily viewable
on a computer by anyone with access to the Internet, standard software, and
knowledge of the Web page or Web site's URL.  Web site visitors generally first
link to its "home page," which is a Web page that serves as an index, or gateway, to
the rest of the Web site's contents.

W.      A "Web site" is a set of electronic documents, usually a home page and subordinate
Web pages, readily viewable on a computer by anyone with access to the Internet,
standard software, and knowledge of the Web site's URL.

X.      The terms "and" and "or" shall be construed conjunctively or disjunctively as
necessary, and to make the applicable phrase or sentence inclusive rather than
exclusive.

# ORDER

## I.

### PROHIBITION AGAINST DECEPTIVE BUSINESS PRACTICES

**IT IS FURTHER ORDERED** that in connection with the advertising, promotion, offering, or sale of any debt negotiation, debt settlement, debt consolidation, debt management, credit counseling, or credit repair products or services by telephone, on or through the Internet, the World Wide Web, any Web site, or otherwise in commerce, the Defendants, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, including, but not limited to, fictitious business names, are hereby permanently restrained and enjoined from:

A.    Making, or assisting in the making of, expressly or by implication, orally or in writing, any statement or representation of material fact that is false or misleading, including but not limited to, any misrepresentation that:

    1.    A consumer who purchases Defendants' service will be able to pay off unsecured debts for a reduced amount;

    2.    Defendants will settle each creditor's account once the consumer accumulates a certain amount, such as, one-half of the amount owed to the creditor; and

    3.    Defendants will ensure that creditors do not call or harass consumers about payments on the consumer's debts that may be overdue; and

B.      Making, or assisting in the making of, expressly or by implication, orally or in writing, any statement or representation of material fact that is false or misleading, including but not limited to, any misrepresentation about any other fact material to a consumer's decision to purchase any service providing debt negotiation, debt settlement, debt consolidation, debt management, credit counseling, or credit repair.

For purposes of this Paragraph, "material" means likely to affect a person's choice of, or conduct regarding goods or services.

## II.

## BOND PROVISION

**IT IS FURTHER ORDERED THAT:**

A.      Each Individual Defendant is permanently enjoined from engaging in or assisting others, whether directly or indirectly, in concert with others, or through any business entity, engaged in the marketing, offering for sale or sale of consumer debt services, unless said Defendant first obtains a performance bond in the principal sum of two million dollars ($2,000,000.00), and maintains the bond in that principal sum so long as that Defendant engages in such activities.

B.      The terms and conditions of the bond requirement in Paragraph A, above, shall be as follows:

1.      The bond is conditioned upon compliance by said Defendant with Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the provisions of this Order.  The bond shall be deemed continuous and remain in full force and effect as long as said

Defendant continues to engage in the marketing, offering for sale or sale of consumer debt services, whether directly or indirectly, in concert with others, through an intermediary, business entity or device, and for at least three (3) years thereafter.  The bond shall cite this Order as the subject matter of the bond, and shall provide surety thereunder against financial loss due, in whole or part, to any violation by said Defendant of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), or any provision of this Order;

2.    The bond shall be an insurance agreement providing surety for financial loss that is issued by a surety company: (a) admitted to do business in each state in which said Defendant does business and (b) that holds a Federal Certificate of Authority as Acceptable Surety on Federal Bond and Reinsuring.  Such bond shall be in favor of both: (a) the FTC, for the benefit of any party injured as a result of any violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), or the provisions of this Order, made while engaging in the marketing, offering for sale or sale of consumer debt services or assisting others in  the marketing, offering for sale or sale of consumer debt services; and (b) any consumer so injured;

3.    Said Defendants shall provide a copy of the bond required by this Paragraph to the Regional Director of the Northeast Region of the FTC at least ten (10) days prior to the commencement of the activity for which the bond is required;

4.      The bond required by this Order shall be in addition to, and not in lieu of, any bond required by federal, state, or local law, or the order of another court;

