# EXHIBIT
# A

WILLIAM E. KOVACIC
General Counsel

BARBARA ANTHONY
Director, Northeast Region

CAROLE A. PAYNTER
ELVIA P. GASTELO
Federal Trade Commission
One Bowling Green, Suite 318
New York, New York 10004
(212) 607-2813 or 2811
Attorneys for Plaintiff

FILED
IN CLERKS OFFICE

2004 NOV -3  A 10: 37

U.S. DISTRICT COURT
DISTRICT OF MASS.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FEDERAL TRADE COMMISSION,          )
                                   )
            Plaintiff,             )
                                   )
        v.                         )      Civ No. 04-12326 (WGY)
                                   )
BETTER BUDGET FINANCIAL SERVICES, INC.,  )
JOHN COLON, JR., and JULIE FABRIZIO-COLON,  )
                                   )
            Defendants.            )
                                   )

### (Proposed) *EX PARTE* TEMPORARY RESTRAINING ORDER
### WITH ASSET FREEZE, APPOINTMENT OF RECEIVER,
### IMMEDIATE ACCESS TO DEFENDANTS' BUSINESS PREMISES,
### EXPEDITED DISCOVERY, AND ORDER TO SHOW CAUSE WHY A
### PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), having filed its

Complaint for a permanent injunction and other relief in this matter, pursuant to Section 13(b) of

the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b); and having moved *ex parte*

for a Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, and the Court having considered the pleadings, declarations, exhibits, and memorandum of law filed in support of Plaintiff's application, makes the following findings of fact:

1)    This Court has jurisdiction of the subject matter of this case, and there is good cause to believe it will have jurisdiction over all parties.

2)    There is good cause to believe that the Defendants Better Budget Financial Services, Inc., John Colon Jr. and Julie Fabrizio-Colon have engaged and are likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that the Commission is therefore likely to prevail on the merits of this action.

3)    There is good cause to believe that immediate and irreparable damage to the FTC's ability to secure effective final relief for consumers in the form of monetary redress will occur, from the sale, transfer, or other disposition or concealment by the Defendants of assets or records, before said Defendants can be heard in opposition. There is thus good cause for issuing this Order pursuant to Fed. R. Civ. P. 65(b) and for relieving the Plaintiff of the duty to provide the Defendants with prior notice of the Plaintiff's motion.

4)    There is good cause to order an asset freeze and appoint a Temporary Receiver.

5)    Weighing the equities and considering the Plaintiff's likelihood of ultimate success in its cause of action, this temporary restraining order with asset freeze and other equitable relief is in the public interest.

2

6) No security is required of any agency of the United States for issuance of a restraining order. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this temporary restraining order, the following definitions shall apply:

1. **"Asset"** means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, premises, mail or other deliveries, shares of stock, lists of consumer names, inventory, checks, notes, accounts, credits, receivables, funds, and all cash, wherever located.

2. **"Assisting others"** means knowingly providing any of the following goods or services to another person or entity:

   a. performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; or

   b. formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material; or

   c. providing names of, or assisting in the generation of, potential customers; or

   d. performing marketing services of any kind.

3. **"Consumer"** means any person, including any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

4. **"Debtor"** means any consumer indebted to a creditor or creditors

5. **"Debt negotiation"** means

3

a.   the business or practice of receiving, in return for consideration, the scheduled

receipt of a debtor's monies, or evidences thereof, for the purpose of distribution

among certain specified creditors in payment, or partial payment, of the debtor's

obligations; or

b.   the business or practice of acting or offering or attempting to act as an

intermediary between a debtor and his creditors for the purpose of settling,

negotiating, or in any way altering the terms of payment of any debt of a debtor.

6.   **"Defendants"** means Better Budget Financial Services, Inc., John Colon, Jr., and Julie

Fabrizio-Colon, and each of them, by whatever names each might be known, as well as

their successors, assigns, officers, agents, directors, servants, employees, salespersons,

independent contractors, attorneys, corporations, subsidiaries, affiliates, divisions, sales

entities, related entities, and all other persons or entities directly or indirectly under their

control or under common control with them.

7.   **"Document"** is synonymous in meaning and equal in scope to the usage of the term in

Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts,

photographs, audio and video recordings, computer records, and other data compilations

from which information can be obtained and translated, if necessary, through detection

devices into reasonably usable form.  A draft or non-identical copy is a separate document

within the meaning of the term "document."

8.   **"Internet"** means a worldwide system of linked computer networks that use a common

protocol to deliver and receive information.  The "Internet" includes, but is not limited to,

the following forms of electronic communication: electronic mail and mailing lists, the

4

World Wide Web ("Web"), bulletin boards and newsgroups, chat groups, remote computer access (telnet), and file transfer protocol (ftp).

