## Zlotnick, Peter

**From:** Atkinson, Theodore W. [TAtkinson@Venable.com]
**Sent:** Tuesday, February 15, 2005 1:04 PM
**To:** Zlotnick, Peter; Hernan Serrano
**Subject:** ACH Transaction Information

THIS E-MAIL SUBJECT TO ATTORNEY WORK PRODUCT PRIVILEGE AND IS NOT TO BE SHARED WITH ANY THIRD PARTY, INCLUDING, BUT NOT LIMITED TO, FTC COUNSEL

Peter and Hernan:

In preparing our defense, we are seeking to obtain reports of ACH transactions from the AFG website used by BBFS to run ACH transaction reports. I understand from Paul Bartlett and John Colon that BBFS' login and password was changed by the Receiver shortly after November 3, 2004. We are looking to obtain reports of all transactions recorded by client for BBFS and DMS.

It is critical that we receive this information as soon as possible. In our subpoena, we requested "[a]ll documents identifying or otherwise evidencing the amount of Client administrative fees or initial fees charged by Better Budget to each Client or paid by each Client (including, without limitation, accounting records, transaction records, **ACH records**, etc.)." I didn't see any ACH reports from AFG or other ACH reports in the documents you produced, but if I overlooked them, please let me know, and give me a rough description of the documents you provided that cover this request.

If you did not provide reports from AFG, I request that you provide me (and not the client) with access to the login and password so that I can run the reports we need.

Please respond as soon as possible. Thanks.

(Also, Peter, in response to your earlier e-mail, I plan to follow up with the mortgage and insurance payment questions this afternoon, after our settlement conference with the Court).

Regards,

**Ted Atkinson**
Venable, LLP
575 7th Street N.W.
Washington D.C. 20004-1601
(202) 344-8008 (ph)
(202) 344-8300 (fax)
twatkinson@venable.com

Please be advised that this e-mail and any files transmitted with it are confidential attorney-client communication or may otherwise be privileged or confidential and are intended solely for the individual or entity to whom they are addressed. If you are not the intended recipient, please do not read, copy or retransmit this communication but destroy it immediately. Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2/7/2006

## Zlotnick, Peter

**From:** Hernan Serrano [hserrano@wslco.com]
**Sent:** Wednesday, March 02, 2005 3:55 PM
**To:** Atkinson, Theodore W.; cpedersen@mnplaw.com
**Cc:** Goldman, Seth; Zlotnick, Peter; Paynter, Carole A.
**Subject:** Car insurance

I have just gotten off of the phone with an agent at the insurance company who was handling the Colon's insurance. It appears that John reached out to them yesterday in an attempt to cancel coverage on the two Lexus's and the Porsche. He represented to the agent that the cars were sold and coverage should be removed with the expectation that there would be a premium reimbursement. She explained that she would need a plate return slip from the DMV in order to remove the coverage. The he represented to her that the car or cars were being stored in CT and that no coverage was needed. Once again she explained that he would not be able to change any coverage without the plate return slip. This resulted in no coverage changes.

Now the real disturbing issue. It appears that there is no property coverage currently on the any of the cars – only liability. This raises a great concern for me since we had agreed to leave the cars in the Conifer way home with an understanding that there was full coverage.

I am attempting to have someone go to the Conifer way home to inspect the car and prepare the proper paperwork so that coverage can be added. At this point in time, per the agent, the cars would not be covered for fire, theft or damage.

You can of course understand the urgency in having these cars inspected immediately. When the timetable is resolved I will inform you so that your client can make arrangements to have the inspection done.

In addition, I would like confirmation on the walk through of the Conifer Way home that I tentatively scheduled for 4:00 tomorrow afternoon.

Hernan

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer. Messages sent to and from us may be monitored. Internet communications cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this message, or any attachment, that have arisen as a result of e-mail transmission. If verification is required, please request a hard-copy version. Any views or opinions presented are solely those of the author and do not necessarily represent those of the company.

2/7/2006

## Zlotnick, Peter

**From:** Atkinson, Theodore W. [TAtkinson@Venable.com]
**Sent:** Wednesday, March 02, 2005 5:13 PM
**To:** Hernan Serrano; cpedersen@mnplaw.com
**Cc:** Goldman, Seth; Zlotnick, Peter; Paynter, Carole A.
**Subject:** RE: Car insurance

Peter and Hernan:

Tomorrow at 4:00 p.m. is fine for the walk-through by the real estate agent.

For the car inspector, tomorrow is fine, if the inspector can do it after 3. Let me know if that works, or let me know what times do work for you.

I think the faster we can get these things transferred over, the better. John told me today that before they move into the Elliott Street house, they have a contractor they want to go into the house and do repairs (I think he mentioned having windows repaired and/or replaced). The contractor would be available to get into the Elliott Street house on Monday, March 7, at 8 or 9 a.m. Is there a way to work out getting him in to do work on the house? Let me know.

Regards,


**Ted Atkinson**
Venable, LLP
575 7th Street N.W.
Washington D.C. 20004-1601
(202) 344-8008 (ph)
(202) 344-8300 (fax)
twatkinson@venable.com

Please be advised that this e-mail and any files transmitted with it are confidential attorney-client communication or may otherwise be privileged or confidential and are intended solely for the individual or entity to whom they are addressed. If you are not the intended recipient, please do not read, copy or retransmit this communication but destroy it immediately. Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.


