# EXHIBIT G

CARLSON GMAC
CARLSON GMAC

# Purchase and Sale Agreement

from the office of Carlson GMAC Real Estate
This 31st day of August, 2005

**1. Parties** — Hernan Serrano, Receiver Better Budget Financial Services, hereinafter called the SELLER whose mailing address is 1375 Broadway, New York, NY 10018 agrees to SELL and Jeffrey A. Frazee and Cher R. Frazee hereinafter called the BUYER whose mailing address is 42 Lacy Street, North Andover, MA 01845 agrees to BUY, upon the terms hereinafter set forth, the following described premises:

**2. Description of Premises** — The land and the building(s) thereon, located at the following address, city and state 4 Conifer Way, Beverly, Massachusetts, 01915 and further being described in a deed to be recorded at the Essex South County Registry of Deeds, a copy of which is attached hereto as Exhibit A.

**3. Buildings, Structures, Improvements, Fixtures** — Included in the sale as a part of said premises are the buildings, structures, and improvements now thereon, and the fixtures belonging to the SELLER and used in connection therewith including, if any, all wall-to-wall carpeting, drapery rods, automatic garage door openers, venetian blinds, window shades, screens, screen doors, storm windows and doors, awnings, shutters, furnaces, heaters, heating equipment, stoves, ranges, oil and gas burners and fixtures appurtenant thereto, hot water heaters, plumbing and bathroom fixtures, garbage disposals, electric and other lighting fixtures, mantels, outside television antennas, fences, gates, trees, shrubs, plants, and, ONLY IF BUILT IN, refrigerators, air conditioning equipment, ventilators, dishwashers, washing machines and dryers; and Washer and Dryer and Stackable Washer and Dryer, Mosquito Magnet in Garage, *plasma TV and surround sound unit, safe, sheds and all pool equipment and accessories*

**4. Title Deed** — Said premises are to be conveyed by a good and sufficient quitclaim deed running to the BUYER, or to the nominee designated by the BUYER by written notice to the SELLER at least seven (7) days before the deed is to be delivered as herein provided, and said deed shall convey a good and clear record and marketable title thereto, free from encumbrances, except:
  a) provisions of existing building and zoning laws;
  b) existing rights and obligations in party walls which are not the subject of written agreement;
  c) such taxes for the then current year as are not due and payable on the date of the delivery of such deed;
  d) any liens for municipal betterments assessed after the date of this agreement;
  e) easements, restrictions and reservations of record, if any, so long as the same do not prohibit or materially interfere with the current use of said premises;
  f) specify here any other liens or encumbrances not listed above: None

**5. Plans** — If said deed refers to a plan necessary to be recorded therewith the SELLER shall deliver such plan with the deed in form adequate for recording or registration.

**6. Registered Title** — In addition to the foregoing, if the title to said premises is registered, said deed shall be in form sufficient to entitle the BUYER to a Certificate of Title of said premises, and the SELLER shall deliver with said deed all instruments, if any, necessary to enable the BUYER to obtain such Certificate of Title.

1



| | |
|---|---|
| **7. Purchase Price** | The agreed purchase price for said premises is <u>One Million, Eighty Seven Thousand, Five Hundred and 00/XX Dollars</u> |

        $ <u>1,087,500.00</u>   dollars (Purchase Price), of which
          <u>$1,000.00</u>   dollars have been paid as an initial deposit on <u>August 15,</u> 2005
         <u>$53,375.00</u>   dollars will be paid on or before <u>September 1</u>, 20<u>05</u> by bank or certified check; and
       <u>$1,033,125.00</u>  dollars the balance due, will be payable at the time of delivery of deed by bank check or certified check, Attorney's conveyancing check or by wire.

**8. Time for Performance; Delivery of Deed**

Such deed is to be delivered on or before <u>9:00</u> o'clock <u>AM</u>. on the <s>24th</s> *24th* day of <u>October</u>, 20<u>05</u>, at the <u>Essex South</u> Registry of Deeds, unless otherwise agreed upon in writing.

**9. Possession and Condition of Premises**

Full possession of said premises free of all tenants and occupants and all personal property, except as herein provided, is to be delivered at the time of the delivery of the deed. Said premises to be then (a) broom clean and in the same condition as they now are, reasonable use and wear thereof excepted, and (b) not in violation of said building and zoning laws, and (c) in compliance with provisions of any instrument referred to in clause 4 hereof. The BUYER shall be entitled to personally inspect said premises prior to the delivery of the deed in order to determine whether the condition thereof complies with the terms of this clause.

