UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
::
FEDERAL TRADE COMMISSION,:
: **CIVIL ACTION NO.:**
Plaintiff,: 04-12326 (WGY)
:
v.:
:
BETTER BUDGET FINANCIAL SERVICES,:
INC., JOHN COLON, JR., and JULIE:
FABRIZIO-COLON,:
:
Defendants.:
:
---------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF THE JOINT
APPLICATION OF THE RECEIVER AND HIS PROFESSIONALS
FOR AN ORDER AUTHORIZING THE PAYMENT OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

**Preliminary Statement**

This Memorandum is submitted in support of the Joint Application of Hernan Serrano, Jr. (the "Receiver"), the Court-appointed receiver of defendant Better Budget Financial Services, Inc., together with its subsidiaries and affiliates ("BBFS"), together with the professionals he has engaged, Mintz Levin Cohn Ferris Glovsky & Popeo, P.C. ("Mintz Levin"), Weinick Sanders Leventhal & Co. ("WSL") and Executive Sounding Board Associates, Inc. "(ESBA"), for, *inter alia*, an Order granting the following relief: (a) authorizing the payment of compensation at their standard hourly rates together with reimbursement of actual out-of-pocket expenses for the period from January 1, 2005, through and including December 31,2005 (the "Application Period"); and (b) discharging, releasing and dismissing the Receiver, Mintz Levin, WSL and

ESBA from all of their respective duties and obligations in connection with the Receivership of BBFS.

## Facts

The relevant facts are set forth in the accompanying affidavit of Hernan Serrano, Jr., sworn to February 16, 2006, together with the exhibits annexed thereto (the "Serrano Affidavit"). In addition to the Serrano Affidavit, Mr. Serrano has also filed with this Court his final report of the BBFS Receivership (the "Final Report"), sworn to February 8, 2006, together with the exhibits annexed thereto, which is incorporated herein by specific reference.

Briefly summarizing, Mr. Serrano was appointed temporary Receiver of BBFS pursuant to an *Ex Parte* Temporary Restraining Order With Asset Freeze, Appointment Of Receiver, Immediate Access To Defendants' Business Premises, Expedited Discovery, And Order To Show Cause Why A Preliminary Injunction Should Not Issue, entered by this Court on November 3, 2004 (the "TRO"), as modified by a Stipulation Modifying *Ex* Parte Temporary Restraining Order, signed by counsel for each of the parties hereto and "So Ordered" by the Court on or about November 18, 2004 (the "Stipulated TRO").  Copies of the TRO and Stipulated TRO are respectively annexed to the Serrano Affidavit as Exhibits A and B. Thereafter, the parties to this action filed a Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief Against All Defendants with the Court, which the Court "So Ordered" on March 10, 2005 (the "Final Judgment").  A copy of the Final Judgment is annexed to the Serrano Affidavit as Exhibit C.

This memorandum is submitted in support of the joint application of the Receiver, WSL, ESBA and Mintz Levin for compensation at their standard hourly rates (except the Receiver has discounted his standard hourly rate at the fixed rate of $200 per hour), together with out-of-

pocket expenses actually incurred by each firm, during the Application Period in the total amount of $342,971.82, consisting of $323,892.85 in hourly time charges and $19,078.97 in actual out-of-pocket expenses, as well as a reserve for future fees and expenses in the amount of $5,000, and for an Order, *inter alia*, discharging and releasing the Receiver, WSL, ESBA and Mintz Levin pursuant to the TRO, the Stipulated TRO and Section IX of the Final Judgment. This joint application is also submitted by the Receiver and his professionals for all of the relief sought in connection with the Receiver's Final Report.

## ARGUMENT

### POINT I

### The Request For Compensation Is Reasonable

Hernan Serrano, Jr., the Receiver in the above-captioned action, together with the professionals he retained in accordance with the TRO, the Stipulated TRO and Section IX of the Final Judgment, requests an aggregate amount of $347,971.82 for the professional services they rendered and expenses they incurred in connection with the Receivership conducted in this action, as well as for a reserve fund to pay for their future costs and expenses to wind down the Receivership.

The relevant factors which this Court is to apply in evaluating professionals' services were enumerated in *In re* R. Hoe & Co., 471 F. Supp. 493,502 (S.D.N.Y. 1978): (1) the nature of the services rendered; (2) the difficulties and complexities encountered; (3) the time necessarily expended; (4) the results achieved; (5) the burden the estate can safely bear; (6) the size of the estate; (7) duplication of services; (8) professional standing, ability and experience of the applicant; (9) fairness to applicant; and (10) economy of administration.

