**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---------------------------------------------------------x
:
FEDERAL TRADE COMMISSION,  :
: **CIVIL ACTION NO.:**
                Plaintiff,  : 04-12326 (WGY)
:
  v.  :
:
BETTER BUDGET FINANCIAL  :
SERVICES, INC., JOHN COLON, JR., and  :
JULIE FABRIZIO-COLON,  :
:
                Defendants.  :
:
---------------------------------------------------------x

**PROPOSED ORDER AUTHORIZING THE PAYMENT OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES TO AND THE DISCHARGE
AND RELEASE OF HERNAN SERRANO, JR., THE COURT-APPOINTED
RECEIVER, MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO, P.C.,
WEINICK SANDERS LEVENTHAL & CO. AND EXECUTIVE SOUNDING
BOARD ASSOCIATES, INC., THE PROFESSIONALS RETAINED BY
THE RECEIVER, FOR THE PERIOD FROM JANUARY 1, 2005,
THROUGH AND INCLUDING DECEMBER 31, 2005,
<u>TOGETHER WITH OTHER AND ADDITIONAL RELIEF</u>**

      **UPON,** the Final Report of Hernan Serrano, Jr. (the "Receiver"), the Court-appointed receiver of Better Budget Financial Services, Inc., together with its subsidiaries and affiliates (collectively, "BBFS"), sworn to February 8, 2006, together with all of the exhibits annexed thereto (the "Final Report"); the joint application of the Receiver, Mintz Levin Cohn Ferris Glovsky & Popeo, P.C. ("Mintz Levin"), the Receiver's counsel, and Weinick Sanders Leventhal & Co. ("WSL") and Executive Sounding Board Associates, Inc. ("ESBA"), the Receiver's forensic accountants and business consultants, dated February 23, 2006, for an Order pursuant to Section IX of the Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief Against All Defendants,

NYC 347486v.1

entered on or about March 10, 2005 (the "Final Judgment"), *inter alia*, authorizing the payment of fees and expenses of the Receiver, Mintz Levin, WSL and ESBA (the "Joint Application")for the period commencing January 1, 2005, through and including December 31, 2005 (the "Application Period"); the affidavit of Hernan Serrano, Jr., sworn to February 16, 2006, together with all of the exhibits annexed thereto, in support of the Joint Application; and the Court being satisfied that neither the Receiver nor the professionals he has engaged to represent him have any interest adverse to the defendants BBFS, John Colon and Julie Fabrizio-Colon (collectively, defendants John Colon and Julie Fabrizio-Colon shall be referred to herein as the "Colons"), with respect to the matters upon which they have been engaged; that the Receiver is a disinterested person; that his employment has been and is necessary and in the best interest of the Receivership estate; and sufficient cause appearing therefore; it is

  **ORDERED**, that the Application is granted in its entirety; and it is further

  **ORDERED**, that the Receiver, together with Mintz Levin, WSL and ESBA, be and hereby are jointly authorized and empowered to receive as reasonable and necessary payment of fees for the professional services they have rendered in connection with the Receivership herein in the combined amount of $323,892.85 and the actual out-of-pocket expenses they have incurred during the Application Period in the joint amount of $19,078.97, totaling the aggregate amount of $342,971.82 (the "Fee Amount"); and it is further

  **ORDERED**, that, upon completing the acts and obligations set forth in this Order, the Receiver, together with the professionals he has engaged, shall be and hereby are released, discharged and dismissed from any further duties, liabilities or obligations

of any nature whatsoever related to, arising out of or in connection with the Receivership of BBFS, as well as from any claims, liabilities, judgments, charges, assertions, impositions or assessments arising out of or in connection with the performance of each of their respective duties or obligations pursuant to the Final Judgment; and it is further

**ORDERED**, that all persons, having actual or constructive notice of this Order, shall be and hereby are prohibited and barred from asserting any claims, causes of action, rights, privileges, demands, liabilities or obligations on the part of or against the Receiver, Mintz Levin, WSL or ESBA arising out of or in connection with the performance of their respective duties and obligations in this action; and it is further

**ORDERED**, the Receiver be and hereby is authorized to convey the stock or certain of the assets described immediately below of BBFS, together with its corporate books and records, back to the Colons, provided that neither BBFS nor the Colons shall hold in any of their own names or have any rights or interests in or to any of the assets or property currently in the possession, custody or control of the Receiver or his professionals, except those books and records necessary to complete the dissolution, winding down and termination of BBFS; and it is further

**ORDERED**, that the Receiver be and hereby is authorized to transfer any and all funds that were held in that certain Uniform Transfers to Minors Act ("UTMA") account number 41073460 in the name of "Taylor Marie Colon" at Century Bank (the "UTMA Account") to the Federal Trade Commission (the "FTC") if the Colons do not comply with each of their obligations concerning the UTMA Account as set forth at Section VI.C of the Final Judgment within five (5) business days of the entry of this Order; and it is further

**ORDERED**, that the Colons, jointly and severally, shall be and hereby are directed to take all measures necessary and appropriate to dissolve, wind down and terminate BBFS and its subsidiaries and affiliates, including, but not limited to, resolving, paying, settling and/or compromising, fully and finally, any and all pending, outstanding or past due federal, state or local tax obligations of BBFS, including, but not limited to any and all fines, penalties, assessments, impositions or other fees or costs related thereto; and it is further

**ORDERED**, that the Receiver shall be and hereby is authorized to transfer all of the funds, cash or other assets or property currently in the possession, custody or control of the Receiver, located in one or more segregated Receivership trust accounts (the "Receivership Cash"), to a non-interest bearing trust account, and the Receiver is further authorized to terminate and discontinue the federal tax identification number that the Receiver has established for the purpose of marshaling and securing the Receivership Cash; and it is further

**ORDERED**, that the Receiver and the professionals he has engaged shall be and hereby are authorized and directed to take such other and further actions as, in the Receiver's reasonable judgment and discretion, may be necessary and appropriate to terminate promptly the Receivership, including, but not limited to, the following: (i) setting aside and holding back a reasonable reserve fund, pursuant to Section X.C of the Final Judgment in the amount of $5,000.00 to compensate the Receiver and his professionals, without the necessity of having to make any additional fee applications to the Court (the "Reserve Fund"), for any other and further professional services they may have to render and expenses they may incur in connection with the completion of their

duties and obligations as set forth in this application, the Final Judgment or any prior Orders entered by the Court in this action; and (ii) transferring to the FTC or its designee for consumer redress all of the books, records, funds and other property or assets of BBFS, except those books, records, funds and other property or assets of BBFS to be conveyed to the Colons pursuant to this application, including, but not limited to, any portion of the Reserve Fund which is not applied to pay for professional services or expenses of the Receiver or his professionals or which are not otherwise designated by the Receiver to be applied in a particular manner or for a particular purpose.

Dated: _____, 2006

ENTER:

_____
Hon. William G. Young
United States District Judge