UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------x
                                                :

FEDERAL TRADE COMMISSION,      :
                                                :   **CIVIL ACTION NO.:**
                      Plaintiff,     :   04-12326 (WGY)
                                                :
    v.                                                :
                                                :
BETTER BUDGET FINANCIAL     :   **NOTICE OF JOINT FINAL**
SERVICES, INC., JOHN COLON, JR., and  :   **FEE APPLICATION**
JULIE FABRIZIO-COLON,            :   **OF THE RECEIVER AND**
                                                :   **<u>HIS PROFESSIONALS</u>**
                     Defendants.  :
                                                :
---------------------------------------------------------x

       **PLEASE TAKE NOTICE** that Hernan Serrano, Jr., the Court-appointed receiver (the "Receiver") of Better Budget Financial Services, Inc., together with its subsidiaries and affiliates (collectively, "BBFS"), by his attorneys Mintz Levin Cohn Ferris Glovsky & Popeo, P.C. ("Mintz Levin"), will move this Court at the John J. Moakley United States District Courthouse, One Courthouse Way, Boston, Massachusetts 02210 on the 13th day of March, 2006, at 9:00 a.m. of that day or as soon thereafter as counsel may be heard, for an Order, granting the following relief, in conjunction with the relief, which they have already sought in connection with the Receiver's Final Report, a copy of which was filed with this Court on February 8, 2006, and which is incorporated by reference as if set forth at length in this joint application:

       (a)    Authorizing the Receiver, together with Mintz Levin, Weinick Sanders Leventhal & Co. ("WSL") and Executive Sounding Board Associates, Inc. ("ESBA"), the profressionals he has engaged in connection with the BBFS Receivership, to receive as

reasonable and necessary payment for the professional services they have rendered in connection with the Receivership herein in the amount of $323,892.85 and the actual out-of-pocket expenses they have incurred during the Application Period in the amount of $19,078.97, totaling the aggregate amount of $342,971.82 (the "Fee Amount");

   (b)  Upon completing the additional acts and obligations required of the Receiver and his professionals pursuant to this application, releasing, discharging and dismissing the Receiver, Mintz Levin, WSL and ESBA from any further duties, liabilities or obligations of any nature whatsoever related to, arising out of or in connection with the Receivership of BBFS, as well as from any claims, liabilities, judgments, charges, assertions, impositions or assessments arising out of or in connection with the performance of each of their respective duties or obligations pursuant to the Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief Against All Defendants, entered by this Court on or about March 10, 2005 (the "Final Judgment");

   (c)  Directing that all persons, having actual or constructive notice of this Order, shall be prohibited and barred from asserting any claims, causes of action, rights, privileges, demands, liabilities or obligations on the part of or against the Receiver, Mintz Levin, WSL or ESBA arising out of or in connection with the performance of their respective duties and obligations pursuant to the Final Judgment or any prior Orders entered by the Court in this action;

   (d)  Authorizing the Receiver convey the stock or those certain assets described hereinbelow of BBFS, together with its corporate books and records, back to the Colons, provided that neither BBFS nor John Colon or Julie Fabrizio-Colon

(collectively, the "Colons") shall hold in any of their own names or have any rights or interests in or to any of the assets or property currently in the possession, custody or control of the Receiver or his professionals, except those books and records necessary to complete the dissolution and winding down of BBFS;

   (e) Authorizing the Receiver to transfer any and all funds that were held in that certain Uniform Transfers to Minors Act ("UTMA") account number 41073460 in the name of "Taylor Marie Colon" at Century Bank (the "UTMA Account") to the Federal Trade Commission (the "FTC") if the Colons do not comply with each of their obligations concerning the UTMA Account as set forth at Section VI.C of the Final Judgment within five (5) business days of the entry of this Order;

   (f) Directing the Colons, jointly and severally, to take all measures necessary and appropriate to dissolve, wind down and terminate BBFS and its subsidiaries and affiliates, including, but not limited to, requiring the Colons to resolve, pay, settle and/or compromise, fully and finally, any and all pending, outstanding or past due federal, state or local tax obligations of BBFS, including, but not limited to any and all fines, penalties, assessments, impositions or other fees or costs related thereto;

   (g) Authorizing the Receiver to transfer all of the funds, cash or other assets or property currently in the possession, custody or control of the Receiver, located in one or more segregated Receivership trust accounts (the "Receivership Cash"), to a non-interest bearing trust account, and further authorizing the Receiver to terminate and discontinue the federal tax identification number that the Receiver has established for the purpose of marshaling and securing the Receivership Cash;

(h) Authorizing and directing the Receiver and the professionals he has engaged to take such other and further actions as, in the Receiver's reasonable judgment and discretion, may be necessary and appropriate to terminate promptly the Receivership, including, but not limited to, the following: (i) setting aside and holding back a reasonable reserve fund, pursuant to Section X.C of the Final Judgment in the amount of $5,000.00 to compensate the Receiver and his professionals, without the necessity of having to make any additional fee applications to the Court (the "Reserve Fund"), for any other and further professional services they may have to render and expenses they may incur in connection with the completion of their duties and obligations as set forth in this application, the Final Judgment or any prior Orders entered by the Court in this action; and (ii) transferring to the FTC or its designee for consumer redress all of the books, records, funds and other property or assets of BBFS, except those books, records, funds and other property or assets of BBFS to be conveyed to the Colons pursuant to this application, including, but not limited to, any portion of the Reserve Fund which is not applied to pay for professional services or expenses of the Receiver or his professionals or which are not otherwise designated by the Receiver to be applied in a particular manner or for a particular purpose; and

(i) Granting such other and further relief as to this Court appears just and proper; and

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Section X.A of the Final Judgment, any objections to paying any assets of BBFS to satisfy the costs and expenses of the Receiver and the professionals he has engaged, must be submitted to the

Court and served by mail upon the Receiver and the parties within thirty (30) days of the mailing of the Receiver's Final Report; and

**PLEASE TAKE FURTHER NOTICE** that, service of a copy of this application by electronic filing and regular, first class United States Postal Service upon the parties herein and upon all known creditors of BBFS shall constitute sufficient service of this joint application pursuant to the rules of this court and Section X.A of the Final Judgment.

Dated: Boston, Massachusetts
         February 24, 2006

        Respectfully submitted,

        MINTZ LEVIN COHN FERRIS
        GLOVSKY & POPEO, P.C.


        By:     /s/  Breton Leone-Quick
                Breton Leone-Quick BB0# 655571
        One Financial Center
        Boston, Massachusetts  02111
        (617) 542-6000

        Peter B. Zlotnick (*Pro Hac Vice*)
        Seth R. Goldman (*Pro Hac Vice*)
        Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.
        The Chrysler Center
        666 Third Avenue
        New York, New York  10017
        (212) 935-3000)

        *Attorneys for Hernan Serrano, Jr.,*
        *As Receiver of Better Budget Financial Services,*
        *Inc. et al.*

TO:

FEDERAL TRADE COMMISSION
Carole Paynter (CP-3091)
Elvia Gastelo (EG-0865)
One Bowling Green, Suite 318
New York, New York  10004

*Attorneys for Plaintiff*


JOHN COLON AND JULIE FABRIZIO-COLON,
INDIVIDUALLY AND ON BEHALF OF BETTER
BUDGE FINANCIAL SERVICES, INC.
405R Elliott Street
Beverly, Massachusetts  01915

*Defendants Pro Se*