UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BETTER BUDGET FINANCIAL SERVICES, INC.,<br>JOHN COLON, JR., and JULIE FABRIZIO-COLON,<br><br>Defendants. | Civ. No. 04-12326 (WGY) |

**MOTION OF CUMMINGS PROPERTIES, LLC TO FILE LATE ITS LIMITED OBJECTION TO FINAL REPORT OF HERNAN SERRANO, JR., THE RECEIVER OF BETTER BUDGET FINANCIAL SERVICES, INC.**

Cummings Properties, LLC ("CPL"), a creditor of Better Budget Financial Services, Inc. ("BBFS"), respectfully moves that this Court accept its late-filed limited objection to the Final Report of Hernan Serrano, Jr., the Receiver of BBFS ("Final Report"). A hearing on the Receiver's Joint Fee Application is scheduled for March 29, 2006.

As grounds therefor, CPL states that the Receiver's notice of the Final Report included a requirement that objections be served upon the Receiver and the parties within 30 days of the mailing of the Final Report.[1] Given that the Final Report was filed and served on February 8, 2006, CPL understands that the Receiver's deadline to receive objections expired on or about March 10, 2006.

CPL acknowledges that its proposed objection is late, and asks this Court to exercise its discretion to accept its objection despite this error. CPL's in-house litigation attorney who was primarily responsible for this matter left the company after the Final Report was filed but before the

---

[1] "[A]ny objections to paying any assets of BBFS to satisfy the costs and expenses of the Receiver and the professionals he has engaged, as well as the monetary judgment of the Federal Trade Commission, must be submitted to the Court and served by mail upon the Receiver and the parties within thirty (30) days of the mailing of the Receiver's Final Report." Notice of Final Report, at 4.

deadline for objections, and has not yet been replaced. As a result, the capabilities and resources of CPL's small legal department have been stretched to cover an inordinately high number of potential trials and other litigation matters, and the deadline for this objection unfortunately went unnoticed.

Allowance of this motion will benefit the Court in its oversight of this receivership, which as an equitable proceeding is designed to secure a fair and proportional distribution of available assets. As shown in its objection, CPL's claims have merit and were expressly reserved in the parties' Stipulation and Settlement Agreement, which the Court entered on February 1, 2005.

Perhaps most importantly, however, in their most recent submissions to the Court, the Receiver and the FTC spend considerable time discussing their interactions with CPL and the nature of CPL's claims. *See, e.g.*, Receiver's Reply to the Opposition by the FTC to the Receiver's Joint Application for an Order Authorizing The Payment of Fees and Reimbursement of Expenses, at 9-15 (currently pending) ("Receiver's Reply"); Plaintiff's Opposition to the Joint Application of the Receiver and his Professionals for an Order Authorizing the Payment of Compensation and Reimbursement of Expenses, at 4-5; Final Report, at 5-7. Indeed, but for the Receiver's incorrect assertion that CPL's claims have been fully mitigated, the Receiver acknowledges that CPL's claims should properly be before this court. *See* Receiver's Reply, at 13-15. There would be no prejudice to the Receiver or the FTC in allowing CPL to file its objection late.

Date:   March 22, 2006

By its attorney,

/s/ Susan F. Brand
Susan F. Brand, BBO# 054100
200 West Cummings Park
Woburn, MA  01801
(781) 935-8000

M:\LEGAL\BLUMBERG\!MOTLATEFILEOBJBBFS.DOC

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand* on 3/22/06

*electronic means