# EXHIBIT A

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BETTER BUDGET FINANCIAL SERVICES, INC., )<br>JOHN COLON, JR., and JULIE FABRIZIO-COLON, )<br>)<br>Defendants. )<br>) | Civ. No. 04-12326 (WGY) |

**STIPULATION AND SETTLEMENT AGREEMENT**

WHEREAS, on November 2, 2004, the Federal Trade Commission ("the FTC") filed a complaint against the defendants in the above-captioned action, alleging violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and seeking the imposition of an Ex Parte Temporary Restraining Order with Asset Freeze, Appointment of Receiver, Immediate Access to Defendants' Business Premises, Expedited Discovery, and Order to Show Cause Why a Preliminary Injunction Should not Issue ("TRO").

WHEREAS, on November 3, 2004, the Court granted the FTC's motion for a TRO, which TRO was subsequently modified by stipulation of the parties and order of the Court and has been extended until the trial date.

WHEREAS, Cummings Properties, LLC ("CPL") has moved to intervene in this action, pursuant to Federal Rule of Civil Procedure 24(a)(the "Motion to Intervene"), seeking, *inter alia*, an adjudication that CPL should not be compelled, pursuant to the TRO, to turn over security deposits, held by CPL in its capacity as landlord, to the court-appointed temporary receiver, Hernan Serrano, Jr., in connection with two leases between CPL and the defendants for Suites

152-R and 260-T at 800 Cummings Center, Beverly Massachusetts 01915 (collectively "the premises").

WHEREAS, the temporary receiver and the FTC have taken the position that the security deposits are part of the receivership estate.

WHEREAS, CPL, the temporary receiver and the FTC dispute whether certain property at Suite 260-T constitutes leasehold improvements and is the property of CPL.

WHEREAS, the temporary receiver, the FTC, and CPL ("the parties") desire the following: (a) to fully and finally settle their disputes regarding such security deposits and the disposition of the property in the premises; (b) to discontinue and withdraw the Motion to Intervene on consent; (c) to provide for the payment of administrative rent by the temporary receiver to CPL; and (d) to sell and convey certain personal property to Sensitech Inc. ("Sensitech").

NOW, THEREFORE, in consideration of the parties' and Sensitech's mutual promises and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties and Sensitech agree as follows:

1. The FTC and temporary receiver will relinquish any and all claims, rights and interest in the security deposits presently held by CPL under the leases, in the total amount of $42,500.

2. CPL will retain, and the temporary receiver and the FTC waive any claims, rights and interest in, all telephone equipment (including handsets) at the premises and the workstations at Suite 152-R (only). CPL waives any claims of ownership in the workstations at Suite 260-T.

3. In consideration for the sum of Sixty Thousand Dollars and 00/100 ($60,000.00) and pursuant to Section XVI of the TRO and the accompanying bill of sale, which is annexed

2

hereto as Exhibit A (the "Bill of Sale"), the temporary receiver will sell, convey and transfer to Sensitech all personal property located in Suite 260-T, which is set forth on Schedule A to the Bill of Sale, (except for the telephone equipment which is expressly excluded from the sale) and will pay CPL eight percent of the proceeds from such sale. Sensitech shall take all such property in "as is" and "where is" condition and expressly acknowledges and agrees that, unless expressly stated to the contrary herein, none of the property shall be subject to any warranties or representations on the part of any of the parties hereto, including but not limited to any warranties of merchantability or fitness for a particular purpose. The temporary receiver acknowledges that, to the best of his knowledge and understanding, except as set forth in this Stipulation and Settlement Agreement, none of the property is subject to any liens or encumbrances, however, Sensitech has had a reasonable opportunity to conduct its own investigation and due diligence of the facts and circumstances concerning the property and, by executing this Agreement, has satisfied itself that the property is sufficiently free and clear of any such liens and encumbrances, including but not limited to any equipment leases, and is not relying on any representations of any of the parties, including but not limited to the temporary receiver.

