UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
:
FEDERAL TRADE COMMISSION,                        :
:
                Plaintiff,                      :
:
   -against-                                       :   **CIVIL ACTION NO.:**
                                                    :   04-12326 (WGY)
BETTER BUDGET FINANCIAL                          :
SERVICES, INC., JOHN COLON, JR., and             :
JULIE FABRIZIO-COLON,                            :
:
                Defendants.                     :
:
------------------------------------------------------------x

**RECEIVER'S MOTION FOR RECONSIDERATION OF**
**THIS COURT'S ELECTRONIC ORDER DATED MARCH 24, 2006**

      Hernan Serrano, Jr. (the "Receiver"), the Court-appointed Receiver of defendant Better Budget Financial Services, Inc., its subsidiaries and affiliates ("BBFS"), together with the professionals he has engaged, Mintz Levin Cohn Ferris Glovsky & Popeo, P.C. ("Mintz Levin"), Weinick Sanders Leventhal & Co. ("WSL") and Executive Sounding Board Associates, Inc. ("ESBA"), respectfully submits this Motion for Reconsideration of this Court's Electronic Order, dated March 23, 2006 that allowed the Motion of Cummings Properties, LLC to File Late its Limited Objection to Final Report of Hernan Serrano, Jr., the Receiver of Better Budget Financial Services, Inc.

      On March 24, 2006, pursuant to Local Rule 7.1(A)(2), counsel for the Receiver contacted counsel for Cummings to discuss the filing of this Motion, and to inquire about the exact nature of Cummings' Objection. During the course of that telephonic conference, counsel for Cummings represented that Cummings was not objecting to the

1

payment sought by the Receiver, but was rather asserting its own separate claim against the estate that remains after payment to the Receiver and his professionals has been made.

Given that the purpose of Cummings' Objection is not to contest the Receiver's Joint Application, but is rather to assert its own independent and wholly unrelated claim, the Receiver requests that this Court clarify its March 24, 2006 Order by ordering that Cummings' Objection is allowed only to the extent that Cummings may assert that it has its own claim, separate from the claims of the consumers injured by the defendants, however, Cummings may not interpose a claim for the purposes of contesting the payment sought by the Receiver and his professionals in their Joint Application.

In further support of its position that the Cummings Motion should not be allowed for purposes of contesting the Joint Application, the Receiver states as follows:

*First*, the Motion should be denied outright anyway because Cummings failed to comply with Local Rule 7.1(A)(2), which requires it to confer with the other parties in an attempt to resolve or narrow the issues prior to filing any motion.

*Second*, Cummings concedes that its untimely submission is due to nothing more than the fact that the deadline "went unnoticed." Motion at 2. Moreover, Cummings did not miss the deadline by just a few days, it missed the deadline by almost *two weeks*. In fact, its Objection not only came well after the deadline for timely objections, but also after the Receiver prepared and filed a reply to the FTC's objections. Cummings' Objection also came just one week prior to the March 29, 2006 scheduled hearing on this matter. Allowing such a late objection for the purposes of contesting the Receiver's Joint

2

Application, after the timely objections have been fully briefed, and in such close proximity to the hearing, prejudices both the Receiver and the FTC.

*Third*, Cummings' Opposition is not only irrelevant to the Receiver's Joint Application, but it seeks relief specifically barred by this Court's March 11, 2005 Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief Against All Defendants (the "March Order"). The substance of Cummings' Objection is not that the fees sought by the Receiver are somehow not warranted, but rather that Cummings should be afforded some sort of process where it can seek payment from the estate on its allegedly secured claim.

But the March Order clearly limits use of the estate's proceeds to payments to the receiver, Order at § IX, and distributions by the FTC to *consumers*, but not creditors, harmed by the defendants. Order at § VI.G & H. The March Order does not provide for any type of claim process for potential creditors to the estate, which is what Cummings seeks. But despite the clear language in the March Order, which Cummings received even prior to the "departure" of its litigation counsel, Cummings did not object to or move this Court to reconsider its Order. In fact, over nine months later, when Cummings apparently contacted the FTC with respect to Cummings' alleged claim, the FTC reminded Cummings that the plain language of the March Order did not allow the FTC to make any payments from the estate to creditors. See Exhibit C to Cummings' Proposed Objection. Despite this clear refutation of any claim Cummings may have had, Cummings still did not seek any type of redress from the Court for the claims process it somehow believes it is entitled to as an alleged creditor of the defendants.

But even if Cummings were somehow entitled to submit its alleged claim to the FTC for payment, that claim is wholly subordinated to and unrelated to the Receiver's claim for its fees. Any arguments that Cummings is entitled to any type of payment from the estate, therefore, are (a) contrary to the plain language of the March Order, which does not allow for distributions to creditors, and which Cummings has never objected to, (b) fatally stale, and (c) not properly asserted as an objection to the Receiver's Joint Application.

For all of the above-stated reasons, the Receiver respectfully requests that the Court clarify its March 24, 2006 Order by ordering that Cummings' Objection is allowed only for the purposes of pursuing its own separate claim against the estate after the Receiver and his professionals have received their payment.

Dated: March 24, 2006

        Respectfully submitted,

        MINTZ LEVIN COHN FERRIS
        GLOVSKY & POPEO, P.C.


        By:   /s/ Breton Leone-Quick
            Bret Leone-Quick BB0# 655571
        One Financial Center
        Boston, Massachusetts 02111
        (617) 542-6000

        Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.
        Peter B. Zlotnick (*Pro Hac Vice*)
        Seth R. Goldman (*Pro Hac Vice*)
        666 Third Avenue
        New York, New York 10017
        (212) 935-3000

        *Attorneys for Hernan Serrano, Jr.,*
        *As Receiver of Better Budget Financial Services,*
        *Inc. et al.*

## Local Rule 7.1(A)(2) Certification

The above-signed counsel hereby certifies that, pursuant to Local Rule 7.1(A)(2) counsel for the Receiver, as set forth above, has conferred in good faith with counsel for Cummings in an effort to resolve or narrow the issues.

## Certificate of Service

I, Breton Leone-Quick, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 24, 2006.

  /s/  Breton Leone-Quick                                             Dated:  March 24, 2006