UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>BETTER BUDGET FINANCIAL SERVICES, INC.,<br>JOHN COLON, JR., and JULIE FABRIZIO-COLON,<br><br>    Defendants. | Civ. No. 04-CV-12326 (WGY)<br><br>FEDERAL TRADE COMMISSION'S OPPOSITION TO CUMMINS PROPERTIES, LLC'S LIMITED OBJECTION TO FINAL REPORT OF HERNAN SERRANO, JR., THE RECEIVER OF BETTER BUDGET FINANCIAL SERVICES, INC. |

The Federal Trade Commission ("FTC" or "Commission") hereby submits this opposition to the limited objection to final report of Hernan Serrano, Jr., the receiver of Better Budget Financial Services, Inc., submitted by Cummins Properties, LLC ("Cummins").

Cummins' objection to the receiver's final report seeks relief specifically barred by this Court's March 11, 2005 Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief Against All Defendants (the "March Order"). The March Order limits use of the estate's proceeds to payments to the receiver, Order at IX, and distributions by the FTC to consumers harmed by the defendants. Order at Sections VI.G and H. The March Order does not provide for any type of claim process for potential creditors to the estate, which is what Cummins now seeks. The FTC reminded Cummins in December 2005

that the plain language of the March Order did not allow the FTC to make any payments from the estate to creditors.  See Exhibit C to Cummins' objection.

Moreover, in the Stipulation and Settlement Agreement ("Stipulation"), attached to Cummins' objection as Exhibit B, Cummins specifically agreed to "discontinue and withdraw [its] Motion to Intervene on consent" and agreed that the "Motion to Intervene shall be and the same hereby is discontinued and withdrawn with prejudice."  See Stipulation at pp. 2, 5.  By withdrawing its Motion to Intervene with prejudice, Cummins gave up any ability to satisfy any claims it might have in this proceeding.  Furthermore, for Cummins to come now twelve months after the March Order was entered and three months after the FTC again told Cummins that its claims would not be satisfied in this proceeding, is grossly prejudicial, inefficient and should not be rewarded by this Court.  Accordingly, Cummins objection should be denied.

Date: March 27, 2006

          Respectfully submitted,

          s/Thomas A. Cohn.
          Thomas A. Cohn (BBO 546083)
          Theodore Zang Jr. (TZ 9450)
          Attorneys for Plaintiff
          Federal Trade Commission
          One Bowling Green, Suite 318
          New York, New York 10004
          212-607-2808

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true copy of the foregoing was furnished this 27th day of March by electronic mail and first class mail to the following:

Peter B. Zlotnick
Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.
The Chrysler Center
666 Third Avenue
New York, NY 10017

Susan F. Brand
Cummins Properties
200 West Cummings Park
Woburn, MA 01801

John Colon, Jr. (Individually and on behalf of Better Budget Financial Services)
190 Jenness Street
Lynn, MA 01904 (first class mail only)

Julie Fabrizion-Colon
405-R Elliot Street
Beverly, MA 01915 (first class mail only)

s/Thomas A. Cohn.                          Dated: March 27, 2006