UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>BETTER BUDGET FINANCIAL SERVICES, INC.,<br>JOHN COLON, JR., and JULIE FABRIZIO-COLON,<br><br>    Defendants. | Civ. No. 04-CV-12326 (WGY)<br><br>FEDERAL TRADE COMMISSION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR CLARIFICATION OF THE COURT'S MARCH 30, 2006 ORDER. |

The Federal Trade Commission ("FTC") hereby submits this Memorandum in support of its Motion for Clarification of the Court's March 30, 2006 Order.

The Order entered by the Court provides:

> After a hearing on the Fee Application by the Receiver, the Court GRANTS the Application and awards the Receiver fees in the amount of $500,000.

This written order mirrored the Court's oral ruling on March 29, 2006, that "the total amount of fees shall not exceed $500,000." Transcript at p. 31, excerpts from the Transcript are attached as Exhibit 1.

The FTC understood that in capping the total amount of fees that the Receiver and his professionals can receive, the Order *includes* within that cap all fees and expenses. This conclusion is supported by the language contained in both the interim and final proposed compensation orders that the Receiver's counsel submitted to the Court, wherein the

Page 1 of 6

Receiver sought compensation for "fees for professional services" and "actual out-of-pocket expenses. . .totaling the aggregate amount" of the Receiver's application, which the Receiver defined as the "Fee Amount." This understanding also was consistent with the concept advanced by the FTC both in its Opposition and at oral argument, that the Court had to consider the *entire* amount of reimbursement paid to the Receiver and his professionals in the context of the assets of the Estate and the available cash of the Estate. *See* Opposition at 3-4, citing *Finn v. Childs Co.*, 181 F.2d 431, 435-36 (2d Cir. 1950). The FTC's concern regarding the *entire* amount of reimbursement paid to the Receiver arises from the FTC's reason for bringing this action and seeking the appointment of a receiver –maximizing the funds available for consumer redress.

    The Receiver, however, views the matter differently and has informed the FTC that, in his view, the cap imposed by the Court applies only to professional fees and not expenses. Thus, the Receiver maintains that he and his counsel are entitled to $500,000 of the $525,000 that they have sought in fees, plus an additional $78,964 for expenses.

    According to the ledger that the Receiver supplied with his final report, the Receiver marshaled $994,539 into the Estate, of which $536,552 remains. In his interim Fee Application dated March 1, 2005, the Receiver sought and the Court awarded a Fee Amount of $300,740, which consisted of $240,854 in professional service reimbursement and $59,996 in expense reimbursement. If the Court applies the cap only to professional fees, the Receiver and his professionals would have consumed fifty-eight percent ($578,964) of the Estate they were entrusted to preserve, and their final payment award would withdraw fifty-

one percent ($278,224) of the Estate's remaining cash, leaving only approximately twenty-five percent ($258,328) of the total Estate for redress to consumers victimized by the defendants' scam.

The FTC commenced this proceeding to protect consumers, and sought appointment of a receiver so as to preserve as much of BBFS's assets as possible for consumer redress. The focus should not be on how the Receiver and his professionals account for the money that they receive, but rather on how much money is left in the Estate for consumer redress. Applying the cap to the total "fee amount" (as defined by the Receiver) means an additional fifteen percent of the Estate's remaining cash ($78,964) is available for consumer redress, and still leaves the Receiver and his professionals with receiving approximately fifty percent of the Estate.

The following charts summarize the numbers at issue and the parties' respective positions:

**COMPENSATION SOUGHT BY RECEIVER**

|  | Interim Fee Application/Award | Final Fee Application | Total Amount Sought |
|---|---|---|---|
| Professional Services | $240,854 | $284,282 | $525,136 |
| Expenses | $59,886 | $19,078 | $78,964 |
| Fee Amount | $300,740 | $303,360 | $604,900 |

**THE DIFFERENCE BETWEEN THE PARTIES' VIEWS**

|  | If the Cap applies only to Professional Services | If the Cap applies to total Fee Amount |
|---|---|---|
| Receiver and Professionals Receive from Remaining Cash in the Estate | $278,224 | $199,260 |
| Receiver and Professionals Receive Total Compensation | $578,964 | $500,000 |
| Cash remaining for redress/claims | $258,328 | $337,292 |

### Conclusion

For the reasons set forth above, the FTC asks that the Court clarify its March 30, 2006 Order and make clear that the cap of $500,000 applies to the total reimbursement sought by the Receiver and his professionals.

Date: April 7, 2006

Respectfully submitted,

s/Thomas A. Cohn.
Thomas A. Cohn (BBO 546083)
Leonard L. Gordon (LG 7074)
Theodore Zang Jr. (TZ 9450)
Attorneys for Plaintiff
Federal Trade Commission
One Bowling Green, Suite 318
New York, New York 10004
212-607-2808

### LOCAL RULE 7.1 STATEMENT

Pursuant to Local Rule 7.1, I hereby certify that counsel for the FTC conferred with counsel for the Receiver concerning the dispute that is the subject of the instant motion. The parties, however, were unable to resolve their different readings of the Court's March 30, 2005 Order.

_____
Thomas A. Cohn

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished this 7th day of April by electronic mail and first class mail to the following:

Peter B. Zlotnick
Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.
The Chrysler Center
666 Third Avenue
New York, NY 10017

Susan F. Brand
Cummins Properties
200 West Cummings Park
Woburn, MA 01801

John Colon, Jr. (Individually and on behalf of Better Budget Financial Services)
190 Jenness Street
Lynn, MA 01904 (first class mail only)

Julie Fabrizion-Colon
405-R Elliot Street
Beverly, MA 01915 (first class mail only)

s/Thomas A. Cohn.                                   Dated: April 7, 2006