5.      The Defendants shall not disclose the existence of any performance bond required by this Paragraph to any consumer, or other purchaser or prospective purchaser of any consumer debt service, without also disclosing clearly and prominently, at the same time, "AS REQUIRED BY ORDER OF THE U.S. DISTRICT COURT, DISTRICT OF MASSACHUSETTS, IN SETTLEMENT OF CHARGES OF FALSE AND MISLEADING REPRESENTATIONS IN THE PROMOTION AND SALE OF CONSUMER DEBT SERVICES."  If the Defendant, directly or indirectly discloses the existence of a bond to a prospective customer in writing, the required disclosure shall be set forth in a clear and conspicuous manner, separated from all other text in 100% black ink against a light background, in print at least as large as the main text of the document, and enclosed in a box containing only the required disclosure;

6.      The bond shall be executed in favor of the Commission if the Commission demonstrates to this Court, or a Magistrate thereof, by a preponderance of the evidence that, after the effective date of this Order, said Defendant has, individually or through any other person or entity, violated any condition of the bond; and

7.    Proceedings instituted under this Paragraph are in addition to, and not in lieu

of, any other civil or criminal remedies as may be provided by law, including

any other proceedings the FTC may initiate to enforce this Order.

### III.

### BAN ON USE OF CUSTOMER DATA

**IT IS FURTHER ORDERED** that Defendants and persons or entities in active

concert or participation with them who receive actual notice of this Order are permanently

restrained and enjoined from:

A.    Selling, renting, leasing, transferring, or otherwise disclosing the name, address,

telephone number, billing information, e-mail address, or other identifying information of any

customer or potential customer who submitted such information to the Corporate Defendant,

or the employees, agents or contractors of the Corporate Defendant, at any time prior to entry

of this Order; and

B.    Using or benefitting from, for commercial purposes, the name, address, telephone

number, billing information, e-mail address, or other identifying information of any customer

or potential customer who submitted such information to the Corporate Defendant, or the

employees, agents or contractors of the Corporate Defendant, at any time prior to entry of this

Order;

*Provided, however,* that Defendants may disclose such identifying information:

(i) to a law enforcement agency, or (ii) as required by any law, regulation, this Order or other

court order.

# IV.

## FINANCIAL STATEMENT REAFFIRMATION

**IT IS FURTHER ORDERED** that, within five business days after this Order is signed on behalf of the Individual Defendants, the Individual Defendants must reaffirm and attest to the truthfulness, accuracy and completeness of the Defendants' Financial Statements. The parties to this agreement acknowledge and agree that:

C.     The FTC's agreement to this Order, particularly the provisions that suspend the full amount of the monetary judgment, is expressly premised on the truthfulness, accuracy and completeness of the Defendants' Financial Statements and the Individual Defendants' reaffirmation.  If the FTC finds that these documents contain any material misrepresentation or omission, it may seek to reopen the monetary judgment in accordance with Paragraph VII.

D.     By agreeing to this Order, the Individual Defendants authorize the Commission to verify all information provided on their financial disclosure forms with all appropriate third parties, including but not limited to financial institutions.

E.     In accordance with 31 U.S.C. § 7701, Defendants have been required to furnish to the Commission their respective taxpayer identifying numbers (Social Security numbers or employer identification numbers), and these numbers may be used for purposes of collecting and reporting on any delinquent amount arising out of such Defendant's relationship with the government.

## V.

### SUSPENDED JUDGMENT

**IT IS FURTHER ORDERED** that judgment is hereby entered in favor of the FTC and against Defendants, jointly and severally, in the amount of eleven million, nine hundred and seventy-eight thousand, two hundred and forty-nine dollars ($11,978,249.00). *Provided, however,* that all of this amount, except for the value of assets described in Paragraph VI(A)-(D) and (F) below, shall be **suspended** subject to the conditions set forth in Paragraph VII of this Order. Funds collected to satisfy this judgment shall be used for consumer redress, disgorgement or consumer information remedies as provided for in Paragraph VI of this Order.