9. **"Receivership Defendants"** means Better Budget Financial Services, Inc., and whatever names it might otherwise be known, as well as its parents, subsidiaries, affiliates, successors, assigns, officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, divisions, sales entities, related entities, and all other persons or entities directly or indirectly under their control or under common control with them.

10. **"URL"** is an abbreviation for Uniform Resource Locator. Each Web page and Web site has a distinct URL, such as www.betterbudgetservices.net or www.termidebt.com, that serves as a unique Internet address for that Web site or Web page.

11. A **"Web page"** is a single electronic document within a Web site, readily viewable on a computer by anyone with access to the Internet, standard software, and knowledge of the Web page or Web site's URL. Web site visitors generally first link to its "home page," which is a Web page that serves as an index, or gateway, to the rest of the Web site's contents.

12. A **"Web site"** is a set of electronic documents, usually a home page and subordinate pages, readily viewable on a computer by anyone with access to the Internet, standard software, and knowledge of the Web site's URL.

13. The terms **"and"** and **"or"** shall be construed conjunctively or disjunctively as necessary, and to make the applicable phrase or sentence inclusive rather than exclusive.

## I. PROHIBITED MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that in connection with the advertising, promotion, offering, or sale of any services providing debt consolidation, debt reduction, debt negotiation, or credit repair by telephone, on or through the Internet, the World Wide Web, any web site, or otherwise in commerce, the Defendants, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, including, but not limited to, fictitious business names, are hereby temporarily restrained and enjoined from:

1. Making, or assisting in the making of, expressly or by implication, orally or in writing, any statement or representation of material fact that is false or misleading, including but not limited to, any misrepresentation that:

   a. a consumer who purchases Defendants' service will be able to pay off unsecured debts for a reduced amount;

   b. Defendants will settle each creditor's account once the consumer accumulates one-half of the amount owed to the creditor;

   c. Defendants will ensure that creditors do not call or harass consumers about payments on the consumer's debts that may be overdue; and

2. Making, or assisting in the making of, expressly or by implication, orally or in writing, any statement or representation of material fact that is false or misleading, including but not limited to, any misrepresentation about any other fact material to

6

a consumer's decision to purchase any service providing debt consolidation, debt reduction, debt negotiation, or credit repair.

## II. PROHIBITED BUSINESS PRACTICES

**IT IS THEREFORE ORDERED** that the Defendants, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, including, but not limited to, fictitious business names, must immediately take whatever steps may be necessary to ensure that Web pages or Web sites operated, in whole or in part, under the names www.betterbudgetservices.net and www.termidebt.com cannot be accessed by the public; and

**IT IS FURTHER ORDERED** that the Defendants, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, including, but not limited to, fictitious business names, are hereby temporarily restrained and enjoined from:

A. Owning, operating, managing, and editing a debt negotiation Web site or Web page;

B. Inserting any type of code or command in any Web page or on any Web site that automatically redirects a consumer to any other Web page or Web site;

C. Advertising or promoting debt negotiation services on any Web page or Web site;

D. Misrepresenting the contents of their Web pages or Web sites through the use of meta tags, or by any other means;

7

E.    Overriding the normal functioning of a consumer's Internet browser; and

F.    Registering any new domain names, either directly or through any third party, without notifying counsel for the FTC within 24 hours of such action.  Such notice shall include the true identity of the domain name registrant, his or her mailing address, e-mail address, and telephone number.

### III.  WEB HOSTING

**IT IS FURTHER ORDERED** that, pending final resolution of this matter, any party hosting any Web pages or Web sites for Defendants, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, including, but not limited to, fictitious business names, shall:

A.    Immediately take whatever steps may be necessary to ensure that Web pages or Web sites operated, in whole or in part, under the names www.betterbudgetservices.net and www.termidebt.com, cannot be accessed by the public;

B.    Prevent the destruction, or erasure of Web pages or Web sites operated, in whole or in part, under the names www.betterbudgetservices.net and www.termidebt.com by preserving such documents in the format in which they are currently maintained; and

C.    Immediately notify counsel for the FTC of any other Web page or Web site operated or controlled by any defendant.

8

## IV.  ASSET FREEZE

**IT IS FURTHER ORDERED** that the Defendants are hereby temporarily restrained and enjoined from:

A.     Transferring, liquidating, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, pledging or otherwise disposing of any funds, credit instruments, real or personal property, accounts, contracts, lists of consumer names, shares of stock or other assets, wherever located, including outside the United States, other than to make transfers to any Temporary Receiver appointed herein, that are:

1.     Owned or controlled by the Defendants, in whole or in part, including but not limited to any assets held by, for, or under the name of the Defendants at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution, depository of any kind, or business entity, including but not limited to the following:

(a)     any and all bank accounts maintained at Century Bank, located at 428 Rantoul Street, Beverly MA 01915, including but not limited to account numbers:  66352789, 5639093, 5639107, 5634148, 5634121, and 5647371; and

(b)     any and all bank accounts maintained at St. Jean's Credit Union, located at 527 Western Avenue, Lynn, MA 01904, including but not limited to account number:  50308127;

9

2.     In the actual or constructive possession of Defendants; or

3.     Owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by or under common control with Defendants.

B.     Opening or causing to be opened any safe deposit boxes, titled, singly or jointly, in the name of any Defendant, or subject to access by any of these Defendant.