-----Original Message-----
**From:** Hernan Serrano [mailto:hserrano@wslco.com]
**Sent:** Wednesday, March 02, 2005 3:55 PM
**To:** Atkinson, Theodore W.; cpedersen@mnplaw.com
**Cc:** Seth Goldman, Esq.; Zlotnick, Peter; Paynter, Carole A.
**Subject:** Car insurance

I have just gotten off of the phone with an agent at the insurance company who was handling the Colon's insurance. It appears that John reached out to them yesterday in an attempt to cancel coverage on the two Lexus's and the Porsche. He represented to the agent that the cars were sold and coverage should be removed with the expectation that there would be a premium reimbursement. She explained that she would

need a plate return slip from the DMV in order to remove the coverage. The he represented to her that the car or cars were being stored in CT and that no coverage was needed. Once again she explained that he would not be able to change any coverage without the plate return slip. This resulted in no coverage changes.

Now the real disturbing issue. It appears that there is no property coverage currently on the any of the cars – only liability. This raises a great concern for me since we had agreed to leave the cars in the Conifer way home with an understanding that there was full coverage.

I am attempting to have someone go to the Conifer way home to inspect the car and prepare the proper paperwork so that coverage can be added. At this point in time, per the agent, the cars would not be covered for fire, theft or damage.

You can of course understand the urgency in having these cars inspected immediately. When the timetable is resolved I will inform you so that your client can make arrangements to have the inspection done.

In addition, I would like confirmation on the walk through of the Conifer Way home that I tentatively scheduled for 4:00 tomorrow afternoon.

Hernan

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer. Messages sent to and from us may be monitored. Internet communications cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this message, or any attachment, that have arisen as a result of e-mail transmission. If verification is required, please request a hard-copy version. Any views or opinions presented are solely those of the author and do not necessarily represent those of the company.

****************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
****************************************************************

**Zlotnick, Peter**

---

| | |
|---|---|
| From: | Paynter, Carole A. [CPAYNTER@ftc.gov] |
| Sent: | Friday, March 04, 2005 11:14 AM |
| To: | Hernan Serrano; Zlotnick, Peter |
| Subject: | FW: BBFS |
| Attachments: | dscn0222.jpg; dscn0223.jpg; dscn0226.jpg; dscn0227.jpg; dscn0228.jpg; dscn0229.jpg; dscn0211.jpg; dscn0214.jpg |

      

dscn0222.jpg (364 KB)   dscn0223.jpg (283 KB)   dscn0226.jpg (372 KB)   dscn0227.jpg (383 KB)   dscn0228.jpg (258 KB)   dscn0229.jpg (297 KB)   dscn0211.jpg (720 KB)



dscn0214.jpg (270 KB)

```
Carole A. Paynter
Senior Attorney
Federal Trade Commission
Northeast Region
One Bowling Green, Suite 318
New York, New York  10004
212.607.2813 (phone)
212.607.2832 (fax)
```

-----Original Message-----
From: Atkinson, Theodore W. [mailto:TAtkinson@venable.com]
Sent: Friday, March 04, 2005 10:47 AM
To: Paynter, Carole A.
Cc: cpedersen@mnplaw.com
Subject: BBFS

Carole:

I understand that Judge Young has dismissed this case, and received a copy of his order to that effect.

In advance of our conversation at 11, I am forwarding eight photos of the televisions that Peter will likely discuss today.

<<dscn0222.jpg>> <<dscn0223.jpg>> <<dscn0226.jpg>> <<dscn0227.jpg>> <<dscn0228.jpg>> <<dscn0229.jpg>> <<dscn0211.jpg>> <<dscn0214.jpg>>

My understanding from Peter yesterday is that, based on statements made by the real estate agent who went through the house, that several televisions were "built-in" to the house. Peter's concern, which is reasonable, I think, is that when the Colons move out (which, incidentally, we think can occur beginning on March 14) there not be "gaping holes" as he phrased it, in the house. I don't think anyone wants the headache of the house being in any condition that will ruin or diminish the ability to sell the home. The Colons don't want that, I don't want that, no one wants that.

The attached pictures show that these televisions are not "built in" to the house. Like any standard, off the shelf television of this type, it is bracketed to a wall by a mount that comes equipped with the TV. In

1

looking at the pictures (and having dealt with unmounting my father's flat-screen TV to move it to a different room), the walls will require minor patching over the screw holes, and (unless Hernan desires not to cover the two approximately 8" by 8"boxes that were put into the wall and which have working outlets) minor drywalling. In looking at the mounting on the granite front of the fireplace (which is not, as Peter suggested, a construct designed to encase a television), it is clear that minor repair to the granite (by covering over four screwholes and a 1" in diameter hole, it appears) is all that is necessary. I can assure you that by doing these minor repairs, which the Colons agreed to undertake before moving out and which can be done in a couple of hours, the house's value will not be "diminished." I think this particular issue is easily resolved.

I am sure that Peter will have other issues to discuss today, and we look forward to resolving these issues so that no one--the Colons or the Receiver--have to spend anymore significant resources over these issues.

I will talk to you in a few minutes.

Regards,

Ted Atkinson
Venable, LLP
575 7th Street N.W.
Washington D.C. 20004-1601
(202) 344-8008 (ph)
(202) 344-8300 (fax)
twatkinson@venable.com

Please be advised that this e-mail and any files transmitted with it are confidential attorney-client communication or may otherwise be privileged or confidential and are intended solely for the individual or entity to whom they are addressed. If you are not the intended recipient, please do not read, copy or retransmit this communication but destroy it immediately. Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.

********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
********************************************************************

2