**10. Extension to Perfect Title or Make Premises Conform**

If the SELLER shall be unable to give title or to make conveyance, or to deliver possession of the premises, all as herein stipulated, or if at the time of the delivery of the deed the premises do not conform with the provisions hereof, the SELLER shall use reasonable efforts to remove any defects in title, or to deliver possession as provided herein, or to make the said premises conform to the provisions hereof, as the case may be, in which event the SELLER shall give written notice thereof to the BUYER at or before the time for performance hereunder, and thereupon the time for performance hereof shall be extended for a period of thirty (30) days, so long as said extension does not adversely affect BUYER's mortgage commitment.

**11. Failure to Perfect Title or Make Premises Conform**

If at the expiration of the extended time the SELLER shall have failed so to remove any defects in title, deliver possession, or make the premises conform, as the case may be, all as herein agreed, or if at any time during the period of this agreement or any extension thereof, the holder of a mortgage on said premises shall refuse to permit the insurance proceeds, if any, to be used for such purposes, then, any payments made under this agreement shall be forthwith refunded and all other obligations of all parties hereto shall cease and this agreement shall be void without recourse to the parties hereto.

**12. Buyer's Election to Accept Title**

The BUYER shall have the election, at either the original or any extended time for performance, to accept such title as the SELLER can deliver to the said premises in their then condition and to pay therefor the purchase price without deduction, in which case the SELLER shall convey such title, except that in the event of such conveyance in accord with the provisions of this clause, if the said premises shall have been damaged by fire or casualty insured against, then the SELLER shall, unless the SELLER has previously restored the premises to their former condition, either
   a) pay over or assign to the BUYER, on delivery of the deed, all amounts recovered or recoverable on account of such insurance, less any amounts reasonably expended by the SELLER for any partial restoration, or
   b) if a holder of a mortgage on said premises shall not permit the insurance proceeds or a part thereof to be used to restore the said premises to their former condition or to be paid over or assigned, give to the BUYER a credit

2



09/06/2005  09:38   2127643060            WEINICK SANDERS LEV                PAGE  04

against the purchase price, on delivery of the deed, equal to said amounts so recovered or recoverable by the holder of the said mortgage less any amounts expended by the SELLER for partial restoration.

**13. Acceptance of Deed** — The acceptance of a deed by the BUYER or his nominee as the case may be, shall be a full performance in discharge and release of every agreement and obligation herein contained or expressed, except such as are, by the terms hereof, to be performed after the delivery of said deed.

**14. Use of Purchase Money to Clear Title** — To enable the SELLER to make conveyance as herein provided, the SELLER may, at the time of delivery of the deed, use the purchase money or any portion thereof to clear the title of any or all encumbrances or interests, provided that all instruments so procured are recorded simultaneously with the delivery of said deed.

**15. Insurance** — Until the delivery of the deed, the SELLER shall maintain insurance on said premises as follows:

| Type of Insurance | Amount of Coverage |
|---|---|
| a) Fire and Extended Coverage | $ As Presently Insured |
| b) Other | $ |

**16. Adjustments** — Collected rents, mortgage interest, water and sewer use charges, operating expenses (if any) according to the schedule attached hereto or set forth below, and taxes for the then current fiscal year, shall be apportioned and fuel value shall be adjusted, as of the day of performance of this agreement and the net amount thereof shall be added to or deducted from, as the case may be, the purchase price payable by the BUYER at the time of delivery of the deed. Uncollected rents for the current rental period shall be apportioned if and when collected by either party.

**17. Adjustment of Unassessed and Abated Taxes** — If the amount of said taxes is not known at the time of the delivery of the deed, they shall be apportioned on the basis of the taxes assessed for the preceding fiscal year, with a reapportionment as soon as the new tax rate and valuation can be ascertained; and, if the taxes which are to be apportioned shall thereafter be reduced by abatement, the amount of such abatement, less the reasonable cost of obtaining the same, shall be apportioned between the parties, provided that neither party shall be obligated to institute or prosecute proceedings for an abatement unless herein otherwise agreed.

**18. Broker Fee Acknowledgement** — The SELLER and BUYER acknowledge that a fee of $48,937.50 (4.5%) percent of the purchase price for professional services shall be paid to Carlson GMAC Real Estate, the "BROKER", at the time for performance. In the event of a conflict between the terms of this agreement and a prior fee agreement with BROKER(S), the terms of the prior fee agreement(s) shall control unless BROKER(S) has expressly agreed to a change in writing.