We respectfully submit that, under the standards set forth in *In re* Hoe & Co. and related

cases[1] (see, e.g., In re Paramount Merrick. Inc., 252 F.2d 482,485 (2d Cir. 1958) (receivership under involuntary provisions of the Bankruptcy Act); S.E.C. v. Fifth Ave. Coach Lines, Inc., 364 F. Supp. 1220 (S.D.N.Y. 1973) (receivership in an Investment Company Act case brought by the S.E.C.); Newman v. Silver, 553 F. Supp. 485,496 (S.D.N.Y. 1982), modified, 713 F.2d 14 (2d Cir. 1983) (services on quantum meruit basis); In re Silverman, 76 B.R. 953,956 (Bankr. S.D.N.Y. 1987) (trusteeship under Chapter XI1 of the Bankruptcy Act)), the Receiver, together with the WSL, ESBA and Mintz Levin should be granted an allowance of compensation for professional services rendered during the Application Period in the total sum of $342,971.82. This amount represents a discounted hourly rate charged by the Receiver and the normal hourly rates charged by his respective professionals for the services they rendered, together with their actual out-of-pocket expenses.

    Each of the Receiver's professionals have agreed to accept at least a 10% reduced fee for the Application Period to ease any burden their expenses may cause the estate. For instance, Mintz Levin has voluntarily reduced its fees for the services it rendered during the Application Period by more than 12% or approximately $25,000 to $225,000. This amount reflects an understanding on the part of the Receiver's professionals that the estate has limited resources and that, while this Receivership was difficult and complex to administer, they wish to ensure that a significant percentage of the estate is returned to the injured consumers. We believe that this joint application accomplishes all of these objectives.

    The accompanying Serrano Affidavit establishes that the Receiver and the professionals he retained to assist him seek compensation only for hours actually expended and disbursements

---

[1] Hoe was decided in the context of reorganization proceedings under Chapter X of the Bankruptcy Act, which proceedings are loosely analogous to the receivership herein. The related cases cited here arose in other analogous proceedings, as indicated.

actually incurred; sets forth the standard hourly rate of the Receiver and each of the professionals who assisted him; explains how the hours worked were reasonably and necessarily related to the responsibility assumed; and attests to the professional manner in which all services were carried out and the complexity of the issues that they resolved.

Thus, the request for compensation is reasonable and proper.

## POINT II

### The Receiver, WSL, ESBA and Mintz Levin Should Be Released and Discharged

The TRO, Stipulated TRO and Section IX of the Final Judgment authorizes the Receiver and his professionals to withdraw from their respective engagements and be relieved of all duties, obligations and claims arising out of or in connection with the Receivership. As a general rule, the discharge of a receiver is ordinarily within the discretion of the district court. U.S. v. Amodeo, 44 F.3d 141, 146 (2d Cir. 1995); Jones v. Village of Proctorville, 290 F.2d 49, 50 (6th Cir. 1961). In deciding whether to exercise its discretion in favor of discharge or retention of the receiver, the district court should make its determination based upon the regular filing of progress reports. Amodeo, 44 F.3d at 146.

Here, the Court has specifically authorized the Receiver to withdraw from his appointment upon satisfying the notice provisions of Section IX of the Final Judgment and filing a report with the Court. The Receiver's Report and the Serrano Affidavit contains the Receiver's report and an accounting of the receivership estate's assets. As noted in Exhibit K to the Receiver's Report, and its amended and clarified form set forth in Exhibit D in the Serrano Affidavit, the estate presently has approximately $536,552.25 in assets. The Receiver has essentially been reduced to a custodian of the estate's assets and will necessarily incur continuing professional fees to maintain and secure those assets until the final disposition of this action.

Consequently, the Receiver believes that it would be in the best interest of the estate to conclude his appointment and now respectfully requests that the Court enter an order discharging and releasing him and the professionals he has engaged from their respective duties and liabilities.

## Conclusion

WHEREFORE, we respectfully request that the Court grant the joint application of the Receiver, WSL, ESB and Mintz Levin in its entirety.

Dated: February 24, 2006

        Respectfully submitted,

        MINTZ LEVIN COHN FERRIS
        GLOVSKY & POPEO, P.C.


        By:   /s/ Breton Leone-Quick
              Bret Leone-Quick BB0# 655571
        One Financial Center
        Boston, Massachusetts  02111
        (617) 542-6000

        Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.
        Peter B. Zlotnick (*Pro Hac Vice*)
        Seth R. Goldman (*Pro Hac Vice*)
        The Chrysler Center
        666 Third Avenue
        New York, New York  10017
        (212) 935-3000

        *Attorneys for Hernan Serrano, Jr.,*
        *As Receiver of Better Budget Financial Services, Inc. et al.*