4. In consideration for the sum of Five thousand Dollars and 00/100 ($5,000.00) and pursuant to Section XVI of the TRO and the Bill of Sale, the temporary receiver will sell, convey and transfer to Sensitech certain personal property located in Suite 152-R (except for the telephone equipment and workstations which are expressly excluded from the sale), which is set forth on Schedule B to the Bill of Sale and will pay CPL eight percent of the proceeds from such sale. Sensitech shall take all such property in "as is" and "where is" condition and expressly acknowledges and agrees that, unless expressly stated to the contrary herein, none of the property

3

shall be subject to any warranties or representations on the part of any of the parties hereto, including but not limited to any warranties of merchantability or fitness for a particular purpose. The temporary receiver acknowledges that, except as set forth in this Stipulation and Settlement Agreement, to the best of his knowledge and understanding, none of the property is subject to any liens or encumbrances, however, Sensitech has had a reasonable opportunity to conduct its own investigation and due diligence of the facts and circumstances concerning the property and, by executing this Agreement, has satisfied itself that the property is sufficiently free and clear of any such liens and encumbrances, including but not limited to any equipment leases, and is not relying on any representations of any of the parties, including but not limited to the temporary receiver.

5.    The temporary receiver will pay CPL administrative expenses, which shall include all rents and other charges due under the leases, from November 1, 2004 through January 22, 2005, at the per diem rate of $723.40 or in the aggregate amount of $60,042.20, as administrative rent.

6.    The temporary receiver shall pay all amounts due under Paragraphs 3, 4 and 5 above to CPL within four business days after approval of this Stipulation and Settlement Agreement by the Court.

7.    Unless otherwise agreed to by the parties, the temporary receiver will vacate the premises on or before January 27, 2005. The leases will terminate as of January 27, 2005, except CPL retains any and all claims it may have for unpaid rent and other charges under the leases prior to November 2, 2004 and after January 22, 2005.

8.    CPL retains whatever status it may have and any and all claims, rights and interests it may have, either as a secured creditor or otherwise, as the Court may ultimately

4

determine, in the defendants' property at the premises, and such claims, rights and interest shall attach to the proceeds of the sale to Sensitech. CPL hereby expressly approves of the sale, transfer and conveyance of all of the property described in Schedules A and B attached to the accompanying Bill of Sale to Sensitech and approves the proceeds being paid by Sensitech to the temporary receiver in accordance with the terms of this Settlement Agreement.

9.   Upon full performance of the obligations set forth in this Stipulation and Settlement Agreement, and except as otherwise provided herein, CPL releases and remises the temporary receiver and his agents, employees and legal representatives, whether acting in their business, representative or individual capacities, from any and all liabilities, claims, demands, debts, suits, controversies, obligations, damages or causes of action of any nature or kind whatsoever, both in law and in equity, arising out of the subject of this action, from the beginning of time to the present date.

10.   Upon full performance of the obligations set forth in this Stipulation and Settlement Agreement, and except as otherwise provided herein, the temporary receiver hereby releases and remises CPL and its officers, directors, trustees, agents, heirs, employees and legal representatives, whether acting in their business, representative or individual capacities, successors and assigns, from any and all liabilities, claims, demands, debts, suits, controversies, obligations, damages or causes of action of any nature or kind whatsoever, both in law and in equity, arising out of the subject of this action, from the beginning of time to the present date.

11.   The parties to this Stipulation and Settlement Agreement hereby assent and agree that, upon approval by the Court, Motion to Intervene shall be and the same hereby is discontinued and withdrawn with prejudice.

12. This Stipulation and Settlement Agreement may be executed in counterparts and, for purposes of this Agreement, a facsimile signature shall be deemed an original, provided that an original is substituted in its place within four (4) business days after delivery of the facsimile copy.

Dated: January 26, 2005

                    Respectfully submitted,

                    HERNAN SERRANO, JR.