## VI.

### MONETARY RELIEF AND CONSUMER REDRESS

A.      As partial satisfaction of the monetary judgment ordered in Paragraph V, the Individual Defendants shall have delivered to the Receiver no later than the date of entry of this Order, the title to their entire interest in the real property located at 4 Conifer Way, Beverly, Massachusetts 01915 and whose legal description is Map # 94, Lot 14C in the City of Beverly, County of Essex, State of Massachusetts in the Registry of Deeds Book 19986, page 44, in the office of the County recorder of said county (the "Conifer Way Property"), by way of quitclaim deed. The Receiver is authorized, upon entry of this Order:

> 1.      To liquidate the Conifer Way Property, in any reasonable manner with notice to the Commission; and

2.    To deposit the net proceeds from the liquidation of the Conifer Way Property

(after payment of fees and taxes) in an interest-bearing account.

The amount of the net proceeds from the liquidation less any fees, mortgage

payments, and taxes should be considered redress and shall be credited against the amount of

the suspended judgment owed by the Defendants.  The Receiver shall make payments of

mortgage and taxes until the property is liquidated.  The Individual Defendants shall be

permitted to reside at the Conifer Way Property for up to a period of five months from March

1, 2005, or until new owners of the property take occupancy, whichever is first, *provided,*

*however,* that: (1) the Individual Defendants pay the Receiver $1,000 per month in rent on the

first of each month; (2) during the time that the Individual Defendants continue to reside at

the Conifer Way Property, they shall maintain and pay for all utilities at the property, as a

condition precedent to continuing to live there; (3) during the time that the Individual

Defendants continue to reside at the Conifer Way Property, they shall maintain all other

upkeep of the house and land, and they shall be held legally responsible for any waste of

same (reasonable wear and tear excepted); and (4) the Individual Defendants shall cooperate

with the Receiver, brokers and other sales representatives regarding the sale of the Conifer

Way Property, including making it available for showing to prospective buyers seven days

per week between 8:00 a.m. and 6:00 p.m.;

B.    The Individual Defendants shall have delivered to the Receiver no later than the

date of entry of this Order, title to their entire interest in the following motor vehicles: 2004

Lexus LS 430 (Sedan) - VIN JTHBN36F140148329; 2004 Lexus SC 430 (Sport) - VIN

JTHFN48Y440049705; and 2002 Porsche 911 Turbo - VIN WP0AB29972S686573, which the Receiver is authorized to liquidate by selling such vehicles. The amount of the proceeds from the liquidation of these vehicles shall be considered redress and shall be credited against the amount of the suspended judgment owed by the Defendants;

C.       By no later than the date of entry of this Order, the Defendants shall have released all dominion, title and control of all of the Individual Defendants' assets and the Corporate Defendants' assets held in the following accounts: (1) any and all bank and individual retirement accounts ("IRA's") maintained at Century Bank, located at 428 Rantoul Street, Beverly MA 01915, including but not limited to account numbers: 5639093, 5639107, 5647371, 66352789, 5634148, 5634121, 5647541, 5647509, 5647517, 5647525, 5647533, 5647568, 5647592, 5647606, 21320969, 41072839, 66403502, 66419417, 21277575, 99250284 (IRA), and 9925092 (IRA); and (2) any and all bank accounts maintained at St. Jean's Credit Union, located at 527 Western Avenue, Lynn, MA 01904, including but not limited to account numbers: 43879-62, 43879-40, 43879-1, 29582122, 21587593, 50107925, 50107888, and 50308127, which shall be transferred to the Receiver to be liquidated as part of the assets of the Defendants. Century Bank and St. Jean's Credit Union shall, within five days of entry of this Order, transfer all assets in these accounts to the Receiver or his designated representative. The amount of the proceeds from the liquidation of these accounts shall be considered redress and shall be credited against the amount of the suspended judgment owed by the Defendants.