C.     Incurring charges on any credit card issued in the name, singly or jointly of any Defendant.

D.     Collecting, opening, or causing to be collected or opened, any mail, received by or on behalf of the Receivership Defendant, at any address, including but not limited to the following: 800 Cummings Center, Suites 152R and 260T, Beverly MA, 01915, and failing to turn over any such mail to the Temporary Receiver.

E.     Obtaining a personal or secured loan; and

F.     Incurring liens or other encumbrances on real property, personal property or other assets of the Defendants in the name of Defendants, singly or jointly.

**IT IS FURTHER ORDERED** that:

G.     The assets affected by this Paragraph shall include both existing assets and assets acquired after the effective date of this Order.

H.     Notwithstanding the provisions of this Paragraph, the Defendants may make transfers as directed by the Temporary Receiver appointed by this Court, or as otherwise ordered by this Court upon proper showing and after notice to counsel for the Commission.

10

## V. CUSTOMER LISTS

**IT IS FURTHER ORDERED** that the Defendants are hereby temporarily restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, debit card number, bank account number, e-mail address, or other identifying information of any person who paid any money to any Defendant, at any time prior to entry of this Order, in connection with the telemarketing, advertising, promoting, offering for sale, and selling of debt negotiation services. Provided, however, that the Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order. The Defendants are also hereby temporarily restrained and enjoined from making any use of their own customer lists in any business, whether or not related to the present action.

## VI. RETENTION OF ASSETS AND RECORDS HELD BY THIRD PARTIES

**IT IS FURTHER ORDERED** that, pending determination of the Commission's request for a Preliminary Injunction, any financial or brokerage institution, business entity, or person served with a copy of this Order, that holds, controls or maintains custody of any account or asset of any Defendant, or has held, controlled or maintained custody of any such account or asset at any time since January 1, 2001 shall:

A.  Prohibit the Defendants from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such account or asset except as directed by further order of the Court;

11

B.    Deny the Defendants access to any safety deposit box, that is:

    1.    Titled in the name of any of the Defendants, either individually or jointly; or

    2.    Otherwise subject to access by any of the Defendants, either individually or jointly;

C.    Provide counsel for the Commission and the Temporary Receiver, within five (5) business days of receiving a copy of this Order, a sworn statement setting forth:

    1.    The identification number and description of each such account or asset titled in the name, individually or jointly, of the Defendants, or held on behalf of, or for the benefit of, any Defendant;

    2.    The balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

    3.    The identification of any safe deposit box that is either titled in the name, individually or jointly, of the Defendants, or otherwise subject to access by any Defendant; and

D.    Upon the request of the Temporary Receiver or the Commission, promptly provide the Temporary Receiver and the Commission with copies of all records or other documentation pertaining to any account or asset of any Defendant,

12

including but not limited to originals or copies of account applications, account

statements, signature cards, checks, drafts, deposit tickets, transfers to and from

the accounts, all other debit and credit instruments or slips, currency transaction

reports, 1099 forms, and safe deposit box logs.  Any such financial institution,

account custodian, or other aforementioned entity shall arrange for Plaintiff and

the Temporary Receiver to obtain copies of any such records which Plaintiff

seeks, *provided* that such institution or custodian may charge a reasonable fee not

to exceed ten cents (15¢) per page copied; and

E.    Cooperate with all requests of the Temporary Receiver relating to implementation

of this Order, including transferring funds or other assets at the Temporary

Receiver's direction and producing records related to the accounts or assets of any

Defendant.

## VII.  REPATRIATION OF ASSETS AND DOCUMENTS LOCATED IN FOREIGN COUNTRIES

**IT IS FURTHER ORDERED** that the Defendants shall:

A.    Within forty-eight (48) hours following the service of this Order, take such steps

as are necessary to transfer to the territory of the United States of America all

documents and assets that are located outside of such territory and are held by or

for the Defendants or are under their direct or indirect control, jointly, severally,

or individually;

B.    Within forty-eight (48) hours following the service of this Order, provide counsel

for the Commission and the Temporary Receiver with a full accounting of all

13

documents and assets that are located outside of such territory and are held by or for the benefit of the Defendants or are under their direct or indirect control, whether jointly, severally, or individually;

C.   Hold and retain all documents and assets transferred pursuant to Subparagraph A and prevent any transfer, disposition, or dissipation whatsoever of any such assets or funds; and

D.   Provide counsel for the Commission with access to records and documents of the Defendants held by financial institutions outside the territorial United States of America, by signing and delivering to Plaintiff the Consent of Release of Financial Records attached hereto as Attachment A within forty-eight (48) hours of service of this Order.