**19. Broker's Warranty** — The Broker(s) named herein, Carlson GMAC Real Estate and Coldwell Banker warrant(s) that they are duly licensed as such in the state in which the premises are located.

**20. Agency** — BUYER and SELLER acknowledge and understand that the interests of the SELLER are represented by: Carlson GMAC Real Estate and

the interests of the buyer are represented by   Coldwell Banker     (to split fee)

If dual agency exists, BUYER and SELLER acknowledge receipt of a signed copy of the *Confirmation of Disclosure and Consent to Dual Agency* form  dated N/A.

**21. Deposit** — All deposits made hereunder shall be held in escrow by Carlson GMAC Real Estate as escrow agent subject to the terms of this agreement and shall be duly accounted for at the time for performance of this agreement. In the event of any disagreement between the parties, the escrow agent shall retain said deposits pending instructions in writing

3

mutually given by the SELLER and the BUYER; provided, however, that the escrow agent, may, in its sole discretion, pay said monies into the Clerk of Court of proper jurisdiction in an Action of Interpleader, providing each party with notice thereof, at the address recited herein, and thereupon the escrow agent shall be discharged from its obligations as recited therein, and each party to this agreement shall thereafter hold the escrow agent harmless in such capacity. BUYER and SELLER hereto agree that the escrow agent may deduct the cost of bringing such interpleader action from the deposit monies held in escrow prior to the forwarding of same to the Clerk of such Court.

Monies will be placed into an interest bearing account at such time as escrow agent is in receipt of an IRS W-9 required Interest Bearing Request Form signed by the party(ies).

**22. Buyer's Default; Damages**  
If the BUYER shall fail to fulfill the BUYER's agreements herein, all deposits made hereunder by the BUYER shall be retained by the SELLER as liquidated damages. The parties agree that in the event of default by the BUYER it will be difficult to ascertain with certainty the amount of damages suffered by the SELLER. The amount of the deposit represents a reasonable estimate of the damages expected to be suffered by the SELLER as a result of the BUYER's default.

**23. Financing**  
In order to help finance the acquisition of said premises, BUYER shall apply for mortgage financing in the amount of $870,000.00 at prevailing rates, terms and conditions. If, despite BUYER'S diligent efforts, a commitment for such financing cannot be obtained on or before September 13, 2005, BUYER may terminate this agreement by written notice to the SELLER and/or the Broker(s), as agent(s) for the SELLER, prior to the expiration of such time, whereupon any payments made under this agreement shall be forthwith refunded and all other obligations of the parties hereto shall cease and this agreement shall be void without recourse to the parties hereto. In no event will BUYER be deemed to have used *diligent* efforts to obtain such commitment unless BUYER submits a complete mortgage loan application conforming to the foregoing provisions on or before August 19, 2005 and acted promptly in providing any additional information requested by the mortgage lender.

**24. VA or Insured Loans**  
If BUYER is seeking Veterans Administration loan benefits or a US Government Federal Housing Administration Insured loan, appropriate language, as applicable, is attached as Addendum N/A.

**25. Liability of Trustees, Shareholder**  
If the SELLER or BUYER executes this agreement in a representative or fiduciary capacity, only the principal or the estate represented shall be bound, and neither the SELLER or BUYER so executing, nor any shareholder or beneficiary of any trust, shall be personally liable for any obligation, express or implied, hereunder.

**26. Release by Husband or Wife**  
The SELLER's spouse hereby agrees to join in said deed and to release and convey all statutory and other rights and interests in said premises.

**27. Lead Paint Acknow- ledgements**  
For properties built prior to 1978, BUYER acknowledges receipt of the Department of Public Health Property Transfer Notification form and understands the SELLER and Broker(s) have made no representations or warranties express or implied, as to the lead paint content of the property. BUYER acknowledges verbal notification of the possible presence of lead hazards and the provisions of the Federal and Massachusetts Lead Laws and regulations, including the right to inspect for dangerous levels of lead. Occupancy of premises containing dangerous levels of lead by a child under six years of age is prohibited. BUYER takes full responsibility for compliance with all laws relating to same (and in particular Mass. General Law Chapter 111, Section 197). BUYER assumes the burden of cost for all tests, and compliance arising therefrom.



**28. Smoke Detectors**  
The SELLER shall equip the residential structure(s) on the within described realty with approved smoke detectors and furnish BUYER with Certificate of Approved Installation from the local fire department no later than time of conveyance.