                    By his attorneys,

                    Suzanne Renaud (BBO# 655558)
                    Breton Leone-Quick (BBO #655571)
                    MINTZ LEVIN COHN HERRIS
                    GLOVSKY & POPEO, P.C.
                    One Financial Center
                    Boston, MA 02111
                    (617) 542-6000

                    Peter B. Zlotnick (*pro hac vice*) /by SR
                    MINTZ LEVIN COHN HERRIS
                    GLOVSKY & POPEO, P.C.
                    The Chrysler Center
                    666 Third Avenue, 25th Floor
                    New York , NY 10017
                    (212) 935-3000

                    FEDERAL TRADE COMMISSION
                    By its attorneys,

                    /s/
                    Carole A. Paynter
                    Elvia P. Gastello
                    Federal Trade Commission
                    One Bowling Green, S. 318
                    New York, New York 10004
                    (212) 607-2813

CUMMINGS PROPERTIES, LLC

By its attorney,

_____
Susan F. Brand, BBO# 054100
200 West Cummings Park
Woburn, MA 01801
(781) 935-8000

SENSITECH, INC.

By its attorneys,

_____
Brian T. Moore, BBO#
Day, Berry & Howard LLP
260 Franklin Street
Boston, MA 02110
(617) 345-4664

SO ORDERED this ___ day of January 2005

_____
William G. Young, U.S.D.J.

NYC 312289v1

7

Case 1:04-cv-12326-WGY    Document 84    Filed 03/24/2006    Page 10 of 16

Case 1:04-cv-12326-WGY    Document 49    Filed 01/28/2005    Page 8 of 12

CUMMINGS PROPERTIES, LLC

By its attorney,

_____
Susan F. Brand, BBO# 054100
200 West Cummings Park
Woburn, MA 01801
(781) 935-8000

SENSITECH, INC.

By its attorneys,

_____
Bryan T. Moore, BBO# 643657
Day, Berry & Howard LLP
260 Franklin Street
Boston, MA 02110
(617) 345-4664

SO ORDERED this ___ day of January 2005

_____
William G. Young, U.S.D.J.

NYC 312289v1

7

# BILL OF SALE

THIS BILL OF SALE (this "Agreement") effective as of January ___, 2005, by and between Sensitech Inc., a Delaware corporation (the "Company") and Hernan Serrano, Jr., in his capacity as the court appointed temporary receiver (the "Receiver") in the case of Federal Trade Commission v. Better Budget Financial Services, Inc., John Colon, Jr. and Julie Fabrizio-Colon, Civ. No. 04-12326 (WGY)(Mass. Dist. Ct. 2004). For purposes of this Agreement, Better Budget Financial Services, Inc. is referred to herein as "BBFS."

## WITNESSETH:

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, both the Company and the Receiver hereby agree as follows:

1. This Agreement is given pursuant to that certain Stipulation and Settlement Agreement dated as of January ___, 2005, by and among the Receiver, the Federal Trade Commission, Cummings Properties, LLC and the Company, and approved by the United States District Court for the District of Massachusetts on January ___, 2005 (the "Settlement Agreement").

2. Receiver hereby sells, transfers, assigns and conveys to the Company: (a) all right, title and interest in and to all tangible personal property of BBFS located in Suite 260-T at 800 Cummings Center, Beverly, Massachusetts 01915, excluding all telephone equipment, and as more particularly described in Schedule A attached hereto and made a part hereof (the "260-T Property") and (a) all right, title and interest in and to all tangible personal property of BBFS located in Suite 152-R at 800 Cummings Center, Beverly, Massachusetts 01915, excluding all telephone equipment and workstations, and as more particularly described in Schedule B attached hereto and made a part hereof (the "152-R Property" and, together with the 260-T Property, the "Assets").

3. Receiver hereby represents and warrants to the Company that the Receiver has the full right, power and authority to sell the Assets and to make and execute this Agreement. It is the intention of the Receiver to assign, transfer and convey irrevocably the absolute right, title and interest in and to the Assets and the Company does hereby purchase, acquire and accept the Assets for its own use and behalf forever.

4. Receiver hereby grants, bargains, sells, conveys, transfers and delivers the Assets in their "as is" condition, and makes no representations or warranties, express or implied, as to merchantability or fitness for a particular purpose or any other warranty of any kind.