*Provided, however,* that the Uniform Transfers to Minors Act ("UTMA") account number 41073460, in the name of "Taylor Marie Colon" at Century Bank (the "UTMA account"), shall be released from the receivership estate and transferred to the custody and control of a guardian *ad litem*, as soon as such guardian is appointed by the appropriate state court, and such release is predicated on the following conditions: (1) that the Individual Defendants provide the FTC with a sworn statement in their updated Financial Statements (see Paragraph IV, above) that they did not fund the UTMA account from their personal assets or those of the Corporate Defendant, but rather that monies received as gifts from friends and other family members funded the account; (2) that the Individual Defendants take all steps necessary to have a Massachusetts court appoint an independent guardian *ad litem* over the UTMA account to ensure that this account will be used solely for the benefit of Taylor Marie Colon until she reaches the age of majority; (3) neither the Individual Defendants' nor their family or friends shall serve as said guardian *ad litem*, but rather, they shall ask a state court to appoint an independent guardian *ad litem*; and (4) said guardian *ad litem* shall not be paid by the receivership estate;

D.	By no later than the date of entry of this Order, all dominion, title and control of the judgment escrow account in the approximate amount of $30,000, currently being held by the Essex Superior Court, Salem, Massachusetts, in the action of *Better Budget Financial Services, Inc. v. Peter Venetsanakos, et al.* (Case No. ESCV2004-01577) (the "Third-Party Litigation"), shall have been transferred by the Defendants to the Receiver to be liquidated as part of the assets of the Defendants upon resolution of the Third-Party Litigation.  The

amount of the proceeds from the liquidation of this escrow account shall be considered redress and shall be credited against the amount of the suspended judgment owed by the Defendants;

E.       The jewelry that is in the receivership estate pursuant to this Court's TRO, which is currently held in a safe deposit box, shall be returned by the Receiver to the Individual Defendants upon entry of this Order, and the existing asset freeze on all jewelry pursuant to the TRO and the Stipulation Modifying TRO shall be lifted upon entry of this Order;

F.       Upon entry of this Order, the Defendants shall relinquish all rights, title and interest in the receivership estate as set forth in the TRO and modified by the Stipulation Modifying TRO, except with respect to the specific property described in this Paragraph as being returned to or retained by them;

G.       Consistent with provisions in the rest of this Order, any and all funds paid pursuant to this Order shall be deposited into a fund administered by the FTC or its agent to be used for equitable relief including, but not limited to, consumer redress and any attendant expenses for the administration of any redress fund.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the FTC may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices as alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement.  Defendants have no right to challenge the FTC's choice of remedies under this Paragraph;

H.      The Commission shall have full and sole discretion to: (1) determine the criteria for participation by individual claimants in any consumer redress program implemented by this Order; (2) determine the manner and timing of any notices to be given to consumers regarding the existence and terms of such programs; and (3) delegate any and all tasks connected with such redress program to any individual, partnerships, or corporations; and pay reasonable fees, salaries, and expenses incurred thereby from the payments made pursuant to this Order;

I.      Defendants expressly waive their rights to litigate the issue of monetary relief, including disgorgement.  Defendants acknowledge and agree that all money paid pursuant to this Order is irrevocably paid to the Commission for purposes of settlement between the Commission and the Defendants;

J.      Defendants further agree that the facts as alleged in the Complaint shall be taken as true in the event of any subsequent litigation to enforce this Order or to collect amounts due pursuant to this Order, including, but not limited to, a nondischargeability complaint in any bankruptcy proceeding; and

K.      All funds paid pursuant to this Order are equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment, or forfeiture.

## VII.

### RIGHT TO REOPEN AS TO MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.      The Commission's agreement to this Order, which requires payment of less than the full amount of consumer redress, is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' financial condition, as represented in their Financial Statements, which contain material information upon which the Commission relied in negotiating and agreeing to the terms of this Order.  By agreeing to this Order, Defendants reaffirm and attest to the truthfulness, accuracy, and completeness of the Financial Statements referenced above;

B.      If, upon motion by the Commission, this Court finds that one or more Defendants failed to disclose any material asset, or materially misrepresented the value of any asset, or made any other material misrepresentation in or omission from the Financial Statements, the Court shall enter the suspended judgment against the offending Defendant, or the Defendants jointly and severally, and in favor of the Commission, in the amount in Section V of this Order, eleven million, nine hundred and seventy-eight thousand, two hundred and forty-nine dollars ($11,978,249.00), less any amounts already paid pursuant to Section VI of this Order. *Provided, however,* that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court;