## VIII.  INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that the Defendants are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of Defendants' foreign assets or in the hindrance of the repatriation required by the preceding Paragraph of this Order, including but not limited to:

A.   Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to Section VII of this Order;

14

B.    Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Section VII of this Order.

## IX.  IMMEDIATE ACCESS TO DEFENDANTS' BUSINESS PREMISES

**IT IS FURTHER ORDERED** that the Defendants shall allow the Temporary Receiver and the Commission's representatives immediate access to the Defendants' business premises, including but not limited to all such premises located at 800 Cummings Center, Suites 152R and 260T, Beverly MA 01915, 434 Rantoul Street, Beverly MA 01915, and all sales offices, branch offices, storage facilities or other offices used by the Defendants. The purpose of this access shall be solely to inspect and copy materials relevant to this action and to inventory the assets and documents of the Defendants including, but not limited to:

A.    Documents evidencing, referring to, or relating to each Defendant's financial status, including but not limited to, the nature or location of any bank account, safe deposit box, or any other asset of any Defendant;

B.    Documents evidencing, referring to, or relating to the telemarketing, advertising, promoting, offering for sale, and selling of debt negotiation services and other services to any consumer and any correspondence, transaction, or other communication by or between any consumer or prospective consumer and any Defendant or any of their representatives, employees, agents, or officers; and

C.    Documents evidencing, or referring to, any correspondence, action, or other communication by or between any law enforcement agency, consumer group, or

15

Better Business Bureau and any Defendant or any of their representatives, employees, agents, or officers.

The Defendants shall provide the Commission and the Temporary Receiver with all necessary means of access to these materials, including, without limitation, keys, lock combinations, and computer access codes. The Temporary Receiver and the Commission may remove such materials from the Defendants' business premises so they may be inspected, inventoried, and copied, so long as all such documents are returned in the same condition as when they were taken, and returned to the offices from which they were taken within five (5) business days of completing said inventory and copying. In no event shall such materials be retained longer than ten (10) business days.

## X. EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the Commission and the Temporary Receiver are granted leave to conduct certain expedited discovery, and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, expedited discovery shall proceed as follows:

A.   Pursuant to Fed. R. Civ. P. 30, the Commission may take depositions upon oral examination concerning the nature, location, status, and extent of the Defendants' assets; the status and location of documents reflecting the Defendants' business transactions; and compliance with this Order, on two (2) days notice of any such deposition. Depositions may be taken Monday through Saturday. Deposition transcripts that have not been signed by the witness may be used for purposes of

16

the hearing on the Order to Show Cause Why a Preliminary Injunction Should Not Issue.

    *Provided*, that this Subparagraph permitting expedited deposition discovery concerning the nature, location, status, and extent of the Defendants' assets, the status and location of documents reflecting the Defendants' business transactions, and compliance with this Order, shall not be construed in any manner to preclude Plaintiff's right to take subsequent depositions of the same witnesses on the merits of this action.

    *Provided, further,* that any deposition taken pursuant to this Subparagraph is in addition to, and not subject to, the presumptive limits on depositions set forth in Fed. R. Civ. P. 30(a)(2)(A).

B.    Pursuant to Fed. R. Civ. P. 34(b), the Defendants shall produce all documents requested by the Commission within two (2) days of service of such request, with production of documents made to Commission counsel at the address listed in Paragraph XXVI, or to such other person or place as counsel for the Commission may direct in writing.

    *Provided,* that, in the event any of the Defendants' documents have been removed from the Defendants' premises by, and are in the possession of another law enforcement or investigative agency, the Commission may have immediate access to such documents for purposes of inspection, indexing, and copying, subject to the agency consenting to access by the Commission.

17

*Provided, further,* that this Subparagraph shall extend to parties and non-parties.

## XI. FINANCIAL REPORTS

**IT IS FURTHER ORDERED** that the Defendants, within forty-eight (48) hours of service of this Order, shall prepare and deliver to the Temporary Receiver, and to counsel for the Commission:

A.    Completed financial statements on the forms attached to this Order as Attachments B and C, for each individual Defendant, for each corporate Defendant, and for each business entity (whether or not incorporated) under which they conduct any business, or of which any Defendant is an owner or officer, and for each trust of which any Defendant is a trustee. The financial statements shall be accurate as of the date of entry of this Order; and

B.    All current accountants' reports; all federal tax returns filed since January 1, 2001; documents indicating title to real or personal property; and other indicia of ownership that are now in any of the Defendants' actual or constructive possession.