4



| | |
|---|---|
| 29. Buyer's Home Inspection Acknowledgement | BUYER acknowledges that satisfactory inspection(s) of the premises have been conducted by qualified inspector(s) selected by BUYER. The results of such inspection(s) have been reviewed by BUYER and any issues that were not satisfactory to BUYER have been negotiated and resolved between BUYER and SELLER. |
| 30. Warranties and Representation Acknowledgement | BUYER acknowledges that they have not relied upon any warranties or representations except as set forth in writing and the following additional warranties and representations, if any, made by either the SELLER or the Broker(s): <br><br> <u>None. Seller expressly disclaims all representations and warranties.</u> |
| 31. Time; Construction of Agreement | **TIME IS OF THE ESSENCE AS TO ALL PROVISIONS OF THIS AGREEMENT.** <br> This instrument, executed in multiple counterparts, is to be construed as a Massachusetts contract, is to take effect as a sealed instrument, sets forth the entire contract between the parties, is binding upon and enures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns, and may be cancelled, modified or amended only by a written instrument executed by both the SELLER and the BUYER. If two or more persons are named herein as BUYER their obligations hereunder shall be joint and several. The captions and marginal notes are used only as a matter of convenience and are not to be considered a part of this agreement or to be used in determining the intent of the parties to it. |
| 32. Notice | Unless otherwise stipulated herein, any notice required to be given in this agreement shall be in writing and shall be deemed to be duly given when delivered to the party entitled to such notice at their address set forth herein. |
| 33. Additional Provisions | The initialed riders attached hereto, if any, are incorporated herein by reference. <br> Exhibit A – Deed <br> Addendum A – Buyer's Addendum |

The parties acknowledge receipt of:
☐ Agency Disclosure                          ☐ Environmental Disclosures
☐ Lead Paint Property Notification Certification    ☐ Seller's Statement of Property Condition
☐ Dual Agent Consent Agreement (if applicable)

**\*SPECIAL PROVISIONS: PROPERTY BEING SOLD IN "AS IS" CONDITION, ALL APPLIANCES LEFT AS GIFTS.**

A faxed signature on this document shall have the same effect as delivery of a signed original. The party faxing this document agrees to mail or deliver the original forthwith.

NOTICE: This is a legal document that creates binding obligations. If not understood, consult an attorney.

_____  _____    _____  _____
SELLER                      Date        SELLER  Chew R. Frazee       8/31/05
                                                                      Date
_____  8/31/05    _____
BUYER                       Date        BUYER                         Date

## BUYERS' ADDENDUM

1. Notwithstanding anything to the contrary in the Purchase and Sale Agreement to which this Rider has been attached, Section 8 is hereby modified to provide that the date of delivery of the deed shall be on such later date and at such other time and place as may be reasonably required by Buyer's lender's attorney, not to exceed two (2) business days later, time still being of the essence of this Agreement.

2. Seller shall cooperate with the Buyer in obtaining mortgage financing by permitting representatives of prospective mortgagees entry upon the premises for inspection and appraisal purposes, and by permitting land surveyors or engineers entry upon the premises to plot boundary lines and take measurements.

3. Seller shall allow Buyer access to the premises for inspection and measurements at reasonable times and upon reasonable notice, provided that such access shall be in the presence of Seller or Seller's Agent.

4. Any and all notices which may be given or required hereunder may be either mailed by certified mail, return receipt requested, delivered in hand, delivered by overnight carrier such as Federal Express, or faxed as follows:

    To the Seller c/o:   Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
                         One Financial Center
                         Boston, MA 02111
                         Attn: Jonathan M. Cosco, Esq.
                         Phone (617) 542-6000
                         Fax (617) 542-2241

    To the Buyer c/o:    Margaret K. LaMothe, Esq.
                         McElhiney and Matson
                         607 Main Street
                         Woburn, MA 01801
                         Phone (781) 933-2240
                         Fax (781) 933-4061

5. The premises shall be delivered to the Buyer in "as is" broom clean condition, with all personal property not included in the sale having been removed. All utility systems and appliances shall be in the same working order at the time of delivery of possession as at the time of inspection, reasonable wear and tear excepted.