5. The provisions hereof shall be binding upon and inure to the benefit of the Receiver and the Company and their respective successors and assigns.

6. This Agreement shall, in all respects, be governed, construed, applied, and enforced in accordance with the laws of the Commonwealth of Massachusetts, without giving effect

to the conflict of law principles thereof. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have executed this Bill of Sale and as of the date first above written.

**RECEIVER:**

_____
Hernan Serrano, Jr., in his capacity as the court appointed temporary receiver in the above referenced action

**COMPANY:**

SENSITECH INC.

By:_____
    Name:
    Title:

## Schedule A

All of the personal property located in 800 Cummings Center, Suite 260-T, Beverly, MA, including, but not limited to the following:

Free Standing Desks
Chairs
High Back Chairs
Four Draw File Cabinets
Two Draw File Cabinets
Folding Table
Misc. Office Supplies
Copiers
Scanners
Printers
Projector
Desk Top Computers
Facsimile Machines
Television
Misc. Video Equipment
Computer Servers
Conference Tables
Wall Hangings
Lamps
Credenzas
Water Cooler
Refrigerator
Workstations

Except as agreed to herein and in the accompanying Stipulation and Settlement Agreement, Section 27 of the Commercial Lease entered into between CPL and Better Budget Financial Services, Inc., dated May 16, 2002, as amended, shall remain in full force and effect and nothing set forth herein shall be construed to alter or affect CPL's rights, title or interest in or to the property or fixtures recited therein.

## Schedule B

All of the personal property located in 800 Cummings Center, Suite 152-R, Beverly, MA, including, but not limited to the following:

Free Standing Desks
Chairs
High Back Chairs
Four Draw File Cabinets
Two Draw File Cabinets
Folding Tables
Folding Chairs
Bookcases
Misc. Office Supplies
Copiers
Scanners
Printers
Television
Projector
Desk Top Computers
Misc. Video Equipment
Facsimile Machines
Computer Servers
Conference Tables
Sofa
Wall Hangings
Lamps
Credenzas
Water Cooler
Refrigerator

Except as agreed to herein and in the accompanying Stipulation and Settlement Agreement, Section 27 of the Commercial Lease entered into between CPL and Termidebt, Inc., the predecessor-in-interest to Better Budget Financial Services, Inc.("BBFS"), dated March 29, 2004, as assigned to BBFS, shall remain in full force and effect and nothing set forth herein shall be construed to alter or affect CPL's rights, title or interest in or to the property or fixtures recited therein.

# EXHIBIT C



UNITED STATES OF AMERICA
# FEDERAL TRADE COMMISSION
NORTHEAST REGION

1 Bowling Green, Suite 318
New York, NY 10004

Barbara Anthony
Regional Director

December 19, 2005

**VIA FACSIMILE**
Paul Escobar, Esq.
Cummings Properties
200 West Cummings Park
Woburn, MA. 01801

Re: FTC v. Better Budget Financial Services
    04-12326 (WGY)

Dear Mr. Escobar,

I write as a follow-up to a voicemail message that I left for you earlier today, responding to your voicemail message of this past Friday regarding Cummings Properties' ("Cummings") claim in the above matter. I understand that you will be preparing Cummings' purported claim for monies owed and I wanted to reiterate what I told Susan Brand a few weeks ago about this issue to ensure that Cummings is clear on the status of the claims process.

As you know, this case was filed to obtain redress for losses that consumers suffered because of Better Budget Financial Services' alleged deceptive conduct. The March 2005 Permanent Injunction order entered in this case provides for a redress process to consider the claims of consumers and not any claims of purported creditors of the defendants. Thus, please be advised that the FTC will not be conducting a claims process nor will otherwise consider any monetary claim that Cummings believes it may still have here.

Please feel free to call me at 212-607-2813 if you have any questions about the above.

Very truly yours,

*Carole A. Paynter*

Carole A. Paynter
Senior Attorney