C.      In accordance with 31 U.S.C. § 7701, Defendants are hereby required, unless they have done so already, to furnish to the FTC their employer identification numbers or Social Security numbers which shall be used for purposes of collecting and reporting on any delinquent amount arising out of the Defendants' relationship with the government; and

D.      Proceedings instituted under this Section are in addition to, and not in lieu of, any

other civil or criminal remedies that may be provided by law, including any other proceedings

the FTC may initiate to enforce this Order.

## VIII.

## COMPLETION OF RECEIVERSHIP

**IT IS FURTHER ORDERED** that Hernan Serrano, the Receiver appointed by this

Court's TRO and continued as Receiver by this Court's Stipulation Modifying TRO, is

hereby appointed Receiver for the Corporate Defendant for the purpose of taking the

necessary steps to liquidate the assets of the Corporate Defendant and for the assets of the

Individual Defendants set forth in Paragraph VI, and pay any net assets to the FTC to satisfy

the monetary judgment in this Order.  In acting as Receiver under this Order, the Receiver

shall be the agent of this Court and shall be accountable directly to this Court.  In carrying out

these duties, the Receiver is authorized and directed to:

F.      Take all steps necessary or advisable to locate and liquidate all assets of the

Corporate Defendant, cancel the Corporate Defendant's contracts, collect on amounts owed

to the Corporate Defendant, and take such other steps as may be necessary to terminate and

dissolve the Corporate Defendant efficiently;

G.      Provide the FTC, upon request, with any business records of the Corporate

Defendant that: (i) identify customers from whom the Corporate Defendant collected fees

(regardless of whether the fees were identified as enrollment, set-up, recurring or other fees),

including the most recent known address, telephone number, Social Security number, and the

amount of any fees paid by such customers; or (ii) identify customers who received refunds from the Corporate Defendant and the amount of the refund;

H.      Continue to exercise full control of the Corporate Defendant and continue to collect, marshal, and take custody, control and possession of all the funds, property, premises, accounts, documents, mail and other assets of, or in the possession or under the control of, the Corporate Defendant, wherever situated, the income and profits therefrom, and all sums of money now or hereafter due or owing to the Corporate Defendant, with full power to collect, receive and take possession of all goods, chattels, rights, credits, monies, effects, lands, leases, books and records, limited partnership records, work papers, and records of accounts, including computer-maintained information, contracts, financial records, monies on hand in banks and other financial institutions, and other papers and documents of other individuals, partnerships or corporations whose interests are now held by or under the direction, possession, custody or control of the Corporate Defendant;

I.      Dispose of, or arrange for the disposal of, the records of the Corporate Defendant no later than six months after the Court's approval of the Receiver's final report, except that:

    1.      To the extent that such records are reasonably available, the Receiver shall arrange for records sufficient to ascertain the funds that an individual consumer paid to the Corporate Defendant, and any payments that the Corporate Defendant made on behalf of individual consumers, to be retained for a minimum of one year from the entry of this Order; and

2.    If state or local law regulating consumer debt services requires the retention of particular records for a specified period, the Receiver shall arrange for such records to be disposed of after the specified period has expired.

To safeguard the privacy of consumers, records containing personal financial information shall be shredded, incinerated, or otherwise disposed of in a secure manner.  For records that must be retained, the Receiver may elect to retain records in their original form, or to retain photographic or electronic copies;

J.    Continue to perform all acts necessary or advisable to complete an accounting of the assets, and prevent unauthorized transfer, withdrawal, or misapplication of assets;

K.    Make payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Receiver shall apply to the Court, on prior notice to the FTC, for prior approval of any payment of any debt or obligation incurred by the Corporate Defendant prior to the date of entry of the TRO in this action, except payments that the Receiver deems necessary or advisable to secure and liquidate assets of the Corporate Defendant, such as rental payments or payment of liens;

L.    Enter into contracts and purchase insurance as advisable or necessary;

M.    Open one or more bank accounts as designated depositories for funds of the Corporate Defendant, and make all payments and disbursements from the Receivership estate from such an account.  The Receiver shall serve copies of monthly account statements on all parties;

N.      Continue to maintain accurate records of all receipts and expenditures that he makes as Receiver and provide them to the FTC; and

O.      Continue to cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

Upon completion of the tasks enumerated in sub-Paragraphs A-J above, the Receiver shall be discharged.