## XII. IDENTIFYING INFORMATION RELATING TO ACCOUNTANTS, FINANCIAL PLANNERS, INVESTMENT ADVISORS, STOCK BROKERS AND OTHERS

**IT IS FURTHER ORDERED** that the Defendants, within forty-eight (48) hours after service of this Order, shall provide counsel for the Commission and the Temporary Receiver: (1) the name, address and telephone number for each accountant, financial planner, investment advisor, stock broker or other individual, corporation or partnership whom they hire for personal

18

advice or services, including but not limited to preparation of tax returns and investment advice,

since January 1, 2001, and (2) the name, address and telephone number for each accountant,

financial planner, investment advisor, stockbroker or other individual, corporation or partnership

who was hired on behalf of the Defendants since January 1, 2001.

### XIII.  RECORD KEEPING/BUSINESS OPERATIONS

**IT IS FURTHER ORDERED** that the Defendants are hereby temporarily restrained and

enjoined from:

A.   Failing to create and maintain documents that, in reasonable detail, accurately,

fairly, and completely reflect their incomes, disbursements, transactions, and use

of money;

B.   Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise

disposing of, in any manner, directly or indirectly, any contracts, accounting data,

correspondence, advertisements, computer tapes, discs, or other computerized

records, books, written or printed records, handwritten notes, telephone logs,

telephone scripts, receipt books, ledgers, personal and business canceled checks

and check registers, bank statements, appointment books, copies of federal, state

or local business or personal income or property tax returns, and other documents

or records of any kind that relate to the business practices or business or personal

finances of the Defendants; and

C.   Creating, operating, or exercising any control over any business entity, including

any partnership, limited partnership, joint venture, sole proprietorship or

corporation, without first providing counsel for the Commission with a written

statement disclosing:  (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities.

## XIV. DISTRIBUTION OF ORDER BY DEFENDANTS

IT IS FURTHER ORDERED that the Defendants shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, agent, attorney, and representative of the Defendants and shall, within five (5) calendar days from the date of entry of this Order, provide counsel for the Commission and the Temporary Receiver with a sworn statement that each Defendant has complied with this provision of the Order, which statement shall include the names and addresses of each such person or entity who received a copy of the Order.  The Temporary Receiver has no obligation under this Paragraph.

## XV. APPOINTMENT OF TEMPORARY RECEIVER *wd*

IT IS FURTHER ORDERED that Hernan Serrano, Jr. , whose address is New York City , is appointed Temporary Receiver for the Receivership Defendant, with the full power of an equity receiver for the Receivership Defendant, and all of the funds, properties, premises, accounts, and other assets directly owned by the Receivership Defendant.  The Temporary Receiver shall be solely the agent of this Court in acting as Temporary Receiver under this Order.  The Temporary Receiver shall be accountable directly to this Court.  The Temporary Receiver shall comply with all Local Rules of this Court governing receivers.

20

## XVI. RECEIVERSHIP DUTIES AND AUTHORITY

**IT IS FURTHER ORDERED** that the Temporary Receiver is directed and authorized to accomplish the following:

A.    Assume full control of the Receivership Defendant by removing, as the Temporary Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendant, including any Defendant, from control of, management of, or participation in, the affairs of the business of the Receivership Defendant and manage and administer the business of the Receivership Defendant until such further Order of this Court by performing all incidental acts that the Temporary Receiver deems to be advisable or necessary, which includes retaining or hiring any employees, independent contractors or agents;

B.    Collect, marshal, and take exclusive custody, control and possession of all funds, property, books and records, accounts, mail, and other assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated, including but not limited to: 800 Cummings Center, Suites 152R and 260T, Beverly MA 01915 and 434 Rantoul Street, Beverly MA 01915. The Temporary Receiver's authority to collect any and all mail relating to the affairs of the Receivership Defendants in the possession, custody, or under the control of, the Defendants, shall extend to mail in the possession of any third parties. The Temporary Receiver shall have full power to change mailing addresses of the Receivership Defendants. The Temporary Receiver shall have

21

full power to change any locks on any real or personal property of the

Receivership Defendants. The Temporary Receiver shall have full power to divert

mail, sue for, collect, receive and take possession of all goods, chattels, rights,

credits, moneys, effects, land, leases, books, records, work papers, and records of

accounts, including computer-maintained information, and other papers and

documents of the Receivership Defendants, including documents related to

customers or clients whose interest are now held by or under the direction,

possession, custody or control of the Defendants or under the control of any third

party for the benefit of the Defendants. The Temporary Receiver shall assume

control over the income and profits therefrom and all sums of money now or

hereafter due or owing to the Receivership Defendants. *Provided, however,* the

Temporary Receiver shall not attempt to collect any amount from a consumer if

the Temporary Receiver believes the consumer was a victim of the deceptive acts

or practices alleged in the Complaint in this matter, without prior Court approval;