6. Seller or Seller's agent under a written Power of Attorney agrees to deliver to the Buyer such affidavits, documents and certificates as may be customarily requested by the Buyer's mortgagee, its attorney, or Buyer's attorney, including the following:

  (i) An affidavit to Buyer and Buyer's title insurance company certifying that there are no parties in possession of the premises, that all municipal liens including water, sewer and electricity have been paid, and that no work has been done on the premises which would entitle anyone to claim a mechanic's or materialmen's lien with respect to the premises;

  (ii) Internal Revenue Code, Section 1099B Form and W-9 Form;

  (iii) An affidavit that there is no urea formaldehyde foam insulation on or in the premises;

7. Seller warrants and represents to Buyer that Seller is not a "foreign person" as defined by the Federal Foreign Investment in Real Property Tax Act (the "Act"). At closing, Seller shall execute and deliver to Buyer a "non-foreign certificate".

8. Notwithstanding the provisions of paragraph 7 of the Standard Form Agreement, Seller agrees that the purchase funds may be held in escrow by Seller's attorney or real estate broker following the closing for a reasonable period of time until the deed can be recorded in the appropriate registry of deeds. As used herein, "reasonable time" shall be understood to extend until the close of business on the date of closing, if the closing is completed by 12:00 noon. In the event that the closing is completed after 12:00 noon, "reasonable time" shall be understood to extend until 12:00 Noon on the next day after the closing on which said registry of deeds is open for the recording of documents.

9. The deposits (which term shall include all interest earned, if any) made hereunder shall be held in escrow, subject to the terms of this Agreement and shall be duly accounted for at the time for performance of this Agreement. The deposits may not be released from escrow without the assent of both Buyer and Seller or pursuant to a court order. The recording of the deed to the Premises shall constitute such assent. So long as Escrow Agent served in good faith, Buyer and Seller shall agree to hold harmless the Escrow Agent from damages, losses or expenses, arising out of this Agreement or any action or failure to act, including reasonable attorney's fees, related thereto.

10. If any errors or omissions are found to have occurred in any calculations or figures used in the settlement statement signed by the parties (or would have been included if not for any such error or omission) and notice hereof is given within two months of this date of delivery of the deed to the party to be charged, then



such party agrees to make such payment as may be necessary to correct the error or omission.

11. Any matter which is the subject of a Title Standard or Practice Standard of the Real Estate Bar Association at the time of delivery of the Deed shall be governed by said Title Standard or Practice Standard to the extent applicable.

12. Buyer's obligations hereunder are contingent upon the availability (at normal premium rates) of an owner's title insurance policy without exceptions other than the standard printed exceptions contained in the ALTA form currently in use, and those exceptions set forth in Paragraph 4 of this Agreement.

13. It is understood and agreed by the parties that the premises shall be in compliance with the provisions of this Agreement only if:

    a) All buildings, structures and improvements, including but not limited to, any driveways, garages, septic systems and cesspools, and all means of access to the premises, shall be located completely within the boundary lines of said premises and shall not encroach upon or under the property of any other person or entities;

    b) No building, structure or improvement of any kind belonging to any other person or entity shall encroach upon or under said premises;

    c) The premises shall abut a public way or a private way to which Buyer shall have both pedestrian and vehicular access, and if a private way, that such private way in turn has satisfactory access to a public way; which public way is duly laid out or accepted as such by the City or Town where the premises are located.

    d) The premises are not located within a HUD Flood Hazard Zone requiring the Buyer's purchase of Flood Insurance.

    e) The premises are served by municipal water.

    f) The premises are serviced by a septic system which lies wholly within the boundaries of the premises and complies with Title 5 of the Massachusetts Environmental code.

14. Seller represents that to the best of Seller's knowledge and belief there is no underground oil tank on premises.

15. Seller represents that they have had no substantial work done on the premises without a building permit if a building permit was required for such work.



16. Parties acknowledge that the current "passing" Title V Certificate contains the incorrect representation that the property does not have any garbage disposals or "grinders". Seller agrees to have a corrected Title V certificate for closing.

17. Prior to delivery of the deed hereunder, the Seller shall complete at their own expense and in a good, substantial and workmanlike manner, using contractors regularly engaged in performing such work, the following work:

    a. Install GFCI for pool to conform to current electrical code;
    b. Install Combustion air intake in boiler room; and
    c. Repair leaking air conditioning unit in attic;

    and shall provide proof of same at closing, or shall provide the buyers a credit at closing for completion of said repairs. Seller makes no representations or warranties in connection with such work, and Buyer's acceptance of the deed shall constitute a waiver of claims against Buyer related to same.

_____          _____
Seller                       Buyer
SS#                          SS# 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
                             8/31/05

_____          _____
Seller                       Buyer
SS#                          SS# 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
                             8/31/05