## IX.

## COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by, the Corporate Defendant.  The Receiver must not increase the hourly rates used as the bases for such fee applications without prior approval of the Court, upon prior notice to the FTC.

## X.

## RECEIVER'S FINAL REPORT AND DISBURSEMENT OF ASSETS OF THE CORPORATE DEFENDANTS

**IT IS FURTHER ORDERED** that:

A.      The Receiver shall liquidate the assets of the Defendants.  No later than sixty (60) days from the date of the entry of this Order, the Receiver shall file and serve on the parties a

report (the "Final Report") to the Court that details the steps taken to dissolve the

Receivership estate.  The Final Report must include an accounting of the Receivership

estate's finances and total assets and a description of what other actions, if any, must be taken

to wind-up the receivership.  Promptly thereafter, but no later than thirty (30) days after

submission of the Final Report, the Receiver shall file an application for payment of

compensation and expenses associated with his performance of duties as Receiver under this

Order and under the TRO and the Stipulation Modifying TRO entered in this proceeding.

The Receiver shall mail copies of the Final Report to all known creditors of the Corporate

Defendant with a notice stating that any objections to paying any assets of the Corporate

Defendant to satisfy the Receiver's costs and expenses and the monetary judgment set forth

in this Order must be submitted to the Court and served by mail upon the Receiver and the

parties within thirty (30) days of the mailing of the Final Report.  If subsequent actions (such

as the completion of tax returns or further actions to recover funds for the Receivership) are

appropriate, the Receiver shall file additional report or reports (the "Supplemental Reports")

describing the subsequent actions and a subsequent application for the payment of fees and

expenses related to the subsequent acts;

B.	The Court will review the Final Report and any objections to the report and, absent

a valid objection, will issue an order directing that the Receiver: (1) pay the reasonable costs

and expenses of administering the Receivership, including compensation of the Receiver and

the Receivers' personnel authorized by Paragraph IX of this Order or other orders of this

Court, and the actual out-of-pocket costs incurred by the Receiver in carrying-out his duties;

and (2) to the extent that funds remain, pay all remaining funds to the FTC or its designated agent to reduce the monetary judgment in this Order; and

C.      With Court approval, the Receiver may hold back funds for a specified period as a reserve to cover additional fees and costs related to actions to be addressed in a Supplemental Report.  If the Receiver does not make a supplemental application for fees and expenses within the specified period, or if funds remain in the reserve fund after the payments of fees and expenses approved by the Court in response to such a supplemental application, all funds remaining in the reserve fund will be paid to the FTC or its designated agent.

## XI.

## LIFTING ASSET FREEZE

**IT IS FURTHER ORDERED** that upon entry of this Order, and payment in full received by the Commission pursuant to Paragraph VI of this Order, the freeze of Defendants' assets shall be lifted.

## XII.

## COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that:

A.      Defendants and all other persons or entities served with a copy of this Order shall fully cooperate with and assist the Receiver in taking possession, custody, or control of the assets of the Defendants.   This cooperation and assistance shall include, but not be limited to, providing information to the Receiver that the Receiver deems necessary in order to exercise the authority and discharge the responsibilities of the Receiver under this Order;

providing any password required to access any computer, electronic file, or telephonic data in any medium; and advising all persons who owe money to the Corporate Defendant that all debts should be paid directly to the Receiver;