C.    Take all steps necessary to secure the business premises of the Receivership

Defendants, including but not limited to all such premises located at 800

Cummings Center, Suites 152R and 260, Beverly MA 01915 and 434 Rantoul

Street, Beverly MA 01915. Such steps may include, but are not limited to, the

following, as the Temporary Receiver deems necessary or advisable: (1) serving

and filing this Order; (2) completing a written inventory of all Receivership

assets; (3) obtaining pertinent information from all employees and other agents of

the Receivership Defendants, including, but not limited to, the name, home

22

address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing or videotaping all portions of the Receivership Defendants' business premises; (5) securing the Receivership Defendants' business premises by changing the locks on any real or personal property of the Receivership Defendants; (6) disconnecting any computer modems or other means of access to the computer or other records maintained at the Receivership Defendants' business premises; (7) requiring any persons present on the Receivership Defendants' business premises at the time this Order is served to vacate the premises, to provide the Temporary Receiver with proof of identification, or to demonstrate to the satisfaction of the Temporary Receiver that such persons are not removing from the premises documents or assets of the Defendants. Law enforcement personnel, including but not limited to, local police or sheriffs, may assist the Temporary Receiver in implementing these provisions in order to keep the peace and maintain security;

D.   Conserve, hold, and manage all Receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Defendants, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets;

E.   Enter into contracts and purchase insurance as advisable or necessary, including, but not limited to, (1) the retention and employment of investigators, attorneys or

23

accountants of the Temporary Receiver's choice, including, without limitation, members and employees of the Temporary Receiver's firm, to assist, advise and represent the Temporary Receiver, and (2) the movement and storage of any equipment, furniture, records, files, or other physical property of the Defendants;

F.     Prevent the inequitable distribution of the Receivership assets, and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Defendants;

G.     Have the *sole* legal authority to hire legal counsel on behalf of the Receivership Defendants;

H.     Make payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Temporary Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by any Receivership Defendant prior to the date of entry of this Order, except payments that the Temporary Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments;

I.     Institute, prosecute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that the Temporary Receiver deems necessary and advisable to preserve or recover the assets of the Defendants or that the Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's mandate under this Order;

24

J.     Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Temporary Receiver in his role as Temporary Receiver, or against the Defendants that the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants or that the Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's mandate under this Order;

K.     Issue subpoenas to obtain documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the Receivership estate;

L.     Open one or more bank accounts as designated depositories for funds of the Receivership Defendants. The Temporary Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the Receivership estate from such an account;

M.     Maintain accurate records of all receipts and expenditures that he makes as Temporary Receiver;

N.     Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency; and

O.     Have the *sole* legal authority to file, or cause to be filed, any petition on behalf of the Receivership Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, and only with prior written permission from this Court after notice to counsel for the Commission.

P.     Prepare and submit a Report to this Court and to the parties, not less than three (3) days prior to the scheduled Preliminary Injunction Hearing, describing the

25

Receiver's activities in connection with carrying out the Receiver's obligations and responsibilities under the Order, the Receivership Defendants' business activities, sales volume and/or number of purchasers, and assets and liabilities, to the extent such information is known to or has been provided to the Receiver, and any other information the Receiver believes is relevant to the Court.

## XVII.   COOPERATION WITH THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Defendants shall fully cooperate with and assist the Temporary Receiver. The Defendants' cooperation and assistance shall include, but not be limited to, providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercising the authority and discharging the responsibilities of the Temporary Receiver under this Order; providing any password or entry code required to access any computer or electronic files of the Defendants in any medium; or advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Temporary Receiver. The Defendants are hereby restrained and enjoined from directly or indirectly:

A.    Transacting any of the business of the Receivership Defendants;

B.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Defendants, including, but not limited to, books, records, accounts, or any other papers of any kind or nature;

C.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Defendants or the Temporary Receiver;

26

D.   Excusing debts owed to the Defendants;

E.   Failing to notify the Temporary Receiver of any asset, including accounts, of a Receivership Defendant held in any name other than the name of the Receivership Defendant, or by any person or entity other than the Receivership Defendant, or failing to provide any assistance or information requested by the Temporary Receiver in connection with obtaining possession, custody, or control of such assets; or

F.   Doing any act or refraining from any act whatsoever to interfere with the Temporary Receiver taking custody, control, possession, or managing of Receivership Defendants' assets or documents; or to harass or interfere with the Temporary Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Temporary Receiver or the Temporary Receiver's duly authorized agents in the exercise of their duties or authority under this Order, including but not limited to the preparation of the lists, schedules and statements required by Fed. R. Bankr. P. 1007 in any bankruptcy case commenced by the Temporary Receiver on behalf of the Receivership Defendants, without first obtaining leave of this Court.

## XVIII.  DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that:

A.   Immediately upon service of this Order upon them, or within a period permitted by the Temporary Receiver, the Defendants and any other person or entity served

with a copy of this Order shall forthwith or within such time as permitted by the Temporary Receiver in writing, transfer or deliver possession, custody, and control of the following to the Temporary Receiver:

1. All assets, all property, owned beneficially or otherwise, wherever situated, of the Receivership Defendants;

2. All documents of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

7) All assets belonging to members of the public now held by the Receivership Defendants;

8) All keys, computer passwords, entry codes and combination locks necessary to gain or to secure access to any assets or documents of the Receivership Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property;

3. Information identifying the accounts, employees, properties or other assets or obligations of the Receivership Defendants.