B.     Upon service of a copy of this Order, all entities that hold assets of or records related to the Defendants shall cooperate with all reasonable requests of the Receiver relating to implementation of this Order, including transferring funds at the Receiver's direction and producing records related to the assets of the Defendants and sales of the Corporate Defendant.  The entities obligated to cooperate with the Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers and other financial institutions and depositories of any kind, and all third-party billing agents, local exchange carriers, common carriers, and other telecommunications companies, that have transacted business with the Corporate Defendants;

C.     Unless directed by the Receiver, Defendants are hereby restrained and enjoined from directly or indirectly:

    1.    Interfering with the Receiver managing, or taking custody, control, or possession of, the assets or documents subject to this Receivership;

    2.    Transacting any of the business of the Corporate Defendants;

    3.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the

possession or custody of, or in which an interest is held or claimed by, the

Corporate Defendants, or the Receiver; and

4.      Refusing to cooperate with the Receiver or the Receiver's duly authorized

agents in the exercise of their duties or authority under any order of this Court.

## XIII.

## COMPLIANCE MONITORING BY FTC

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and

investigating compliance with any provision of this Order:

A.      Within ten (10) days of receipt of written notice from a representative of the

Commission, the Individual Defendants shall submit additional written reports, sworn to

under penalty of perjury; produce documents for inspection and copying; appear for

deposition; and/or provide entry during normal business hours to any business location in

such Defendant's possession or direct or indirect control to inspect the business operation;

B.      In addition, the Commission is authorized to monitor compliance with this Order by

all other lawful means, including but not limited to the following:

1.      Obtaining discovery from any person, without further leave of court, using the

procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

2.      Posing as consumers and suppliers to the Individual Defendants, the

Individual Defendants' employees, or any other entity managed or controlled

in whole or in part by one or more of the Individual Defendants without the

necessity of identification or prior notice; and

C.      The Individual Defendants shall permit representatives of the Commission to

interview any employer, consultant, independent contractor, representative, agent, or

employee who has agreed to such an interview, relating in any way to any conduct subject to

this Order.  The person interviewed may have counsel present.

      *Provided, however,* that nothing in this Order shall limit the Commission's lawful

use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49,

57b-1, to obtain any documentary material, tangible things, testimony, or information

relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning

of 15 U.S.C. § 45(a)(1)).

## XIV.

## COMPLIANCE REPORTING BY DEFENDANTS

      **IT IS FURTHER ORDERED** that, in order that compliance with the provisions of

this Order may be monitored:

A.      For a period of five (5) years from the date of entry of this Order, the Individual

Defendants shall notify the Commission of the following:

   1.   Any changes in residence, mailing addresses, and telephone numbers of the

        Individual Defendants, within ten (10) days of the date of such change;

   2.   Any changes in employment status (including self-employment) of the

        Individual Defendants, and any change in the ownership of the Individual

        Defendants in any business entity, within ten (10) days of the date of such

        change.  Such notice shall include the name and address of each business that

the Individual Defendant is affiliated with, employed by, creates or forms, or

performs services for; a statement of the nature of the business; and a

statement of the Individual Defendant's duties and responsibilities in

connection with the business or employment; and

3.    Any changes in the Individual Defendant's name or use of any aliases or

fictitious names; and

4.    Any changes in corporate structure or any business entity that an Individual

Defendant(s) directly or indirectly control(s), or has an ownership interest in,

that may affect compliance obligations arising under this Order, including but

not limited to a dissolution, assignment, sale, merger, or other action that

would result in the emergence of a successor entity; the creation or dissolution

of a subsidiary, parent, or affiliate that engages in any acts or practices subject

to this Order; the filing of a bankruptcy petition; or a change in the corporate

name or address, at least thirty (30) days prior to such change, *provided* that,

with respect to any proposed change in the corporation about which a

Defendant learns less than thirty (30) days prior to the date such action is to

take place, the Defendant shall notify the Commission as soon as is

practicable after obtaining such knowledge;

B.    One hundred eighty (180) days after the date of entry of this Order, each of the

Individual Defendants shall provide a written report to the FTC, sworn to under penalty of

perjury, setting forth in detail the manner and form in which he or she has complied and is complying with this Order.  This report shall include, but not be limited to:

1.   The then-current residence address, mailing addresses, and telephone numbers of the Individual Defendant;

2.   The then-current employment and business addresses and telephone numbers of the Individual Defendant, a description of the business activities of each such employer or business, and the title and responsibilities of the Individual Defendant, for each such employer or business;

3.   Any other changes required to be reported under Subparagraph A of this Paragraph;

4.   A copy of each acknowledgment of receipt of this Order, obtained pursuant to Paragraph XVII; and

5.   A copy of any Performance Bond obtained pursuant to Paragraph II;

C.    For the purposes of this Order, the Individual Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

Director
Federal Trade Commission
Northeast Region
One Bowling Green, Suite 318
New York, NY 10004
Re: *FTC v. Better Budget Financial Services, Inc., et al.*
Civil Action No. 04-CV-12326 (WGY)

D.      For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with the Individual Defendants.

## XV.

## RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, the Individual Defendants, in connection with any business in which he or she is the majority owner of the business or directly or indirectly controls the business, and the Individual Defendants' agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A.      Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.      Personnel records accurately reflecting the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.      Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.      Complaints and refund requests (whether received directly, indirectly or through any

third party) and any responses to those complaints or requests;

E.      Copies of all sales scripts, training materials, advertisements, or other marketing

materials, including Web sites and emails; and

F.      All records and documents necessary to demonstrate full compliance with each

provision of this Order, including but not limited to, copies of acknowledgments of receipt of

this Order, required by Paragraphs and XVI(C) and XVII, and all reports submitted to the

FTC pursuant to Paragraph XIV.

## XVI.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of

entry of this Order, the Individual Defendants shall deliver copies of the Order as directed

below:

A.      *Individual Defendants as Control Persons*.  For any business that an Individual

Defendant controls, directly or indirectly, or in which that Individual Defendant has a

majority ownership interest, the Individual Defendant must deliver a copy of this Order to all

principals, officers, directors, partners, members and managers of that business.  The

Individual Defendants must also deliver copies of this Order to all employees, agents, and

representatives of that business who engage in conduct related to the subject matter of the

Order.  For current personnel, delivery shall be within (5) days of service of this Order upon

the Individual Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities;

B.	*Individual Defendants as employees or non-control persons:*  For any business where an Individual Defendant is not a controlling person of a business, but otherwise engages in conduct related to the subject matter of this Order, the Individual Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct; and

C.	Each Defendant responsible for providing a copy of this Order must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from each person receiving a copy of the Order pursuant to this Paragraph.

## XVII.

### ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that each of the Individual Defendants must, within five (5) business days of receipt of this Order as entered by the Court, submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## XVIII.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Order.

SO ORDERED, this _____ day of _____, at _____.m., Eastern

Standard time.

_____
WILLIAM G. YOUNG
UNITED STATES DISTRICT COURT JUDGE

FOR PLAINTIFF FEDERAL TRADE
COMMISSION:

_____
CAROLE PAYNTER (CP 3091)
ELVIA GASTELO (EG 0865)
*Attorneys for Plaintiff*
Federal Trade Commission
Northeast Region
One Bowling Green, Suite 318
Telephone: (212) 607-2813 or 2811
Fax: (212) 607-2822

Dated: _____

FOR DEFENDANTS:

_____  Dated: 2/25/05
JOHN COLON, JR.,
individually and on behalf of
Better Budget Financial Services, Inc.

_____  Dated: _____
JULIE FABRIZIO-COLON

_____
IAN D. VOLNER (IV      )   VA BAR 39010
THEODORE W. ATKINSON (TA      )
CHRISTIAN H. PEDERSEN (CP      )
*Attorneys for Defendants*
Venable, LLP
575 7th Street, N.W.
Washington, D.C. 20004-1601
Tel: (202) 344-4000
Fax: (202) 344-8300
E-mail: Ivolner@venable
Dated: 2/23/05

Page 37 of 37