B. In the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Paragraph, the Temporary Receiver may file an Affidavit of Non-Compliance regarding such failure. Upon filing of the affidavit, the Court may

28

authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Temporary Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county (pursuant to Federal Rule of Civil Procedure 4(c)(2)) to seize the asset, document, or other thing and to deliver it to the Temporary Receiver.

### XIX.  TRANSFER OF FUNDS TO THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, or other financial institutions shall cooperate with all reasonable requests of the Temporary Receiver relating to implementation of this Order, including transferring funds at his direction and producing records related to the assets of the Receivership Defendant.

### XX.  STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

B.      Except by leave of this Court, during the pendency of the Receivership ordered herein, the Defendants and all vendors, principals, investors, creditors, stockholders, lessors, and all other persons and entities seeking to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, any of the Defendants, and all others acting for or on behalf of such persons, including attorneys, trustees, agents, sheriffs, constables, marshals, and other officers and their deputies, and their respective attorneys, servants, agents and employees, be and are hereby stayed from:

29

1. Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding against any of the Defendants, except that such actions may be filed to toll any applicable statute of limitations;

9) Commencing, prosecuting, continuing, or entering any suit or proceeding in the name of or on behalf of any of the Defendants;

10) Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset of the Defendants; attempting to foreclose, forfeit, alter, or terminate any of the Defendants' interest in any asset, including without limitation, the establishment, granting, or perfection of any security interest, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

2. Using self-help, executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon, any assets of any of the Defendants or the Temporary Receiver appointed by this Order or any agent appointed by said Temporary Receiver; or

3. Taking any action or doing anything whatsoever to interfere with the Temporary Receiver taking custody, control, possession, or management

30

of the Receivership Defendants' assets or documents, or to interfere in any way with the Temporary Receiver, or to harass or interfere with the duties of the Temporary Receiver, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants, or their subsidiaries or affiliates.

B.     This Paragraph does not stay:

    1)     The commencement or continuation of a criminal action or proceeding;

    2)     The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

    3)     The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power, including execution on any security interest in favor of the FTC;

    4)     The commencement of any action by the Secretary of the United States Department of Housing and Urban Development to foreclose a mortgage or deed of trust in any case in which the mortgage or deed of trust held by the Secretary is insured or was formerly insured under the National Housing Act and covers property, or combinations of property, consisting of five or more living units; or

    5)     The issuance to a Defendant of a notice of tax deficiency.

31

C.    Except as otherwise provided in this Order, all persons and entities in need of documentation from the Temporary Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Temporary Receiver, and, if such request has not been responded to within thirty (30) days of receipt by the Temporary Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

## XXI. COMPENSATION OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Temporary Receiver and all personnel hired by the Temporary Receiver as herein authorized, including counsel to the Temporary Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by the Defendants. Said fees and out-of-pocket expenses shall be paid prior to any monetary relief that may be awarded by this Court to purchasers of the Defendants' debt negotiation services, including Internet access, website design and other services. The Temporary Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, which shall exclude the costs of filing and service, with the first such request filed no more than sixty (60) days after the date of this Order. The Temporary Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court and without prior notice to counsel for the Commission.

## XXII.  WITHDRAWAL OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Temporary Receiver and any professional retained by the Temporary Receiver, including but not limited to his or her attorneys and accountants, be and are hereby authorized to withdraw from their respective appointments or representations at any time after the date of this Order, for any reason in their sole and absolute discretion, by sending written notice seven (7) days prior to the date the Temporary Receiver intends to withdraw to the Court and to the parties; and such Temporary Receiver and professionals shall be relieved of all liabilities and responsibilities seven (7) days from the date of such notice or withdrawal.  The written notice shall include an interim report indicating the Temporary Receiver's actions and reflect its knowledge gained.  The report shall also contain the Temporary Receiver's recommendations, if any.

## XXIII.  TEMPORARY RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Temporary Receiver shall file with the Clerk of this Court within seven (7) days of entry of this Order, a bond in the sum of _____ with sureties to be approved by the Court, conditioned that the Temporary Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## XXIV.  CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that the Commission may obtain credit reports concerning any Defendant pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), and that upon written request, any credit reporting agency from which such reports are requested shall provide them to the Commission.

33

## XXV.  USE OF ALIASES

**IT IS FURTHER ORDERED** that the Defendants are hereby enjoined from using any fictitious, false, or assumed title or name, other than their own proper name, or otherwise misrepresenting their true identities in the course of business dealings or in publicly filed documents.

## XXVI.  SERVICE OF PLEADINGS

**IT IS FURTHER ORDERED** that:

A.    The Defendants shall file with the Court and serve counsel for the Commission and the Temporary Receiver their response to the Order to Show Cause Why a Preliminary Injunction Should Not Issue, including all declarations, exhibits, memoranda, and other evidence, not less than seventy-two (72) hours prior to the hearing on such application.  The Defendants shall serve copies of all such materials on the Commission, by hand, by facsimile transmission, or by overnight delivery service to the attention of counsel for the Commission, Carole A. Paynter at Federal Trade Commission, Northeast Regional Office, 1 Bowling Green, Suite 318, New York, NY 10004 (facsimile transmission to (212) 607-2832).  *Provided, however,* that if the Defendants choose to serve the Commission via overnight delivery, the documents shall be delivered so that they shall be received by the Commission at least seventy-two (72) hours prior to the hearing.

B.    Service on the Temporary Receiver shall be performed by delivery to the attention of

34

C.  The Commission shall file with the Court and serve on the Defendants and the Temporary Receiver any supplemental memoranda, declarations, materials, or other evidence not less than twenty-four (24) hours prior to the hearing on the Order to Show Cause Why a Preliminary Injunction Should Not Issue.  The Commission shall serve copies of all such materials on counsel for each Defendant by hand, by facsimile transmission, or by overnight delivery service.  *Provided, however*, that if the Commission chooses to serve any Defendant via overnight delivery, the documents shall be delivered so that they shall be received by such Defendant at least twenty-four (24) hours prior to the hearing.  Consumer declarations previously filed as exhibits in support of this Order comply with the disclosure requirements of this Paragraph.

D.  Pursuant to Federal Rule of Civil Procedure 4(c)(2), the copies of this Order and the initial pleadings and papers filed in this matter, including the Complaint and summonses, may be served by employees and agents of the Commission, by employees of any state or other federal law enforcement agency, including but not limited to the United States Marshal's Office and the Federal Bureau of Investigation, and by agents of any process servers retained by the Commission, upon any office of the Defendants, any individual Defendant, any financial or brokerage institution, or any person or entity that may be in possession of any assets, property, or property rights of the Defendants.

E.  The issuance of a preliminary injunction shall be determined on the pleadings, declarations, memoranda, and other exhibits filed by the parties and on oral

35

argument, without live testimony. Any party who desires to present live testimony at the hearing shall file a motion requesting leave to present live testimony, and serve such motion on all opposing parties, not less than seventy-two (72) hours prior to the hearing on the Order to Show Cause Why a Preliminary Injunction Should Not Issue. The request shall set forth in detail the reasons why an evidentiary hearing is desired and how such hearing would be helpful to the Court. In addition, the request shall set forth a witness list that shall include the name, address, and telephone number of any such witness, and either a summary of the witness' expected testimony, or the witness' declaration revealing the substance of such witness' expected testimony. *Provided,* that if service is via overnight delivery, the documents shall be delivered so that they shall be received by all parties at least seventy-two (72) hours prior to the hearing.

Any party opposing a request to present live testimony shall file its written opposition, and serve such motion on all parties, not less than twenty-four (24) hours prior to the hearing on the Order to Show Cause Why a Preliminary Injunction Should Not Issue. Any party opposing a request to present live testimony also shall file its witness list, and serve such witness list on all parties, not less than twenty-four (24) hours prior to the hearing on the Order to Show Cause Why a Preliminary Injunction Should Not Issue. For purposes of this Subparagraph, service shall be by hand, by facsimile transmission, or by overnight delivery service. *Provided,* that if service is via overnight delivery, the documents shall be delivered so that they shall be received by all parties at least twenty-four (24) hours prior to the hearing.

## XXVII. DURATION OF TEMPORARY RESTRAINING ORDER

IT IS FURTHER ORDERED that the Temporary Restraining Order granted herein

shall expire on *Nov. 10*, 2004, at *9:00* o'clock *p*.m., unless within such time,

the Order, for good cause shown, is extended for an additional period not to exceed ten (10) days,

or unless it is further extended pursuant to Federal Rule of Civil Procedure 65.

## XXVIII. ORDER TO SHOW CAUSE RE: PERMANENT RECEIVER AND PRELIMINARY INJUNCTION

IT IS FURTHER ORDERED, pursuant to Federal Rule of Civil Procedure 65(b), that

each of the Defendants shall appear before this Court on the *10* day of *November*,

2004, at *9* o'clock *p*.m., at the United States courthouse located at

*US District Court*, Room *18*, to show cause, if there is any, why this

Court should not appoint a Permanent Receiver for the Receivership Defendants and enter a

preliminary injunction, pending final ruling on the Complaint against the Defendants, enjoining

the Defendants from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a),

continuing the freeze of their assets, and imposing such additional relief as may be appropriate.

## XXIV. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for

all purposes.

SO ORDERED, this *3* day of *November*, 2004, at *a* .m.

_William G. Young_
UNITED STATES DISTRICT COURT JUDGE

37